FILED
SALINE COUNTY
CIRCUIT CLERK
2019 SEP 10 PM 3: 23

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

SUTTER & GILLHAM, PLLC

PLAINTIFF

V.                          CASE NO. 63CV-19-1060-2

DAVID WESTBROOK                                    DEFENDANTS

## COMPLAINT

COME NOW Plaintiff, by and through undersigned counsel and, for its cause of action against Defendant:

## PARTIES

1. Plaintiff is a citizen of the Saline County Arkansas, who brought suit on behalf of the Defendant against two of the Defendant's former employers. Defendant now apparently believes that Plaintiff breached its fiduciary duty to the Defendant. Plaintiff did not breach its fiduciary duty to the Defendant, so Plaintiff now seeks Declaratory Judgment that Plaintiff did not breach its fiduciary duty to the Defendant. Since Plaintiff's principal place of business is in this County, venue is proper. This Court has jurisdiction over the parties and subject-matter.

2. Plaintiff filed the lawsuits attached hereto as Exhibits A and B on behalf of the Defendant.

3. Plaintiff advised the Defendant to settle.

4. Plaintiff's advice to settle was within the standard of care. Upon information and belief, Defendant disagrees.

5. Defendant paid the Plaintiff a reasonable fee and reimbursed costs. Upon information and belief, Defendant disagrees.

EXHIBIT
**A**

6.      Consequently, a dispute exists between the parties such that Plaintiff is entitled to Declaratory Judgment finding that Plaintiff did not breach its fiduciary duty to the Defendant, that the settlement was reasonable, and that the fees and costs were reasonable.

**WHEREFORE**, Plaintiff prays for appropriate Declaratory Relief and for all other just and proper relief to which Plaintiff is entitled.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910  Office
501-315-1916  Facsimile
Attorney for the Plaintiff

By:   */s/ Luther Oneal Sutter*
Luther Oneal Sutter, ARBN 95031
luther.sutterlaw@gmail.com

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
5th

DAVID WESTBROOK                                                                    PLAINTIFF

VS.                                     CASE NO: 35CV-15-421

SOUTH ARKANSAS BUSINESS                                                            DEFENDANT
SOLUTIONS, INC.

## COMPLAINT WITH PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES THE PLAINTIFF, by and through Counsel and for his Complaint he states:

### PARTIES AND JURISDICTIONS

1.      Plaintiff is a resident and citizen of Jefferson County, Arkansas, who worked for the Defendant in Jefferson County, Arkansas. Defendant, at all times relevant, employed more than 25 employees in the year 2013 and 2014 in an industry effecting interstate commerce. This is an action for breach of oral contract and an action for violation of COBRA. Accordingly, this court has subject matter jurisdiction. Venue is proper.

### GENERAL ALLEGATIONS OF FACTS

2.      Plaintiff was employed by the Defendant until June of 2014.

3.      Plaintiff was terminated for reasons other than gross misconduct.

4.      However, Plaintiff did not received timely and proper COBRA notice.

5.      As a result, Plaintiff has been unable to seek health care.

6.      Indeed, Defendant agreed to pay Plaintiff $250.00 (Two hundred fifty and no/100 dollars) for the use of his car.

7.      However, Defendant failed to pay Plaintiff.

8.      Consequently, Defendant has breached the contract.

### COUNT I

9.      Plaintiff re-alleges foregoing as if fully set out herein.

10.     Plaintiff was plan participate as that term is defined by ERISSA, in a welfare benefit plan.

Ex A.   Page 1 of 3

FILED IN MY OFFICE AND SUMMONS
ISSUED AT 11:05 O'CLOCK A M.
AUG 11 2015       DATE
LAFAYETTE WOODS, SR., CLERK

11.     Plaintiff's employment terminated in June of 2014.

12.     Defendant is the Plan Administrator.

13.     Defendant failed to give Plaintiff timely and proper notice of his right to COBRA coverage.

14.     Defendant's actions were will such that the maximum statutory penalty should be imposed.

15.     Plaintiff is further entitled to the benefit of the bargain, such that he is entitled to equitable relief placing the Plaintiff in the same position that he would have been had Defendant complied with COBRA.

## COUNT II

16.     Plaintiff re-alleges the foregoing as if fully set out herein.

17.     Plaintiff was employed by the Defendant at will.

18.     As part of his employment contract, Defendant agreed to compensate the Plaintiff $250.00 (Two hundred fifty and no/100 dollars) per month as compensation for Plaintiff using his car to travel to jobs on Defendant's behalf.

19.     Plaintiff has demanded that the Defendant pay, but Defendant, without legal justification, refuses.

20.     Accordingly, Plaintiff is entitled to judgment over and against the Defendant for the sum of not less than $5,000.00 (Five thousand and no/100 dollars) for breach of contract.

WHEREFORE Plaintiff prays for appropriate compensatory and punitive damages exceeding $75,000.00, for electronic discovery under Rule 26.1, for a trial by jury, for reasonable attorney's fees, for costs, and for all other proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012

Page 3 of 3

Benton, AR 72018
501-315-1910  Office
501-315-1916  Facsimile
Attorney for the Plaintiff

By:      /s/ Luther Oneal Sutter

Luther Oneal Sutter, AR Bar No. 95031
luthersutter.law@gmail.com

G:\doc\Westbrook, David C\PLD\PLD  JCCC 2015\2015-08-07  COM JCCC 2015 - Westbrook, David.doc

Page 3 of 3

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

DAVID C. WESTBROOK                                                 PLAINTIFF

VS.                      CASE NO: CV-2014-541- 2

CHAD KELLEY, Individually and in
his Official Capacity as Jefferson                                DEFENDANT
County Coroner.

### COMPLAINT WITH PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES THE PLAINTIFF, by and through Counsel and for his Complaint he states:

### PARTIES AND JURISDICTIONS

1.      Plaintiff is a resident and citizen of the State of Arkansas, who worked for the Defendant as his Chief Deputy. Defendant is the duly acting and elected Coroner for Jefferson County, Arkansas, who is sued in his official and individual capacities. Defendant is sued in his official capacity under the Arkansas Whistleblowers Protection Act (AWPA), as well as in his official and individual capacities under the Arkansas Civil Rights Act of 1993 (ACRA) for sex discrimination and retaliation. Accordingly, this court has personal jurisdiction over the parties, and venue is proper. This court has subject matter jurisdiction.

### GENERAL ALLEGATIONS OF FACTS

2.      Plaintiff is a resident and citizen of Jefferson County, Arkansas, who formerly worked with the Defendant as his Chief Deputy.

3.      The Defendant is homosexual, but Plaintiff is not.

4.      Throughout the course of his employment, Plaintiff was subjected to multiple sexual innuendos, such that a hostile work environment was created. It is against Jefferson County employment policy to condition employment upon sexual favors. Plaintiff complained and refused to engage in sexual conduct with the Defendant. Thereafter, Defendant began a calculated course of creating a hostile work environment, designed to make Plaintiff quit.

Ex B.

Page 1 of 3

FILED IN MY OFFICE AND SUMMONS
ISSUED AT 9:22 O'CLOCK AM
NOV 10 2014 DATE
LAFAYETTE WOODS, SR., CLERK

However, Plaintiff did not quit, even though a reasonable person would not have been able to survive in such an environment.

5.      Defendant made multiple sexual advances to the Plaintiff.  Indeed, defendant, unbeknownst to Plaintiff, awarded him the Chief Deputy position in order to seduce the Plaintiff. However, when Plaintiff refused, Defendant demoted Plaintiff and eventually terminated Plaintiff in September 2013.

### COUNT I

6.      Plaintiff realleges foregoing as if fully set out herein.

7.      Jefferson County employed more than nine (9) people in the State of Arkansas in 2012 and 2013.

8.      All actions were taken under color of law.

9.      Defendant's actions violate ACA 16-123-105 and 16-123-107, because Defendant continually insisted upon Plaintiff having sexual relations with him, even though such is illegal under both the ACRA and the Arkansas Constitution.

10.     Plaintiff complained and Defendant retaliated against Plaintiff for complaining in violation of ACA 16-123-108.

11.     As direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional stress, lost wages, lost fringe benefits, incurred other damages in an amount to be proven at trial.

12.     Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

### COUNT II

13.     Plaintiff realleges the foregoing as if fully set out herein.

14.     By virtue of the facts alleged herein, Defendant has terminated Plaintiff in violation of the AWPA.

Saline County AR        CTX-000000149689        7 of 9

15.    Plaintiff engaged in a protected activity by refusing to succumb to Defendant's sexual demands.  Defendant's sexual demands were in violation of Arkansas state law and Jefferson County policy.

16.    Accordingly, Plaintiff participated in a protected activity but Defendant retaliated against him in violation of the AWPA and in violation of the well established public policy of the State of Arkansas.

17.    As direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits, incurred other damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for appropriate compensatory and punitive damages exceeding $75,000.00, for electronic discovery under Rule 26.1, for a trial by jury, for reasonable attorney's fees, for costs, for re-instatement of front pay and for all other proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910  Office
501-315-1916  Facsimile
Attorney for the Plaintiff

By:    /s/ Luther Oneal Sutter
Luther Oneal Sutter, AR Bar No. 95031
luthersutter.law@gmail.com

g:\doc\Westboork, David C\PLD\2013-12-10 COM - Westbrook, David C .doc

15.   Plaintiff engaged in a protected activity by refusing to succumb to Defendant's sexual demands. Defendant's sexual demands were in violation of Arkansas state law and Jefferson County policy.

16.   Accordingly, Plaintiff participated in a protected activity but Defendant retaliated against him in violation of the AWPA and in violation of the well established public policy of the State of Arkansas.

17.   As direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits, incurred other damages in an amount to be proven at trial.

WHEREFORE Plaintiff prays for appropriate compensatory and punitive damages exceeding $75,000.00, for electronic discovery under Rule 26.1, for a trial by jury, for reasonable attorney's fees, for costs, for re-instatement of front pay and for all other proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910  Office
501-315-1916  Facsimile
Attorney for the Plaintiff

By:   /s/ Luther Oneal Sutter
Luther Oneal Sutter, AR Bar No. 95031
luthersutter.law@gmail.com

G:\doc\Westbrook, David C\PLD 2014\2014-11-07 COM - Westbrook David C.doc

Saline County AR        CTX-000000149689        9 of 9