FILED
SALINE COUNTY
CIRCUIT CLERK

2019 NOV -5 AM 9: 22

BY: _____

# IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
## SECOND DIVISION

SUTTER & GILLHAM, PLLC                                     PLAINTIFF

VS.                    CASE NUMBER 63CV-19-1060

DAVID WESTBROOK                                           DEFENDANT

---

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT

---

COMES NOW Defendant David Westbrook by and through his attorneys Christopher Burks and Brandon Haubert of WH Law, PLLC, and for his Answer to Plaintiff's Amended Complaint, does hereby state and allege as follows:

### V.    DEFENDANT'S ANSWER TO AMENED COMPLAINT

1.    Defendant specifically denies each and every factual allegation and legal conclusion in Plaintiff's Amended Complaint ("Plaintiff's Amended Complaint"), unless specifically admitted below.

2.    Defendant denies the factual allegations and legal conclusions of Paragraph One of Plaintiff's Amended Complaint.

3.    Defendant denies the factual allegations and legal conclusions of Paragraph Two of Plaintiff's Amended Complaint.



EXHIBIT
B

4.	Defendant denies the factual allegations and legal conclusions of Paragraph Three of Plaintiff's Amended Complaint.

5.	Defendant denies the factual allegations and legal conclusions of Paragraph Four of Plaintiff's Amended Complaint.

6.	Defendant denies the factual allegations and legal conclusions of Paragraph Five of Plaintiff's Amended Complaint.

7.	Defendant denies the factual allegations and legal conclusions of Paragraph Six of Plaintiff's Amended Complaint.

8.	Pleading affirmatively, Defendant reserves the right to amend this answer or plead further as the present action is a putative declaratory judgment action that does not require a compulsory counterclaim at this time. Such a claim would be in the wrong jurisdiction and wrong venue, particularly in light of the pending motion to stay.

9.	Plaintiff is improperly seeking to abridge Defendant's statutory right to file malpractice claims and litigate facts in the appropriate lawsuit.

10.	To the extent Plaintiff claims it is entitled to notice now of any claims that may be brought by Defendant within the applicable statute of limitations and in the proper jurisdiction and venue, then pleading affirmatively, Defendant states that the relief sought in Plaintiff's Complaint is barred, in whole or in part, by:

- improper jurisdiction and venue as the location of the agreements in dispute are located in the County of Jefferson, State of Arkansas under Rule 12(b)(1)-(3);
- failure to state a claim upon which relief may be granted under Rule 12(b)(6);
- fraud by the Plaintiff under Rule 8(c) as will be set forth with particularity in any amended pleadings;

Saline County AR          CTX-000000160113          2 of 5

- fraud in the inducement to have Defendant enter into the settlement agreements being relied upon by the Plaintiff under Rule 9(b) as will be set forth with particularity in any amended pleadings;
- unclean hands of the Plaintiff;
- breach by plaintiff of the confidentiality agreement by disclosing the terms of the settlement agreement in violation or the settlement agreement;
- lack of good faith of Plaintiff;
- breach of contract by the Plaintiff;
- no damages incurred by the Plaintiff,
- contributory negligence,
- estoppel,
- failure of consideration, and
- laches

**WHEREFORE,** Defendant David Westbrook prays that the Plaintiff's Amended Complaint be dismissed for all the forgoing reasons, that Defendant Westbrook be awarded his costs and attorney's fees, and for any and all other relief to which she is entitled.

**IN THE ALTERNATIVE THE COURT DOES NOT DISMISS OR TRANSFER THIS MATTER,** Defendant prays that the Court find that Plaintiff committed fraud and fraudulently induced Westbrook to execute any settlement agreements of the Jefferson County cases, that the Court should declare any settlement agreements of the Jefferson County cases as invalid or invalid as it applies to Westbrook, that the Court interpret and find that Plaintiff violated the terms of the settlement agreement of the Jefferson County cases, that Westbrook has been damaged by Plaintiff's actions and fraudulent conduct by willfully withholding damages that he otherwise would have been entitled to by law, that Plaintiff's actions contrary to the interests of defendant breached Plaintiff's duties to Defendant, and the Court should order Plaintiff surrender his portion of any settlement agreements, that the Court find Westbrook has been damaged due to the conduct of Plaintiff and fraud in an amount of money in excess that is required for federal court

jurisdiction in diversity of citizenship cases together with costs, interest and all other just and proper relief to which he may be entitled.

Respectfully submitted,

**DAVID WESTBOOK, DEFENDANT**

WH Law, PLLC
1 Riverfront Pl. STE 745
North Little Rock, AR 72114
501.891.6000

By:   */s/ Chris W. Burks*
Chris W. Burks ABN: 2010207
chris@whlawoffices.com

Brandon M. Haubert ABN: 2013137
brandon@whlawoffices.com

## Certificate of Service

I sent the following person this Answer on November 4, 2019, through the following means:

( X ) Email & E-Filing
( ) Fax
( X) Traditional Mail

Luther Sutter
SUTTER & GILLHAM, P.L.L.C.
PO Box 2012
Benton, Arkansas 72018

By:   */s/ Chris W. Burks*
Chris W. Burks

# FAX

**FROM**

Kayla Marple
whLaw
1 Riverfront Place Suite 745
North Little Rock
Arkansas 72114

**Phone**      (501) 725-5020
**Fax Number** (501) 891-6000

**DATE** 11/05/2019

**NOTE**

**TO**

Saline County Circuit Clerk

**Phone**
**Fax Number** +15013031592

'FILED
SALINE COUNTY
CIRCUIT CLERK

**2019 NOV -5  AM 9: 22**

BY: _____