⊣FILED
SALINE COUNTY
CIRCUIT CLERK

2020 FEB -4 AM II: 38

BY: _____

## IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
### SECOND DIVISION

**SUTTER & GILLHAM, PLLC**                                        **PLAINTIFF**

**VS.**                          **CASE NUMBER 63CV-19-1060**

**DAVID WESTBROOK**                                          **DEFENDANT**

**LUTHER SUTTER**                                **COUNTER-DEFENDANT**

**LUCIEN GILLHAM**                               **COUNTER-DEFENDANT**

## COUNTERCLAIM FOR BREACH OF FIDUCIARY DUTIES, BREACH OF CONTRACT, FRAUD, AND FOR UNJUST ENRICHMENT

COMES NOW Defendant David Westbrook, ("Defendant") by and through his attorneys, Brandon Haubert and Chris Burks of WH Law, PLLC, and for his Counterclaim against Plaintiff Sutter & Gillham, PLLC ("Sutter & Gillham"), and Counter-Defendants Luther Sutter and Lucien Gillham, does state as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.      Defendant Luther Sutter is an individual citizen attorney and member of Sutter & Gillham, PLLC, a Saline County, Arkansas law firm. Luther Sutter has entered into personal and business transactions in Saline County, Arkansas.



Page 1 of 13

2.     Plaintiff Sutter & Gillham, PLLC, is an Arkansas limited liability company headquartered in Saline County, Arkansas and licensed to do business in the State of Arkansas. Plaintiff Sutter & Gillham, LLC, has entered into business transactions in Saline County, Arkansas.

3.     Defendant Lucien Gillham is an individual citizen attorney and has entered into personal and business transactions in Saline County, Arkansas. Defendant Lucien Gillham works as an attorney of Plaintiff Sutter & Gillham, PLLC.

4.     This is an action for breach of fiduciary duties, breach of contract, fraud, and/or unjust enrichment stemming from the actions of Plaintiff Sutter & Gillham, PLLC, and Counter-Defendants and regarding the settlement of two other lawsuits, which occurred in Saline County, Arkansas.

5.     This Court has subject matter jurisdiction and personal jurisdiction over the issues and persons before it.

6.     Venue is proper before this Court.

## II. BACKGROUND FACTS

7.     On October 24, 2013, Plaintiffs and Defendant David Westbrook entered into a contractual agreement (hereinafter "the attorney employment contract") for adverse employment law claims David Westbrook had against his employer, Coroner Chad Kelley. A true and correct copy of said attorney employment contract is attached hereto as Exhibit A, and is incorporated by reference as though fully and completely set forth at this point.

8.     The attorney employment contract provided that David Westbrook was a client of Sutter & Gillham, Luther Sutter and Lucien Gillham. Therefore that Arkansas Rules of

Professional Conduct 1.3, 1.4, 1.7(a)(2), 1.8, 1.9, 3.2, 4.1, and 8.4 applied to the attorney-client relationship.

9.      On December 12, 2013, Sutter & Gillham, Luther Sutter and Lucien Gillham, first filed David Westbrook's claim in Jefferson County Circuit Court in case No. 35CV-13-589.

10.     For *six months* afterwards, there were no further filings on the case at all until Sutter & Gillham, Luther Sutter and Lucien Gillham inexplicably dismissed David Westbrook's first case on June 02, 2014.

11.     On Nov. 17, 2014, Defendant David Westbrook emailed Sutter & Gillham, confirming that he had paid his retainer for the case, had been calling them for 4 weeks, and that he hadn't been able to confirm that they were still prosecuting his claims against Chad Kelley.

12.     *Over a year* after first signing the attorney employment contract, on November 10, 2014, David Westbrook's claim was re-filed in a new, second Jefferson County Circuit Court case.

13.     An Answer was filed in the second case on January 09, 2015.

14.     *For the following four years*, Sutter & Gillham, Luther Sutter and Lucien Gillham, filed no pleadings in the Westbrook case.

15.     *More than five years* after first agreeing to prosecute David Westbrook's claim and after David Westbrook's repeated efforts to get communications regarding his claim, on April 4, 2019, Sutter & Gillham, Luther Sutter and Lucien Gillham, filed a notice of deposition in Westbrook's case.

16.     David Westbrook's case was then settled and closed on May 13, 2019, at the direction of Sutter & Gillham, Luther Sutter and Lucien Gillham.

17.    After considering this inexplicably long timeline, any inquiring mind would want to know:

   a.    Why did David Westbrook's relatively simple single-Plaintiff employment claim sit for *four years*, when most such cases are resolved in a year?;

   b.    What advantage inured to Westbrook by his lawyers' actions in sitting on the case?;

   c.    And after its' conclusion, why did Westbrook's former lawyers rush to sue him in this case?; and

   d.    Why was Westbrook told by them he should consider getting out of Pine Bluff?

18.    Fortunately, we do know more detailed facts.

19.    We know that Westbrook's claims that Sutter & Gillham, Luther Sutter and Lucien Gillham, agreed to prosecute were against Westbrook's former boss Jefferson County Coroner Chad Kelley.

20.    And Jefferson County Coroner Chad Kelly is the key material and cooperating witness in a wrongful death claim Sutter & Gillham, Luther Sutter and Lucien Gillham, have been prosecuting for some time.

21.    In other words, the very coroner Sutter & Gillham, Luther Sutter and Lucien Gillham agreed to sue on David Westbrook's behalf, is their star witness in a wrongful death claim where Chad Kelley issued an original and two amended death certificates that are essential to Sutter & Gillham, Luther Sutter and Lucien Gillham's chances of success in the wrongful death claim.

22.    Soon after this material and undisclosed conflict with David Westbrook was brought to light, including that Luther Sutter had communicated with Chad Kelley regarding Chad

Kelley amending his death certificate in a way that was favorable to Luther Sutter's wrongful death case, Sutter & Gillham, Luther Sutter and Lucien Gillham rushed to bring the present case in September of 2019.

23.    In doing so, they revealed the terms of the May 13, 2019 settlement with David Westbrook and Chad Kelley.

24.    Further, David Westbrook never would have settled his claim for the amount he did if he had known at the time of the communications in 2019, that the adverse party Chad Kelly was the key material and cooperating witness in a wrongful death claim Sutter & Gillham, Luther Sutter and Lucien Gillham, have been prosecuting for some time.

25.    Specifically, Sutter & Gillham, Luther Sutter and Lucien Gillham induced David Westbrook into the settlement agreement by not telling him about that the adverse party Chad Kelly was the key material and cooperating witness in a wrongful death claim Sutter & Gillham, Luther Sutter and Lucien Gillham were bringing, and that they had been in touch with Chad Kelley regarding amending Chad Kelley's death certificate in a way that was favorable to Luther Sutter's wrongful death case.

26.    But for these false representations, fraudulent actions, and dishonest behavior by Sutter & Gillham, Luther Sutter and Lucien Gillham, David Westbrook would not be damaged by the lessened amount he received in his settlement.

## III. LEGAL COUNTS

### Count 1.

### BREACH OF FIDUCIARY DUTIES

27.  Sutter & Gillham, Luther Sutter and Lucien Gillham, David Westbrook damaged Westbrook in the form of a smaller settlement and breached their fiduciary duties that they owed to David Westbrook as a client and former client in the following ways:

28.  Arkansas Rules of Professional Conduct 1.3 requires that "a lawyer shall act with reasonable diligence and promptness in representing a client," but in sitting on Westbrook's case for so long and holding it open while communicating with Defendant Chad Kelley, Sutter & Gillham, Luther Sutter and Lucien Gillham, did not act with reasonable diligence and promptness.

29.  Arkansas Rules of Professional Conduct 1.4 requires that "a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation," "promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules" and "reasonably consult with the client about the means by which the client's objectives are to be accomplished." In not informing Westbrook of their involvement with Kelley, in sitting on Westbrook's case for so long and holding it open while communicating with Defendant Chad Kelley, Sutter & Gillham, Luther Sutter and Lucien Gillham, did not properly explain, inform, or consult with David Westbrook.

30.  Arkansas Rules of Professional Conduct 1.7(a)(2) requires that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if…there is a significant risk that the representation of one or more clients

will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer," but in representing Westbrook against the same Chad Kelley whose testimony they were relying on in the wrongful death case, Sutter & Gillham, Luther Sutter and Lucien Gillham, created an impermissible concurrent conflict of interest that was not disclosed.

31.    Arkansas Rules of Professional Conduct 1.8 requires that "a lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, in a writing signed by the client, except as permitted or required by these Rules," but in representing Westbrook against the same Chad Kelley whose testimony they were relying on in the wrongful death case, Sutter & Gillham, Luther Sutter and Lucien Gillham, used information relating to their representation of Westbrook both in the matter with Chad Kelley as a material witness, and to the detriment of Westbrook in his own case.

32.    Arkansas Rules of Professional Conduct 1.9 requires that "a lawyer who has formerly represented a client in a matter shall not thereafter use information relating to the representation to the disadvantage of the former client" nor "reveal information relating to the representation except as these Rules would permit or require with respect to a client." But in representing Westbrook against the same Chad Kelley whose testimony they were relying on in the wrongful death case, Sutter & Gillham, Luther Sutter and Lucien Gillham, used information relating to their representation of Westbrook both in the matter with Chad Kelley as a material witness, and to the detriment of Westbrook in his own case.

33.    Arkansas Rules of Professional Conduct 3.2 requires that "a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." In not informing

From: Kayla Marple      Fax: 15012223027      To:      Fax: (501) 303-1592      Page: 9 of 15      02/04/2020 11:29 AM

Westbrook of their involvement with Kelley, in sitting on Westbrook's case for so long and holding it open while communicating with Defendant Chad Kelley, Sutter & Gillham, Luther Sutter and Lucien Gillham, did not make reasonable efforts to expedite litigation.

34.    Arkansas Rules of Professional Conduct 4.1 requires that "in the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person," but in telling Westbrook and others in the present action that the settlement was reasonable and that it did not have anything to do with Chad Kelley when they knew their involvement with Chad Kelley, Defendant Chad Kelley, Sutter & Gillham, Luther Sutter and Lucien Gillham, made a knowingly false statement material to the issue of whether their settlement was reasonable or they breached any duties to Westbrook.

35.    Arkansas Rules of Professional Conduct 8.4 mandates that "it is professional misconduct for a lawyer to (a) violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another...(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation" but in sitting on Westbrook's case for so long and holding it open while communicating with Defendant Chad Kelley without informing Westbrook, Sutter & Gillham, Luther Sutter and Lucien Gillham, violated the rules of professional misconduct and engaged in dishonest and deceitful behavior.

<u>Count 2.</u>

**FRAUD IN THE INDUCMENT**

36.    Defendant David Westbrook incorporates herein each and every allegation set forth above.

37.    Defendant Sutter & Gillham, Luther Sutter and Lucien Gillham made false representations regarding the settlement of David Westbrook's claim.

38.    It is now clear that from the beginning of the communication about the settlement agreement that Sutter & Gillham, Luther Sutter and Lucien Gillham were not communicating with David Westbrook regarding their relationship and communication with Chad Kelley, that they held off on settling Westbrook's claim, and that they induced Westbrook to settle for cheaper than he might have by telling him it was a good settlement.

39.    David Westbrook relied on Sutter & Gillham, Luther Sutter and Lucien Gillham prior representations in entering into the settlement agreement with David Westbrook.

40.    Plaintiff has suffered losses as described above, and is entitled to a judgment against Sutter & Gillham, Luther Sutter and Lucien Gillham.

Count 4

**BREACH OF CONTRACT & INDEMNITY**

41.    Defendant David Westbrook incorporates herein each and every allegation set forth above.

42.    Defendant entered into a settlement agreement on May 6, 2019, settling his claims against Sutter & Gilham's witness David Westbrook.

43.    All agreed in the settlement agreement to refrain from any disclosures to others of the nature and terms of the settlement.

44.    Defendant more than fully complied with his obligations under the terms of the settlement agreement.

45.     However, Sutter & Gillham filed on October 17, 2019, a public pleading in this case, detailing that "checks were delivered" and there was a "reasonable fee and reimbursed costs." *October 17, 2019 Amended Complaint*, p. 1-2, ¶¶ 3, 5.

46.     Both that there was a settlement amount, and that there were fees and costs paid, are confidential terms of the settlement.

47.     Sutter & Gillham thus, without the approval, knowledge or permission of Defendant David Westbrook, breached the settlement agreement and exposed Westbrook for the damages for the breach.

48.     Sutter & Gillham should thus indemnify David Westbrook for the damages for the breach of the settlement agreement.

## Count 5

### UNJUST ENRICHMENT

49.     Defendant David Westbrook incorporates herein each and every allegation set forth above.

50.     In reaping the benefit of the Chad Kelley's cooperation in the wrongful death case, and in not allowing David Westbrook to get more in a settlement, Sutter & Gillham, Luther Sutter and Lucien Gillham, have received a benefit at the expense of David Westbrook.

51.     But for the false representations, fraudulent action, and other dishonest behavior described above, Sutter & Gillham, Luther Sutter and Lucien Gillham, would not have received Chad Kelley's cooperation in the wrongful death case, and David Westbrook's agreement to settle his claims against Kelley.

52.     It would be inequitable for this Court to refuse to disgorge the benefit of Westbrook's settling for less.

53.     As such, David Westbrook is entitled to a judgment against Sutter & Gillham, Luther Sutter and Lucien Gillham.

## IV.

## PIERCING THE CORPORATE VEIL

54.     Defendant David Westbrook incorporates herein each and every allegation set forth above.

55.     The facts herein warrant the application of the doctrine of piercing the corporate veil in order to prevent injustice to Defendant David Westbrook.

56.     Because the corporate form taken by Sutter & Gillham has been used to injure Defendant David Westbrook, this Court should allow the piercing of the corporate veil in order to hold Defendants Luther Sutter and Lucien Gillham personally liable for the damages herein. *Enviroclean, Inc. v. Arkansas Pollution Control and Ecology Commission,* 858 S.W.2d 116, 314 Ark. 98 (1993).

57.     Defendants Luther Sutter and Lucien Gillham, are one and the same with Sutter & Gillham, as evidenced by their intermingled financial accounts, transfers and withdraws.

58.     As such, Defendant David Westbrook is a third-party from the corporation suffering immediate and irreparable harm. (The corporation is the first party, the corporation owners, the remaining Luther Sutter and Lucien Gillham, is the second party)

## V.

## MITIGATION AND COVER DAMAGES

59.    Defendant David Westbrook attempted to mitigate his damages, but Sutter & Gillham, Luther Sutter and Lucien Gillham, have to-date refused to make Defendant whole.

60.    Sutter & Gillham, Luther Sutter and Lucien Gillham, litigiousness and stubborn intransigence has only generated more litigation and costs as Defendant David Westbrook was sued and thus forced to bring this counterclaim.

## VI.

## PUNITIVE DAMAGES

61.    Arkansas Code Annotated § 16-55-206 states that a claimant may be awarded punitive damages if the plaintiff shows that the "defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences."

62.    Sutter & Gillham, Luther Sutter and Lucien Gillham, knew or should have known of their obligations to David Westbrook before inducing Defendant David Westbrook into the settlement agreement

63.    Sutter & Gillham, Luther Sutter and Lucien Gillham, s knew or should have known that their failure to timely prosecute Westbrook's case, communicate with Westbrook and disclose their relationship with Chad Kelley, would naturally result in damage to David Westbrook in the form of less money to Westbrook, yet continued their course of conduct with reckless disregard for the consequences to Westbrook.

From: Kayla Marple     Fax: 15012223027     To:          Fax: (501) 303-1592     Page: 14 of 15     02/04/2020 11:29 AM

64.     Sutter & Gillham, Luther Sutter and Lucien Gillham, are liable to David Westbrook for punitive damages in accordance with the Arkansas Civil Justice Reform Act, Ark. Code Ann. § 16-55206, to the fullest extent allowed under the Arkansas and United States Constitutions, for their knowing and unlawful failure to timely prosecute Westbrook's case, communicate with Westbrook and disclose their relationship with Chad Kelley.

WHEREFORE, premises considered, Defendant David Westbrook prays that Defendants Sutter & Gillham, Luther Sutter and Lucien Gillham, be summoned to appear and answer herein; for judgment as set forth herein above; for all costs and a reasonable attorney's fee; and for all other just and proper relief to which he may be entitled, whether or not specifically prayed for herein.

Respectfully submitted,

**DAVID WESTBOOK,**
**DEFENDANT**

WH Law, PLLC
1 Riverfront Pl. STE 745
North Little Rock, AR 72114
501.891.6000

By:     */s/ Chris W. Burks*
Chris W. Burks ABN: 2010207
chris@whlawoffices.com

Brandon M. Haubert ABN: 2013137
brandon@whlawoffices.com

# FAX

**FROM**

Kayla Marple
whLaw
1 Riverfront Place Suite 745
North Little Rock
Arkansas 72114

**Phone**        (501) 891-6000 * 104
**Fax Number** (501) 222-3027

**DATE** 02/04/2020

**NOTE**

**TO**

FILED
SALINE COUNTY
CIRCUIT CLERK

**2020 FEB -4  AM 11: 38**

BY: _____

**Phone**
**Fax Number** +15013031592