ELECTRONICALLY FILED
Jefferson County Circuit Court
Flora Cook-Bishop, Circuit Clerk
2023-Jan-27  16:51:58
35CV-22-965
C11WD02 : 9 Pages

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## CIVIL DIVISION

**LUTHER SUTTER**
**LUCIEN GILLHAM, & SUTTER & GILLHAM, P.L.L.C.**                    **PLAINTIFFS**

**v.**                                    **Case No: 35CV-22-965**

**DAVID WESTBROOK**                                    **DEFENDANT**

### AMENDED COMPLAINT

COME the Plaintiffs, through their counsel, for this Amended Complaint, they state:

### PARTIES & JURISDICTION

1. Plaintiff, Luther Sutter and Lucien Gillham, each are residents and citizens of Pulaski County Arkansas, who are licensed to practice law in the State of Arkansas.

2. Plaintiff, Sutter & Gillham P.L.L.C., is a Limited Liability Company organized under the laws of the State of Arkansas with their principal place of business in Pulaski County, Arkansas.

3. Defendant, David Westbrook, is a resident and citizen of Jefferson County, Arkansas.

4. This is an action for defamation, barratry, champerty, maintenance, abuse of process, and malicious prosecution.

5. This Court has personal and subject matter jurisdiction over the parties. Since the actions giving rise to this action occurred in this County, venue is proper. The original Complaint is incorporated by reference.

### GENERAL ALLEGATIONS OF FACTS

6. Plaintiffs represented David Westbrook in an action against the Jefferson County Coroner.

7. In November of 2018, the Coroner decided that Luke's death was not a suicide.



8. On behalf of and with the approval of David Westbrook, Plaintiffs settled Westbrook's employment discrimination claim against the Coroner in 2019. The settlement was fair and reasonable. Had Westbrook gone to trial, he probably would have lost.

9. The settlement was satisfactory to Westbrook, and Westbrook was pleased with the result until he was approached by Efrem Neeley.

10. Efrem Neeley was a lawyer representing Bryan and Brandon Adams in a lawsuit in which Plaintiffs were representing Luke Baker's mother. The estate of Luke Baker had brought a wrongful death action. Plaintiffs entered their appearance for Luke's mother in December, 2018.

11. The Adamses had arranged for a lawyer named Chris Burks to represent Westbrook for free, so that Plaintiffs would have to withdraw from representing Luke's mother.

12. Westbrook then met with Judy Henry and other lawyers representing the Adamses at Neeley's request. Westbrook was persuaded to sue the Plaintiffs or assert the conflict.

13. Neely then referred Westbrook to Burks, who filed a frivolous counterclaim in February of 2020.

14. Shortly after, Westbrook began to falsely claim that Plaintiffs sold him out to benefit themselves or another client.

15. So, Plaintiffs sued Westbrook in Saline County Circuit Court for Declaratory Judgment that their representation did not fall below the standard of care. Burks entered his appearance for free as a favor to the Adamses.

16. Burks, on behalf of Westbrook, counterclaimed for legal malpractice and breach of fiduciary duty alleging that Plaintiffs bribed, or influenced in a felonious way, Coroner,

Chad Kelley, for the specific purpose of creating a conflict so that Plaintiffs would have to withdraw. This was an abuse of process and malicious prosecution.

17. Plaintiffs then moved for summary judgment which was granted because Westbrook presented no evidence to support his claim. See *Exhibit A* attached to the original Complaint. There was no probable cause to even file the action.

18. Despite the fact that Westbrook lost, and the fact that the Court found that his spurious allegations were unsupported, Westbrook continues to contact people throughout the community telling them that Plaintiffs are corrupt and sold him out in an intentional attempt to destroy the Plaintiffs in conspiracy with others.

19. These false representations that Defendant has made had harmed the reputation of Plaintiffs because some people no longer trust them or question them.

## COUNT I

20. Plaintiffs reallege the foregoing as if fully setout herein.

21. Defendant has spread falsehoods throughout the community that Plaintiffs are corrupt and sold him out.

22. The statements made by Defendant are defamatory in nature and have harmed the Plaintiffs' reputation.

23. These statements are false, and Defendant knows of its falsehood, yet he continues to publish these statements throughout the community.

24. As a direct and proximate cause of Defendant's malfeasance, Plaintiffs' have lost business and have suffered reputational harm.

25. Given the Defendant's course of conduct, Plaintiffs are entitled to appropriate compensatory and punitive damages in the amount to be proven at trial.

## COUNT II

26. Plaintiffs reallege the foregoing as if fully setout herein.

27. Defendant filed a counterclaim without probable cause, through Chris Burks. Plaintiffs did not commit legal malpractice or breach any fiduciary duty. There was NO evidence that Plaintiff committed legal malpractice or breached their fiduciary duty.

28. The counterclaim filed by Burks was dismissed with prejudice.

29. There was no probable cause, and the proceeding was simply brought to generate a conflict for the Plaintiffs that would cause them to withdraw, and Chris Burks knew it. Burks filed the counterclaim as a favor to Bryan Adams, Brandon Adams, or Eric Bell. This was an agreement to accomplish an illegal purpose.

30. The counterclaim was brought maliciously and for an improper purpose. The actions were the result of a conspiracy to commit barratry, champerty, and maintenance.

31. Had Westbrook not filed the counterclaim, Plaintiffs would have proven that Luke Baker did not commit suicide or that his death was the result of the defendants sued in Baker's negligence. Plaintiffs would have received a fee of several million dollars.

32. As a direct and proximate cause of Defendant's malfeasance, Plaintiffs' have lost business and have suffered reputational harm.

33. Given the Defendant's course of conduct, Plaintiffs are entitled to appropriate compensatory and punitive damages in the amount to be proven at trial.

## JURY DEMAND

34. Plaintiffs demand a trial by jury.

**WHEREFORE** Plaintiffs pray for judgment in the amount of $20,000,000.00, for punitive damages, for a trial by jury, for attorneys' fees, for costs, and for all other proper relief.

Respectfully submitted,

**HICKS LAW FIRM**
Rickey Hicks, Esq., ARBN 89235
902 West Second St.
Little Rock, Ark. 72201
501/920-7298 – Office
*Counsel for Plaintiffs, Lucien Gillham &*
*Sutter & Gillham, P.L.L.C.*

By:  */s/ Rickey Hicks*

Rickey Hicks, Esq., ARBN 89235
hickslawoffice@yahoo.com

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
1501 N. Pierce St. Suite 105
Little Rock, AR 72207
501-315-1910  Office
501-315-1916  Facsimile
*Pro Se Plaintiff*

By:  */s/ Luther Oneal Sutter*
Luther Oneal Sutter, AR Bar No. 95031
luther.sutterlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been emailed this 27 th day of January 2023, upon all counsel of record, via ECF.

Maurice Taggart
maurice.taggartlaw@gmail.com

By: /s/ Rickey H. Hicks
Rickey Hicks, Esq., ARBN 89235
310 West Conway St.
Benton, Ark. 72015
501-920-7298
hickslawoffice@yahoo.com

ELECTRONICALLY FILED
Saline County Circuit Court
Myka Bono Sample, Circuit Clerk
2020-Sep-16  10:16:15
63CV-19-1060
C22D02 : 4 Pages

## UNIFORM COVER PAGE
[To be used when required by Administrative Order No. 2 (g)*]

COURT:  **CIRCUIT**    COURT OF **SALINE**    COUNTY

Docket/Case Number: **63CV-19-1060**

CASE NAME:
PLAINTIFF/
PETITIONER:    SUTTER & GILLHAM, PLLC

DEFENDANT/
RESPONDENT:    DAVID WESTBROOK

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):    ORDER

*Administrative Order No 2.

(g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).

(2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.



IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

SUTTER & GILLHAM, PLLC

**PLAINTIFF/**
**COUNTER-DEFENDANT**

V.                              CASE NO. 63CV-19-1060

**DAVID WESTBROOK**

**DEFENDANT/**
**COUNTER-PLAINTIFF**

v.

**LUTHER SUTTER**                              **THIRD PARTY DEFENDANT**

**LUCIEN GILLHAM**                              **THIRD PARTY DEFENDANT**

## ORDER

ᴇ CAME BEFORE THE COURT THE PARTIES, on September 1, 2020, and a hearing was held on the following Motions: Motion to Quash Deposition Regarding Jerri Dean, Westbrook's Motion to Quash, and Counter-Defendant, Sutter & Gillham, P.L.L.C's Motion for Summary Judgment.

1.    Westbrook's Motion to Quash is denied

2.    The grant of summary judgment may be appropriate in a legal malpractice suit. *See Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). In a legal-malpractice case, a plaintiff must prove that the attorney's conduct fell below the generally accepted standard of practice and that this conduct proximately caused the plaintiff's damages. *S. Farm Bureau Cas. Ins. Co. v. Daggett*, 354 Ark. 112, 118 S.W.3d 525 (2003). *See Grassi v. Hyden*, 2010 Ark. App. 203, 374 S.W.3d 183. In the absence of such expert testimony, a directed verdict in favor of the defendant is proper. *See Id.* The only exception is where the trial court determines that expert testimony is not necessary because the case falls within the common-knowledge exception. *Barnes v. Everett*, 351 Ark. 479, 95 S.W.3d 740 (2003). The Motion for Summary Judgment of Counter-Defendant Sutter & Gillham, P.L.L.C., is granted for the following reasons:

a.    Counter-Defendant Sutter & Gillham, P.L.L.C., moved for summary judgment on on Counter-Plaintiff Westbrook's claims for legal malpractice. The facts are reviewed in the light most favorable to Westbrook, with all admissible evidence considered, all reasonable inferences drawn in Westbrook's favor, and fact disputes resolved in Westbrook's favor. However, Westbrook failed to meet proof with proof.

b.    For the first time at the hearing, orally, Westbrook claimed to need more discovery to respond to summary judgment, and not through an affidavit as required under Rule 56, or a Motion, or as part of his Response to the Motion for Summary Judgment. It was undisputed at the hearing that Westbrook had issued no written discovery, had taken no depositions, had requested no depositions, and had issued no subpoenas. Nor was there any indication that after the motion for summary judgment was filed that Westbrook undertook any efforts to conduct discovery. Although Westbrook argued that the case was "brand new," the case was filed in the Fall of 2019, a hearing was held in January 2020, and the CounterClaim was filed in February 2020. Indeed, on July 8, 2020, Requests for Admissions were filed with the Court by Sutter & Gillham, P.L.L.C., and Westbrook filed no Response to them. The case is nearly a year old and there was opportunity for Westbrook to conduct discovery. Accordingly, the issue of needing more discovery under Rule 56 was waived, and relief on that basis is denied.

c.    Westbrook failed to provide any expert testimony to indicate what the standard of care was, that it was breached at all, how it was breached, that there was a breach of fiduciary duty, or how any alleged breach caused damage to Westbrook. Westbrook's counsel indicated that he had consulted with other lawyers, and that after discovery, if an expert was needed, he would be happy to get one. In light of the evidence in the Counter-Defendant's Motion for Summary Judgment, the Response, the Reply, and supporting materials, expert testimony was required to defeat summary judgment. Therefore, summary judgment is granted.

d.    Westbrook made reference to the Arkansas Rules of Professional conduct in Response, but the Rules are not designed for a basis of civil liability, but are to provide guidance

to lawyers and to provide a structure for regulatory conduct through disciplinary agencies. *Orsini v. Larry Moyer Trucking, Inc.*, 310 Ark. 179, 184, 833 S.W.2d 366, 369 (1992).

      e.      The affidavit of the defense counsel in Westbrook's case against Kelly indicated that the settlement was a good deal for Westbrook.

      f.      Accordingly, Counter-Defendant, Sutter & Gillham, P.L.L.C.'s Motion for Summary Judgment is hereby granted, and Counter-Plaintiff Westbrook's Counter Claim is dismissed with Prejudice.

5.      After the Court's ruling on the Motion for Summary Judgment. Plaintiff Sutter & Gillham, P.L.L.C., moved to dismiss their Complaint without prejudice. That motion is hereby granted. Sutter & Gillham, P.L.L.C.'s Complaint is hereby dismissed without prejudice.

IT IS SO ORDERED, on this, the ___12___ day of __September__, 2020.

_____
THE HONORABLE DAVID LASER
Special Circuit Judge sitting by assignment.

Prepared by:

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910 Office
501/315-1916 Facsimile
Attorneys for the Plaintiff

/s/ Luther Oneal Sutter
Luther Oneal Sutter, Esq., ARBN 95-031
luther.sutterlaw@gmail.com

cc:

Counsel for Defendant/Counter-Plaintiff, David Westbrook

Chris Burks
Chris@whlawoffices.com