ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2021-May-26 14:42:57
23CV-21-403
C20D03 : 33 Pages

**IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS**
**CIVIL DIVISION**

**BRYAN ADAMS; BRANDON ADAMS; AND SKYLAR WILSON** **PLAINTIFFS**

**vs.** **CASE NO. 23CV-21-403**

**LUTHER SUTTER; LUCIEN GILLHAM; SUTTER & GILLHAM, PLLC; KENNETH GREGORY STEPHENS; K. GREGORY STEPHENS P.A.; KERRY BAKER, INDIVIDUALLY; KERRY BAKER, AS ADMINISTRATOR OF THE ESTATES OF JAMES LUKE BAKER; SAVANNAH BAKER CASE; GENA DOWNEY BAKER; MICHAEL NOBLE; ALLEN NOBLE; NOBLE INVESTIGATIONS, INC.; DENVER ROLLER, INC. D/B/A ROLLER-MCNUTT FUNERAL HOME; AND CHAD KELLEY, IN HIS CAPACITY AS JEFFERSON COUNTY CORONER AND INDIVIDUALLY** **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF SEPARATE DEFENDANTS LUTHER SUTTER, LUCIEN GILLHAM AND SUTTER & GILLHAM, P.L.L.C.**

COME NOW, Separate Defendants, Luther Sutter, Lucien Gillham and Sutter & Gillham, P.L.L.C. (collectively "these Defendants"), by and through their counsel of record, Glassman, Wyatt, Tuttle & Cox, P.C., and in support of their contemporaneously filed Motion to Dismiss would show unto the court as follows:

**RELEVANT FACTS**

Plaintiffs' allegations against these Defendants arise out of the underlying case, referred to by the Plaintiffs as "the Jeff Co Lawsuit," which is currently pending in the Circuit Court of Jefferson, County, Arkansas, Case No. 35CW-18-1077. See Complaint, at ¶¶ 20-23, 74-75. In



the Jeff Co Lawsuit, these Defendants represented Gena Baker, who is also a Defendant in this case. In the Jeff Co Lawsuit, Gena Baker is a plaintiff. See id., at ¶¶ 74-75 and Exhibit 15.

The Jeff Co Lawsuit is a wrongful death action brought by the beneficiaries of the estate of Luke Baker (hereinafter "the Decedent"), who died on October 24, 2015 as a result of a gunshot wound to the head while at a hunting lodge called the Prairie Wings Duck Lodge with three (3) of his close friends. See id. There is a dispute in the Jeff Co Lawsuit as to whether or not that gunshot was self-inflicted. Plaintiffs in this case allege that certain of the other Defendants in this case performed an illegal exhumation / disinterment and autopsy of the Decedent's body because of that dispute. See id., at ¶¶ 76-104. Plaintiffs' Complaint also includes allegations arising out of discovery issues related to that dispute such as production of photographs and bullets and testimony of expert witnesses including the person who performed the autopsy, and other aspects of these Defendants' conduct in prosecuting the Jeff Co Lawsuit. See id., at ¶¶ 105-153.

Certain of Plaintiffs' allegations also arise out of two probate proceedings that arose out of the death of the Decedent, referred to in the Complaint as the First Probate Case and the Second Probate Case. Plaintiffs allege subpoenas were improperly issued in the Second Probate Case by other Defendants, which should not have been initiated or prosecuted at all because of the previous existence of the First Probate Case. See id., at ¶¶ 45-73.

## STANDARD OF REVIEW

For a Rule 12(b)(6) motion to dismiss, the court should treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. J.B. Hunt LLC v. Thornton, 2014 Ark. 62, 432 S.W.3d 8 (2014). Arkansas courts should construe the pleadings

liberally and resolve all reasonable inferences in favor of the complainant. Id. The Supreme Court has explained:

> Arkansas has adopted a clear standard to require fact pleading: "a pleading which sets forth a claim for relief . . . shall contain (1) a statement in ordinary and concise language of facts showing that the pleader is entitled to relief . . ." ARCP Rule 8(a)(1). Rule 12(b)(6) provides for the dismissal of a complaint for "failure to state facts upon which relief can be granted." This court has stated that these two rules must be read together in testing the sufficiency of the complaint; facts, not mere conclusions, must be alleged.

Brown v. Tucker, 330 Ark. 435, 438, 954 S.W.2d 262, 264 (1997) (citation omitted) (quoting Malone v. Trans–States Lines, Inc., 325 Ark. 383, 386, 926 S.W.2d 659, 661 (1996) (quoting Hollingsworth v. First Nat'l Bank & Trust Co., 311 Ark. 637, 639, 846 S.W.2d 176, 178 (1993))); see also Perry v. Baptist Health, 358 Ark. 238, 189 S.W.3d 54 (2004). Where the complaint states only conclusions without facts, appellate courts have upheld the trial court's decision to dismiss the complaint pursuant to Rule 12(b)(6). See Brown, 330 Ark. 435, 954 S.W.2d 262.

## LAW AND ARGUMENT

### I. PLAINTIFFS' CLAIMS FOR SPOLIATION / DISCOVERY ABUSE ARE NOT RECOGNIZED AS CIVIL CAUSES OF ACTION UNDER ARKANSAS LAW.

In their Complaint, Plaintiffs plead five (5) enumerated causes of action against these Defendants – Abuse of Process, Civil Conspiracy, Negligence, Fraud, Civil Action by Crime Victims, and Outrage. Each of these causes of action arises, in part, out of allegations that these Defendants issued notices of depositions to the Adams Plaintiffs and their telephone providers in the Second Probate Case; induced or attempted to induce witnesses to testify falsely; intimidated witnesses, parties, and/or counsel; engaged in an unlawful exhumation and private autopsy of the body of the Decedent; and concealed and destroyed evidence including an autopsy report,

bullets, and photographs. At their core, these are allegations of discovery abuse, and more specifically, spoliation of evidence. Because Arkansas law does not recognize an independent first-party or third-party cause of action for spoliation of evidence, the causes of action in the Complaint that are based on these allegations should be dismissed with prejudice.

In 2000, the Arkansas Supreme Court issued its opinion in Goff v. Harold Ives Trucking Co., Inc., 342 Ark. 143, 27 S.W.3d 387 (2000). Lisa Goff, a motorist who was injured in a collision with a tractor-trailer rig driven by an employee of Harold Ives Trucking Co., Inc., brought suit against Harold Ives Trucking Co., Inc. for her injuries sustained in that collision. During the course of that lawsuit, Ms. Goff's attorneys learned that Harold Ives Trucking Co., Inc. "had either negligently or intentionally lost or destroyed some of its truck driver's logs relating to the driver who had been involved in their accident." Goff, 342 Ark. at 145. Ms. Goff attempted to seek punitive damages on the basis of that spoliation of evidence, but she was precluded by the trial court from doing so. See id. Consequently, she and her husband filed a separate lawsuit alleging they suffered damages as a result of the spoliation of evidence. Harold Ives Trucking Co., Inc. moved to dismiss the second lawsuit on the grounds that Arkansas law does not recognize the tort of spoliation of evidence. The trial court granted that motion.

In its opinion affirming the trial court's decision, the Arkansas Supreme Court noted that few jurisdictions have recognized the tort of spoliation of evidence, which it defined as "the intentional destruction of evidence." Id. at 146. In reaching its decision, the Court explained:

> As discussed above, we believe that there are sufficient other avenues, short of creating a new cause of action, that serve to remedy the situation for a plaintiff. Most significant, an aggrieved party can request that a jury be instructed to draw a negative inference against the spoliator. Additionally, and as discussed earlier, the plaintiff can ask for discovery sanctions or seek to have a criminal prosecution initiated against the party who destroyed relevant evidence. In short, we do not find it necessary to create a new tort out of whole cloth in order to provide a party with a remedy.

Id. at 150. The Court went on to cite to a case where the Texas Supreme Court "succinctly addresses our own position on the subject:"

> This Court treads cautiously when deciding whether to recognize a new tort. While the law must adjust to meet society's changing needs, we must balance that adjustment against boundless claims in an already crowded judicial system. We are especially averse to creating a tort that would only lead to duplicative litigation, encouraging inefficient relitigation of issues better handled within the context of the core cause of action. We thus decline to recognize evidence spoliation as an independent tort.... [The] traditional response to the problem of evidence spoliation *properly frames the alleged wrong as an evidentiary concept, not a separate cause of action*.

Id. at 151 (quoting Trevino v. Ortega, 969 S.W.2d 950, 951–52 (1998) (emphasis in original)).

Six years later, in Downen v. Redd, 242 S.W.3d 273, 367 Ark. 551 (2006), the Arkansas Supreme Court expanded its ruling in Goff to include third-party spoliation claims against a lawyer and law firm, which had been dismissed by the trial court. In affirming the trial court's ruling, the Arkansas Supreme Court explained its reasoning as follows:

> First and foremost, as explained in Temple Cmty. Hosp., supra, it is unreasonable for us to conclude that a nonparty can be liable for damages, including the possibility of punitive damages, for the same conduct that would not be actionable if committed by a party to the lawsuit. Goff, supra. Moreover, as explained in Goff, we must be concerned with the speculative nature of damages in a case such as this. The question, much like that in a first-party spoliation-tort suit, goes not only to the amount of damages caused by the destruction of evidence (causation), but also to the very existence of the injury (damages).

Id. at 555 (citing Goff, 342 Ark. at 149, and Temple Cmty. Hosp. v. Superior Court, 20 Cal.4th 464, 466 (1999)).

The Downen Court further noted that "third-party spoliation victims" have avenues of recourse that include a court order directing preservation, a contractual agreement, contempt for failure to comply with a subpoena, Rule 34(c) of the Arkansas Rules of Civil Procedure, and criminal sanctions under Ark. Code Ann. § 5-53-11. See id. at 556. Additional means of

seeking court intervention, including sanctions, are available under Rules 11, 34, and 37 of the Arkansas Rules of Civil Procedure. See also Russellville Holdings, LLC v. Peters, 2017 Ark. App. 561, 533 S.W.3d 119 (2017) (affirming trial court's issuance of sanctions in the form of striking Answer for spoliation of evidence); Bunn Builders, Inc. v. Womack, 2011 Ark. 231 (2011) (affirming trial court's issuance of sanctions in the form of jury instruction for spoliation of evidence); Tomlin v. Wal-Mart Stores, Inc., 81 Ark. App. 198, 100 S.W.3d 57 (2003) (affirming trial court's issuance of sanctions in the form of jury instruction for spoliation of evidence).

As noted by the Downen Court, creating an independent tort based on spoliation of evidence "would create potentially endless litigation over speculative loss. A victim of third-party spoliation should seek a remedy in a means other than an individual tort claim." Downen, 367 Ark. at 557. In the case at bar, the Plaintiffs should be required to seek their remedy through the other means available to them under Arkansas law, and their claims in this independent lawsuit based on discovery abuse or spoliation of evidence should be dismissed.

**II. SEPARATE DEFENDANTS LUTHER SUTTER, LUCIEN GILHAM AND SUTTER & GILHAM, P.L.L.C. HAVE STATUTORY IMMUNITY FOR THE CLAIMS ASSERTED BY PLAINTIFFS PURSUANT TO ARK. CODE ANN. § 16-22-310.**

Defendants Luther Sutter and Lucien Gillham are attorneys, and Defendant Sutter & Gillham, PLLC is a law firm. See Complaint, at ¶ 23. Plaintiffs' allegations against these Defendants arise out of their actions in the course of representing "the Jeff Co Plaintiffs" in the Jefferson County Lawsuit, Kerry Baker et al. vs. Bryan Adams et al., case no. 35CV-18-1077. See Complaint, at ¶¶ 20, 23, 75. Arkansas Code Ann. § 16-22-310 provides statutory immunity for attorneys and law firms as to claims made against them, by persons with whom they were not in privity, in connection with professional services performed. It is undisputed that these

Defendants were not in privity with the Plaintiffs in the Jeff Co Lawsuit. Rather, they represented an opposing party, Defendant Gena Downey Baker, as the grieving mother of James Luke Baker, deceased, in the underlying Jeff Co. Lawsuit. See Exhibit 15 to Plaintiffs' Complaint. They are, therefore, immune from Plaintiffs' claims arising out of their professional services performed in the course of representing their clients in that case. See Howard v. Adams, 2009 Ark. App. 621, 332 S.W.3d 24, 29 (2009) ("Arkansas law requires a plaintiff to have direct privity of contract with an attorney before the attorney may be held liable for his acts, omissions, decisions, or other conduct in connection with the performance of professional services."); Jackson v. Ivory, 353 Ark. 847, 120 S.W.3d 587 (2003); Nielsen v. Berger–Nielsen, 347 Ark. 996, 69 S.W.3d 414 (2002); McDonald v. Pettus, 337 Ark. 265, 988 S.W.2d 9 (1999). Plaintiff's claims for civil conspiracy, negligence, civil action by crime victims, and outrage should, therefore, be dismissed.

A. These Defendants are immune from the abuse of process claim asserted in Count I of the Plaintiffs' Complaint.

Plaintiffs have also pled a claim for abuse of process in Count I of their Complaint against these Defendants based on their actions in initiating and carrying out the Jeff Co Lawsuit. See Complaint, at ¶¶ 203-206.[1] Arkansas Code Ann. § 16-22-310 includes an exception for fraud or intentional misrepresentation, and Arkansas law is unsettled as to whether that exception extends to abuse of process claims also. See Almand v. Benton County, 145 B.R. 608 (W.D. Ark. 1992) (finding the exception does extend to abuse of process claims); but see Kimbro Stephens Insurance Trust v. Smith, 2021 Ark. App. 127, 19-20 (2021) ("while a federal bankruptcy court has held that language to include intentional torts other than fraud and misrepresentation, see Almand v. Benton County, 145 B.R. 608, 617 (W.D. Ark. 1992), our

[1] Plaintiffs also claim abuse of process arising out of actions taken by other Defendants related to the initiation and prosecution of the Second Probate Case, but those claims are not directed at these Defendants.

supreme court still has not squarely addressed that issue."). However, Arkansas law is clear that, where an attorney files a lawsuit that is eventually found to be deficient, that attorney is immune from liability for abuse of process under Arkansas Code Ann. § 16-22-310. See Born v Hosto & Buchan, PLLC, 372 S.W.3d 324, 331 (Ark. 2010) (citing Fleming v. Cox Law Firm, 363 Ark. at 22 (2005)). Holding otherwise would "pervert the purpose of the immunity statute." Id. (affirming trial court's dismissal of claims against attorney for filing suit to collect on debts that were not owed).

The plain and unambiguous language of the statute and the canon of statutory construction known as *expressio unius est exclusio alterius,* which as applied by Arkansas courts is a fundamental principle of statutory construction that the express designation of one thing may be properly construed to mean the exclusion of another, also support limiting the exception in Arkansas Code Ann. § 16-22-310(a)(1) only to claims of fraud/intentional misrepresentation, and not extending it to other intentional torts. See MacSteel v. Ark. Okla. Gas Corp., 363 Ark. 22, 210 S.W.3d 878 (2005); Larry Hobbs Farm Equipment, Inc. v. CNH America, LLC., 291 S.W.3d 190, 194-195 (Ark. 2009).

The exception contained in Arkansas Code Ann. § 16-22-310(a)(1) should not be extended to abuse of process claims, as doing so would violate the public policy underlying that statutory immunity, the plain and unambiguous language of the statute, and long-held canons of statutory construction under Arkansas law. See Born, 372 S.W.3d at 330 (affirming trial court's dismissal of abuse of process, civil conspiracy, fraud, and negligence based on statutory immunity). Plaintiffs' abuse of process claim should, therefore, be dismissed as to these Defendants as barred by their statutory immunity.

B. These Defendants are immune from the fraud claim asserted in Count IV of the Plaintiffs' Complaint.

Arkansas Code Ann. § 16-22-310 includes an exception for fraud or intentional misrepresentation. Plaintiffs have pled a claim for fraud in Count IV of their Complaint. That claim is not, however, exempt from immunity because it does not rise to the requisite level of specificity required under Arkansas law. "[W]hile fraud is excepted from the immunity statute, the complaint must include more than 'conclusory allegations' because otherwise the attorney would improperly be liable 'merely upon the act of filing' an improper pleading." Born v. Hosto & Buchan, PLLC, 2010 Ark. 292, 372 S.W.3d 324, 330 (2010) (quoting Fleming v. Cox Law Firm, 363 Ark. 17, 21-22, 210 S.W.3d 866, 869 (2005)).

"[T]o subject attorneys to liability for negligent filings would undermine the attorney's duty of care to his or her client and would impede attorneys from 'zealously represent[ing] their clients without the threat of suit from third parties compromising that representation.'" Id. (quoting Fleming, 363 Ark. at 22) (affirming trial court's dismissal of all claims, including fraud and intentional torts, against attorney based on immunity); see also Wiseman v. Batchelor, 315 Ark. 85, 864 S.W.3d 248 (1993) (affirming trial court's dismissal of fraud claims pursuant to immunity statute based on failure to properly plead justifiable reliance, which is a necessary element of a fraud claim).

As set forth in Section III herein, Plaintiffs' fraud claim in Count III of their Complaint fails as a matter of law. It is not, therefore, sufficient to invoke the fraud exception contained in Arkansas Code Ann. § 16-22-310. All of the Plaintiffs' claims should be dismissed based on that statutory immunity as to these Defendants.

## III. PLAINTIFFS' FRAUD CLAIM (COUNT IV) FAILS TO STATE A CLAIM AS TO THESE DEFENDANTS UPON WHICH RELIEF MAY BE GRANTED.

Plaintiffs' cause of action for fraud, pled as Count IV of their Complaint, fails to state a claim upon which relief can be granted under Arkansas law because it is not pled with the requisite specificity. It should, therefore, be dismissed.

The Arkansas attorney immunity statute, Arkansas Code Ann. § 16-22-310, provides a very narrow exception for claims of fraud and intentional misrepresentations. Wiseman v. Batchelor, 315 Ark. 85, 90, 864 S.W.2d 248, 250-51 (1993). To qualify for the exception, the fraud must be actual, not constructive fraud. Id. at 90, 864 S.W.2d at 250-51 (affirming dismissal of constructive-fraud claim against the attorney). In addition, "[f]alse statements, by themselves, are not sufficient," and proof of justifiable reliance and causation must accompany the alleged misrepresentation. Id. at 89, 864 S.W.2d at 250.

To prove fraud, Plaintiffs must prove (1) that the attorneys made a false representation of material fact; (2) that the attorneys knew that the representation was false or that there was insufficient evidence upon which to make the representation; (3) that the attorneys intended to induce action or inaction by the Plaintiffs in reliance upon the representation; (4) that the Plaintiffs justifiably relied on the representation; and (5) that the Plaintiffs suffered damage as a result of the false representation. See Wiseman, 315 Ark. at 88-89, 864 S.W.2d at 250; Fleming v. Cox Law Firm, 210 S.W.3d 866, 210 S.W.3d 866 (Ark. June 23, 2005). Fraud is never presumed. SEECO, Inc. v. Hales, 330 Ark. 402, 412, 954 S.W.2d 234, 240 (1997). It must be affirmatively proved, and the burden of proving it is on the party who alleges it. Fudge v. Parks, 2019 Ark. App. 191, 574 S.W.3d 723 (2019).

Arkansas law is clear that, where there is no justifiable reliance or causation based on the misrepresentation, that misrepresentation is not actionable. See Country Corner Food and Drug, Inc. v. First State Bank and Trust Co. of Conway, Ark., 332 Ark. 645, 653, 966 S.W.2d 894, 897

(1998) (stating that no fraud claim existed where plaintiffs did not justifiably rely on the false statements at issue); Butler v. Comic, 323 Ark. 725, 727, 918 S.W.2d 697, 698-99 (1996) (lack of reliance was fatal); MFA Mut. Ins. Co. v. Keller, 274 Ark. 281, 285, 623 S.W.2d 841, 843 (1981) (recovery barred where plaintiff showed no reliance on or causation related to the misrepresentation).

Similarly, an allegation that there is "fraud in the air" is insufficient; there must be justifiable reliance on the specific misrepresentation at issue and resulting damage from it. See Wiseman, 315 Ark. at 89, 864 S.W.2d at 250 (stating in the context of a fraud claim against an attorney, "False statements, by themselves, are not sufficient to state a claim for fraud. An assertion of justifiable reliance... must accompany allegations of misrepresentation[.]"); Irons v. Reyburn, 11 Ark. 378, 389 (1850) (fraud without a resulting injury is not actionable).

Under the Arkansas Rules of Civil Procedure, fraud claims are subject to a heightened pleading standard:

> **Fraud, Mistake, Condition of the Mind**. In all averments of fraud, mistake, duress or undue influence, the circumstances constituting fraud, mistake, duress or undue influence shall be stated with particularity. Malice, intent, knowledge and other conditions of mind of a person may be averred generally.

Ark. R. Civ.P. 9(b). A claim for fraud must provide detail as to the persons who allegedly made the misrepresentations and more than conclusory statements that the plaintiff relied on the statements without specifying what was given up or obtained thereby. J.D. Fields & Co. v. Nucor-Yamato Steel, 976 F. Supp. 2d 1051, 1069 (E.D. Ark. 2013). The purpose of this requirement is to enable the defendant to respond specifically and quickly to the potentially damaging allegations. Id.

In the case at bar, Plaintiffs' claim for fraud in Count IV of the Complaint fails as a matter of law because it does not rise to the requisite (specific) level of pleading under Arkansas

law. It contains some generalized statements regarding the facts alleged,[2] but they are not sufficient to support a claim of fraud under Arkansas law. Plaintiffs only generally plead that they "…relied on the representations and actions of Defendants as Defendants were in positions of trust, private or public, and Defendants [sic] not to make misrepresentations…". Complaint, at ¶ 231. First, there are fifteen defendants named in this action, so the allegation that all of them "were in positions of trust" is non-specific in justifying any reliance by each of the three named Plaintiffs on anything represented by any one of the Defendants. Second, there is no description as to how each plaintiff relied on any misrepresentation to their own detriment. To properly plead a fraud claim, the complaint must clearly set forth the facts relied upon as constituting fraud. Woodend v. Southland Racing Corp., 337 Ark. 380, 385, 989 S.W.2d 505, 508 (1999). Plaintiffs must be limited to the specific facts actually alleged or referred to in Paragraph 228 of the Complaint, none of which support an action for fraud against these Defendants by the Plaintiffs.

Lastly, in Paragraph 233 of the Complaint, Plaintiffs allege: "one of the results of the misrepresentations and allegations of fraud and illegal conduct alleged against Adams Plaintiffs is that their insurance carriers denied coverage, requiring Adams Plaintiffs to be responsible for the cost of defense [in the underlying case]." These are the only specific damages identified by Plaintiffs as flowing from the alleged fraud by the Defendants.[3] However, the Plaintiffs have not identified any misrepresentation to them, that they relied upon, which resulted in these alleged damages. They do not allege, for instance, that they reported the underlying allegations of intentional conduct to the insurance carriers as being true. While the Plaintiffs may have a

[2] "…includes, but not limited to…" (Complaint, at ¶ 228); "Many other false representations of material facts." Id.
[3] Plaintiffs more generally claim "attorneys' fees, costs and other damages."

coverage claim against their carriers, they do not have a claim against these Defendants for fraud.

Because Plaintiffs have failed to plead sufficient facts or damages supporting a claim for fraud under Arkansas law, Count IV of the Complaint must be dismissed.

## IV. PLAINTIFFS' ABUSE OF PROCESS CLAIM (COUNT I) FAILS TO STATE A CLAIM AS TO THESE DEFENDANTS UPON WHICH RELIEF MAY BE GRANTED.

In Count I of their Complaint, Plaintiffs assert an abuse of process claim against these Defendants based on the initiation and prosecution of the Jeff Co Lawsuit. See Complaint, at ¶¶ 203-206. [4]

To state a claim for abuse of process, a plaintiff must show the following:

> (1) a legal motion was set in motion in proper form, even with probable cause and ultimate success;
> (2) the procedure was perverted to accomplish an ulterior purpose for which it was not designed; and
> (3) a willful act is perpetrated in the use of process which is not proper in the regular conduct of proceedings.

Born v. Hosto & Buchan, PLLC, 2010 Ark. 292, 372 S.W.3d 324, 331 (2010) (citing South Ark. Petroleum Co. v. Schiesser, 343 Ark. 492, 36 S.W.3d 31 (2001)).

> This court has stated that the test of abuse of process is whether a judicial process is used to extort or coerce. The key to the tort is the improper use of process after its issuance in order to accomplish a purpose for which the process was not designed. Thus, it is the purpose for which the process is used, once issued, that is important in reaching a conclusion.

Schiesser, 343 Ark. at 501-502 (citing Routh Wrecker Serv., Inc. v. Washington, 335 Ark. 232, 980 S.W.2d 240 (1998) and Harmon v. Carco Carriage Corp., 320 Ark. 322, 895 S.W.2d 938 (1995)) (internal citations omitted).

---

[4] Plaintiffs also claim abuse of process arising out of actions taken by other Defendants related to the initiation and prosecution of the Second Probate Case, but those claims are not directed at these Defendants, who were not counsel of record in the Second Probate Case. See Exhibits 4, 5, 14, 15 to Complaint.

"Abuse of process is a narrow tort." National Bank of Arkansas v. River Crossing Partners, LLC, 2011 Ark. 475, 385 S.W.3d 754, 761 (2011) (citing Union Nat'l Bank of Little Rock v. Kutait, 312 Ark. 14, 846 S.W.2d 652 (1993)) (affirming trial court's dismissal of abuse of process claim for failure to establish an ulterior motive). "Proof that a litigant filed a vexatious lawsuit is not sufficient by itself to prove that the litigant committed abuse of process because there must also be proof of a specific abusive use of process." Carmical v. McAfee, 68 Ark. App. 313, 328, 7 S.W.3d 350, 360-361 (1999) (citing McNair v. McNair, 316 Ark. 299, 870 S.W.2d 756 (1994) and Morse v. Morse, 60 Ark. App. 215, 961 S.W.2d 777 (1998)).

Arkansas courts have recognized an improper purpose supporting an abuse of process claim in situations such as a case where a criminal prosecution was used to coerce or extort a settlement or recovery in a civil action, see Routh Wrecker Serv., Inc. v. Washington, 335 Ark. 232, 980 S.W.2d 240 (1998) and Harmon v. Carco Carriage Corp., 320 Ark. 322, 895 S.W.2d 938 (1995), and efforts by a collection agency to garnish the wages of a spouse knowing she was not liable for her husband's debts, see Lewis v. Burdine, 240 Ark. 821, 402 S.W.2d 398 (1966). Where abuse of process was alleged against an attorney for "filing the underlying lawsuits in order to coerce the payment of debts that were not owed," the Arkansas Supreme Court has declined to permit such a claim to proceed. Born, 372 S.W.3d at 331.

While the Plaintiffs allege generally that "[t]he Jeff Co Lawsuit was willfully initiated and carried out for an improper purpose" by these Defendants and others, and "[t]he judicial processes in the Jeff Co Lawsuit were used to attempt to extort or coerce Adams Plaintiffs and obtain leverage over Adams Plaintiffs in the Jeff Co Lawsuit," their Complaint is devoid of allegations as to what that improper purpose was. Complaint, at ¶¶ 203-204. Plaintiffs essentially argue, therefore, that these Defendants filed and pursued the Jeff Co Lawsuit in order

to prevail in that very same lawsuit. That is not a purpose for which the process was not designed. Plaintiffs should not be permitted to pursue this narrow tort against these Defendants where they have failed to properly plead its elements. Dismissal is, therefore, appropriate.

## V. PLAINTIFFS' CIVIL CONSPIRACY CLAIM (COUNT II) FAILS TO STATE A CLAIM AS TO THESE DEFENDANTS UPON WHICH RELIEF MAY BE GRANTED.

In Count II of their Complaint, Plaintiffs allege a cause of action for civil conspiracy. In addition to the arguments set forth in other sections herein, this cause of action should be dismissed on the basis of the statutory immunity afforded to these Defendants, the Plaintiffs' impermissibly general, vague, and conclusory pleading of their civil conspiracy claim, and Arkansas case law finding that there can be no conspiracy between attorney and client.

In Arkansas, to prove a civil conspiracy, a plaintiff must show that two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive or immoral means, to the injury of another. Chambers v. Stern, 347 Ark. 395, 64 S.W.3d 737 (2002); Dodson v. Allstate Ins. Co., 345 Ark. 430, 47 S.W.3d 866 (2001); Mason v. Funderburk, 247 Ark. 521, 446 S.W.2d 543 (1969). A civil conspiracy is not actionable in and of itself, but a recovery may be had for damages caused by acts committed pursuant to the conspiracy. Chambers v. Stern, supra; Dodson v. Allstate Ins. Co., supra. A civil conspiracy is an intentional tort which requires a specific intent to accomplish the contemplated wrong. Chambers v. Stern, supra; Dodson v. Allstate Ins. Co., supra.

A conspiracy may be shown by direct evidence of an actual agreement or understanding between conspirators, but it may also be shown by circumstantial evidence. Chapline v. State, 77 Ark. 444, 95 S.W. 477 (1906). It also may be inferred from actions of alleged conspirators, if it

be shown that they pursued the same unlawful object, each doing a part, so that their acts, although apparently independent, are in fact connected and cooperative, indicating a closeness of personal association and a concurrence of sentiment. Wilson v. Davis, 138 Ark. 111, 211 S.W. 152 (1919); Stewart v. Hedrick, 205 Ark. 1063, 172 S.W.2d 416 (1943). Any act done or declaration made by one of the conspirators in furtherance, aid or perpetration of the alleged conspiracy may be shown as evidence against his fellow conspirators. Wilson v. Davis, supra; Chapline v. State, supra.

First, as shown above in Section II herein, these Defendants are immune from suit for all causes of action based on their actions as attorneys. Thus, it would be impossible to have a conspiracy to commit an act of which these Defendants are immune. Where the underlying tort fails, the corresponding conspiracy claim must also fail. See Ballard Group, Inc. v. BP Lubricants USA, Inc., 436 S.W.3d 445, 455 (Ark. 2014). To allow otherwise would permit a backdoor way of recovery. The legislature could have excluded conspiracy from the attorney immunity statute and did not. Thus, pleading conspiracy in Arkansas does not pierce immunity, and the conspiracy claims fails as a matter of law.[5] Similarly, as noted above in Section III, the fraud claim fails to state a claim upon which relief may be granted for a host of reasons, all of which mean that conspiracy to commit fraud also fails as a matter of law.

Second, Plaintiffs have failed to properly plead a claim for civil conspiracy. The Complaint does not identify any other party or non-party with whom these Defendants are alleged to have conspired or acts taken in furtherance of an alleged conspiracy, instead alleging

[5] The Arkansas Supreme Court held that absolute immunity applies to state prosecutors when state law causes of action are asserted. Newton v. Etoch, 332 Ark. 325, 335-39 (1998) (applying Buckley standard where claims of false imprisonment, malicious prosecution, abuse of process, outrage and slander were asserted against a deputy prosecuting attorney). The Etoch claims were intentional torts, like the ones pled against these Defendants by Plaintiffs. While these are in the context of prosecutorial immunity, it is arguable by analogy that an attorney would similarly have immunity under the applicable statute for the same torts pled against these Defendants.

conspiracy generally. See, e.g. Complaint, at ¶ 208 (conspiracy is pled against "some or all" defendants); ¶ 209 ("Upon information and belief, some or all . . . Defendants knowingly entered into an agreement . . . ."); ¶ 210 (same); ¶ 211 (same); ¶ 212 ("Defendants . . . individually and/or collectively"); ¶ 218 ("independently and/or in connection with all of the other torts alleged against them"); ¶ 220 (noting damages may naturally or probably result, but not confirming which). Plaintiffs' civil conspiracy claim should be dismissed on this basis.

Third, to the extent Plaintiffs attempt to argue that these Defendants are liable for conspiring with their clients in the Jeff Co Lawsuit, such a claim fails as a matter of law because Arkansas does not recognize a conspiracy between attorney and client. In Heffernan v. Hunter, 189 F.3d 405 (3d Cir.1999), a plaintiff sought damages against an attorney under the anti-conspiracy sections of the Civil Rights Act of 1871, codified at 42 U.S.C. § 1985(2). The Third Circuit Court of Appeals extended the holding in its cases barring liability for conspiracy between corporations and their agents and announced a "ban on conspiracies in the attorney-client context." Id. at 413. This holding was followed by the Supreme Court of Arkansas in Born v. Hosto & Buchan PLLC, 2010 Ark. 292, 332 (2010), which held there can be no civil conspiracy between an attorney and his client for actions undertaken in the furtherance of the legal representation.

On the basis of the statutory immunity afforded to these Defendants, the Plaintiffs' impermissibly general, vague, and conclusory pleading of their civil conspiracy claim, and Arkansas case law finding that there can be no conspiracy between attorney and client, Plaintiffs' civil conspiracy cause of action fails to state a claim upon which relief can be granted, and it should be dismissed.

## VI. PLAINTIFFS' NEGLIGENCE-BASED CLAIM (COUNT III) FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Plaintiffs' Complaint fails to state a claim for Negligence (Count III) against Separate Defendants, Luther Sutter, Lucien Gillham and Sutter & Gillham, P.L.L.C. upon which relief may be granted, as these Defendants owed no legal duty to Plaintiffs. Additionally, to the extent this cause of action is predicated upon alleged violations of the Model Rules of Professional Conduct, Arkansas courts have repeatedly held that cannot be used as a basis of civil liability. See, e.g., Allen v. Allison, 155 S.W.3d. 682 (Ark. 2004); Orsini v. Larry Moyer Trucking, Inc., 833 S.W.2d. 366, 369 (Ark. 1992) (citing. "Scope," Model Rules of Professional Conduct, by per curiam order of the Supreme Court of Arkansas, December 16, 1985); Wiseman v. Batchelor, 864 S.W.2d 248, 250 (Ark. 1993).

Count III of the Plaintiffs' Complaint, which attempts to set forth a negligence claim, provides in full as follows:

**COUNT III – NEGLIGENCE**

> 221. Adams Plaintiffs reallege and incorporate herein each and every paragraph contained in the foregoing paragraphs of this complaint.
> 222. The conduct of Defendants as more specifically outlined above was at best, negligent, and at worst fraudulent.
> 223. Defendants owed Adams Plaintiffs duties, among others, of professional responsibility, candor, ethical conduct, to abide by laws, rules, regulations, and public trust, and compliance with policies and procedures governing them and their respective businesses and professions.
> 224. Defendants failed to abide by the duties governing them and their respective businesses and professions.
> 225. Because of Defendants' conduct, operating unilaterally or collectively, they breached their respective duties to Adams Plaintiffs and caused harm and damages to Adams Plaintiffs as outlined in this complaint.
> 226. Adams Plaintiffs suffered compensatory damages in the form of attorneys' fees and costs. The amount of compensatory damages will be determined at trial.

To prove negligence, a plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injuries. Duran v. SW Ark. Elec. Coop. Corp., 2018 Ark. 33, 537 S.W.3d 722 (2018).

Duty arises out of the recognition that the relation between individuals may impose upon one a legal obligation for the benefit of another. Id. Whether a duty is owed to a plaintiff alleging negligence is always a question of law and not one for the jury, and if the court finds that no duty of care is owed, dismissal is appropriate. Kowalski v. Rose Drugs of Dardanelle, 2011 Ark. 44, 378 S.W.3d 109 (2011).

These Defendants owed Plaintiffs as opposing parties in litigation no legally recognizable duty of care which would satisfy the duty element of a civil negligence claim. As has been recognized by the Arkansas Supreme Court, "[t]o create a duty in an attorney which flows both to the client and to the opposing party seems to be untenable and in diametric conflict." Wiseman v. Batchelor, 864 S.W.2d 248, 250 (Ark. 1993) (citations omitted). The Wiseman court likewise rejected the plaintiffs' argument that the general duty owed by an attorney to the public as an officer of the court under the Model Rules of Professional Conduct or by the attorney's Oath satisfied the duty element required for constructive fraud. Id. As recognized by the Arkansas Supreme Court in Fleming v. Cox Law Firm:

> [A]n attorney owes a duty of care only to the client and not to third parties. This privity rule ensures that "attorneys may in all cases zealously represent their clients without the threat of suit from third parties compromising that representation."

Fleming v. Cox Law Firm, 210 S.W.3d 866, 869 (Ark. 2005) (quoting Hedges v. Durrance, 175 Vt. 588, 589, 834 A.2d 1, 3 (2003) (quoting Barcelo v. Elliott, 923 S.W.2d 575, 578–79 (Tex.1996))).

Because these Defendants owed no legally recognizable duty to the Plaintiffs which could be breached, Plaintiffs' Complaint fails to state a cause of action for negligence against them upon which relief may be granted.

In addition, Arkansas courts and federal courts applying Arkansas law have long held that a complaint largely predicated on alleged violations of rules of professional conduct,[6] such as Plaintiffs' negligence claim herein, cannot be used as a basis for civil liability. Allen v. Allison, 356 Ark. 403, 155 S.W.3d 682 (2004) (holding that those rules are to provide guidance to lawyers and to provide a structure for regulatory conduct through disciplinary agencies and that no cause of action should arise from a violation, nor should it create any presumption that a legal duty has been breached). The Model Rules of Professional Conduct are not designed to be a basis for civil liability, nor does violation of one of them give rise to a cause of action. See Orsini v. Larry Moyer Trucking, Inc., 310 Ark. 179, 184, 833 S.W.2d 366, 369 (1992); Morrison v. Hosto, Buchan, Prater & Lawrence, PLLC, 2009 WL 3010917 (E.D. Ark. 2009).

As noted by the Arkansas Supreme Court in Wiseman:

> We further note where our Model Rules of Professional Conduct specifically state: "Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached." *Scope*, Model Rules of Professional Conduct (adopted by Per Curiam Order Dec. 16, 1985).

Wiseman, 864 S.W.2d at 250. As the Model Rules of Professional Conduct are not designed to be a basis for civil liability, nor does violation of said Rules give rise to a cause of action, Plaintiffs fail to state a claim for negligence in Count III of their Complaint upon which relief may be granted.

## VII. PLAINTIFFS' OUTRAGE CLAIM (COUNT VII) FAILS TO STATE A CLAIM AS TO THESE DEFENDANTS UPON WHICH RELIEF MAY BE GRANTED.

[6] Although Plaintiffs do not reference a specific Model Rule of Professional Conduct in their Complaint, their allegation in Paragraph 223 that Defendants owed Plaintiffs duties of "professional responsibility, candor, ethical conduct, to abide by laws, rules, regulations, and public trust, and compliance with policies and procedures governing them and their respective businesses and professions" is obviously an unspoken reference to and reliance upon the Model Rules of Professional Conduct as a basis for their claim of negligence.

Count VII of the Complaint alleges all Defendants committed the tort of outrage, but Count VII fails as a matter of law against these Defendants because (1) Plaintiffs have not pled the required damages to make out a claim of outrage, (2) Plaintiffs have not shown the alleged acts of these Defendants were of the type necessary to make out a claim of outrage, and (3) the Supreme Court has already cautioned against a court linking attorney conduct as a lawyer with the tort of outrage.

To establish an outrage claim, a plaintiff must demonstrate the following elements: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community;" (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. Angle v. Alexander, 328 Ark. 714, 721, 945 S.W.2d 933 (1997). The type of conduct that meets the standard for outrage must be determined on a case-by-case basis. Hollomon v. Keadle, 326 Ark. 168, 931 S.W.2d 413 (1996).

The Arkansas Supreme Court takes a narrow view to the tort of outrage, and it requires clear-cut proof to establish the elements of outrage cases. Croom v. Younts, 323 Ark. 95, 913 S.W.2d 283 (1996). Merely describing the conduct as outrageous does not make it so. Renfro v. Adkins, 323 Ark. 288, 914 S.W.2d 306 (1996). Clear-cut proof, however, does not mean proof greater than a preponderance of the evidence. Croom, 323 Ark. 95, 913 S.W.2d 283; see also McQuay v. Guntharp, 331 Ark. 466, 470–471, 963 S.W.2d 583, 585 (1998).

As noted by the Supreme Court, "the tort of outrage should not and does not open the doors of the courts to every slight insult or indignity one must endure in life." Travelers Ins. Co.

v. Smith, 338 Ark. 81, 89, 991 S.W.2d 591 (1999) (citing Tandy Corp. v. Bone, 283 Ark. 399, 405, 678 S.W.2d 312, 315 (1984)).

> The emotional distress for which damages may be sought must be so severe that no reasonable person could be expected to endure it. It must be reasonable and justified under the circumstances. Liability arises only when the distress is extreme.

M.B.M. Company, Inc. v. Counce, 268 Ark. 269, 280, 596 S.W.2d 681, 687 (1980) (citing Restatement, Torts 2d 78, 46, Comment j); see, e.g., Island v. Buena Vista Resort, 352 Ark. 548, 103 S.W.3d 671 (2003) (finding no outrage proven when the alleged emotional distress of the plaintiff was not severe, where plaintiff did not allege any peculiar susceptibility to emotional distress on her part, and the effect on the plaintiff of the conduct complained of was inconsequential); Givens v. Hixson, 275 Ark. 370, 631 S.W.2d 263 (1982) (holding that simply describing conduct as outrageous does not make it so); Marlar v. Daniel, 368 Ark. 505 (2007) (finding no outrage when an appraiser was alleged to have intentionally lied on an appraisal); but see Croom v. Younts, 323 Ark. 95 (Ark. 1996) (finding outrage present when a minor victim of sexual assault by her uncle attempted suicide on multiple occasions).

In FMC Corp., Inc. v. Helton, 360 Ark. 465, 202 S.W.3d 490 (2005), the Arkansas Supreme Court held that an outrage claim was unsupportable, even where the plaintiff testified that, as a result of the defendant's conduct, he was unable to sleep, lost weight, and had to start taking antidepressants, and described his distress as being "as severe as that caused by losing his mother." Helton, 360 Ark. at 486, 202 S.W.3d at 505. The Supreme Court explained that "[w]hile appellees testified about suffering sleep loss, loss of appetite, and anxiety, such distress is the type that reasonable people may be faced with throughout their lives. It does not satisfy the

type of distress encompassed by a claim for outrage." Id.;[7] see also Cordes v. Outdoor Living Ctr., Inc., 301 Ark. 26, 781 S.W.2d 31 (1989) (holding that allegations that a defendant caused the plaintiffs to be arrested, even if proven, did not rise to a level sufficient to support a claim for damages for the tort of outrage.).

In the case at bar, the Complaint, even at 102 pages, does not show damages that amount to the severe and extreme nature required to make out a claim for outrage. Arkansas courts require extreme damages in outrage scenarios – hospitalizations, attempted suicide, diagnosis of cancer and even refusing to give someone necessary medication. Here, the Complaint fails to allege any serious damages linked to the actions of these Defendants. Financial loss in the form of attorneys' fees paid is not an extreme emotional loss. See e.g. Complaint at ¶ 217 (describing damages in the complaint as "Adams Plaintiffs have suffered damages by being forced to donate extraordinary amounts of time, and financial and emotional resources to uncover, refute and defends the baseless allegations . . . including substantial attorney's fees and costs"). These damages do not rise to the level required to state a claim for outrage.

Additionally, the alleged actions are not of the degree commonly linked to outrage in Arkansas. Statutory rape, refusing to give a person medication needed, and driving heavy machinery over a family member's gravesite causing desecration of bodies are three examples of conduct, as noted above, that have been found to rise to the level of extreme behavior needed for outrage. As to these Defendants, the Plaintiffs' Complaint paints a picture of attorneys taking steps to maximize case value in heated litigation involving the death of a young man. All of the

[7] Compare Croom v. Younts, supra (outrage verdict upheld where fifty-one-year-old man engaged in a sexual relationship with his fifteen-year-old cousin, and the girl was prescribed an antidepressant and later even attempted suicide when her mother confronted the older cousin about the relationship); Growth Properties I v. Cannon, 282 Ark. 472, 669 S.W.2d 447 (1984) (cemetery owner's actions in running heavy construction equipment over burial plots in such a way as to damage and expose burial vaults, including the vault belonging to plaintiffs' loved ones, caused "severe mental anguish and distress" to the plaintiffs).

alleged conduct – from autopsies to representations in court to missing documents to witness coaching – is centered on lawyers acting as advocates for their clients. While the conduct may have been unethical, or beneath the standard of care, according to Plaintiffs' allegations[8] – this is not the bar for outrage.

Specifically as it relates to legal conduct, the Arkansas Supreme Court has held that attorney conduct – even when unprofessional – does not amount to the tort of outrage. In Thornton v. Squyres, a client sued an attorney for the tort of outrage when the attorney did not file an answer to a complaint for divorce. See Thornton v. Squyres, 317 Ark. 374 (1994). The client lost custody of a child when the attorney failed to answer. The trial court noted that, "if this is a tort of outrage, then virtually any act of legal malpractice touching and affecting peoples' lives is also a tort of outrage." Id. at 377. The Supreme Court agreed: "The tort of outrage action is not one that can merely be substituted for a legal malpractice claim which involves inattentive, unprofessional or negligent action of an attorney." Id.; see also Hamaker v. Ivy, 51 F.3d 108 (8th Cir. 1995) (affirming District Court that found no outrage when an individual brought state tort claim of outrage against county officials after they arranged to have false arrest warrant served on him).

In the case at bar, at most, the facts pled in the Complaint raise questions of discovery abuse or unprofessional conduct by counsel – but this type of action, per the Supreme Court, does not make out a claim for outrage as against these Defendants, who are attorneys. Plaintiffs' outrage also fails as a matter of law because it does not set forth actions or damages to satisfy the elements of that tort under Arkansas law. It should, therefore, be dismissed for failure to state a claim.

---

[8] Defendants deny any such conduct was unethical, immoral or against the standard of care.

## VIII. PLAINTIFFS' CIVIL ACTION BY CRIME VICTIMS CLAIM (COUNT VI) FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

In Count VI of their Complaint, Plaintiffs allege these Defendants are liable to them pursuant to Arkansas Code Ann. § 16-118-107, which permits "[a]ny person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law" to recover damages, attorney's fees, and costs based on that conduct. Plaintiffs enumerate six (6) felonies in their Complaint that these Defendants are alleged to have committed, giving rise to this tort.[9]

To prevail on a motion to dismiss filed pursuant to Rule 12(b)(6) as to a claim under Arkansas Code Ann. § 16-118-107, a plaintiff must allege facts to show that the defendant(s) "engaged in felonious conduct that proximately caused him injury." Hamby v. Health Management Associates, Inc., 2015 Ark. App. 298, 462 S.W.3d 346, 352 (2015) (affirming trial court's dismissal of claim under Arkansas Code Ann. § 16-118-107 for failure to allege sufficient facts in support). Those requisite factual allegations must go beyond mere conclusions, theories, and speculation.

> Arkansas is a fact-pleading state, and Arkansas Rule of Civil Procedure 8(a)(1) requires that a complaint state facts, not mere conclusions, in order to entitle the pleader to relief. While facts alleged in a complaint are treated as true, the plaintiff's theories or speculation are not.

Id. (citing Born v. Hosto & Buchan, PLLC, 2010 Ark. 292, 372 S.W.3d 324 (2010) and Worden v. Kirchner, 2013 Ark. 509, 431 S.W.3d 243 (2013)) (internal citations omitted).

In the case at bar, the facts alleged to support Plaintiffs' claims against these Defendants pursuant to Arkansas Code Ann. § 16-118-107 likewise fail to meet the requirements of Arkansas law. They are conclusions, theories, and speculation, and most of them are directed to

[9] Plaintiff also allege violations of other criminal laws as to Defendants Chad Kelley and Mike Noble.

other Defendants. Additionally, all such allegations fail to rise to the level of felonious criminal conduct. At most, those allegations may be considered to support an argument for sanctions for discovery abuse or spoliation of evidence. They do not support a claim pursuant to Arkansas Code Ann. § 16-118-107, and this cause of action should be dismissed as to these Defendants.

As an additional basis for dismissal, these Defendants assert that, with regard to Plaintiffs' allegations that these Defendants are liable to them pursuant to Arkansas Code Ann. § 16-118-107 based on the felony of Tampering with Physical Evidence (Arkansas Code Ann. § 5-53-111) by altering, destroying, suppressing, removing, or concealing records, documents, and things pertaining to the disinterment of the Deceased in the course of the First Probate Case, Second Probate Case, and Jeff Co Lawsuit, all of which were / are civil proceedings, not criminal prosecution of a felony, this claim must fail as a matter of law. See Complaint, at ¶ 249. Arkansas Code Ann. § 5-53-111 provides:

> (a) A person commits the offense of tampering with physical evidence if he or she alters, destroys, suppresses, removes, or conceals any record, document, or thing with the purpose of impairing its verity, legibility, or availability in any official proceeding or investigation.
> (b)(1) Tampering with physical evidence is a Class D felony if the person impairs or obstructs the prosecution or defense of a felony. (2) Otherwise, tampering with physical evidence is a Class B misdemeanor.

(emphasis added). Because Plaintiffs' allegations pertaining to Arkansas Code Ann. § 5-53-111 are based on civil actions, not criminal prosecution of a felony, this claim must fail as a matter of law.

As an additional basis for dismissal, these Defendants assert that, with regard to Plaintiffs' allegations that these Defendants are liable to them pursuant to Arkansas Code Ann. § 16-118-107 based on the felony of Abuse of a Corpse (Arkansas Code Ann. § 5-60-101) by knowingly and unlawfully exhuming the body of the Decedent under the guise of disinterment,

Plaintiffs fail to state facts upon which relief can be granted. See Complaint, at ¶ 246. Arkansas Code Ann. § 5-60-101 provides:

> (a) A person commits abuse of a corpse if, except as authorized by law, he or she knowingly:
>
> (1) Disinters, removes, dissects, or mutilates a corpse; or
>
> (2)(A) Physically mistreats or conceals a corpse in a manner offensive to a person of reasonable sensibilities.
>
> (B) A person who conceals a corpse in a manner offensive to a person of reasonable sensibilities that results in the corpse remaining concealed is continuing in a course of conduct under § 5-1-109(e)(1)(B).
>
> (C)(i) As used in this section, "in a manner offensive to a person of reasonable sensibilities" means in a manner that is outside the normal practices of handling or disposing of a corpse.
>
> (ii) "In a manner offensive to a person of reasonable sensibilities" includes without limitation the dismembering, submerging, or burning of a corpse.
>
> (b) Abuse of a corpse is a Class C felony.

The factual allegations in the Complaint relating to the exhumation / disinterment of the body of the Decedent are directed almost exclusively to other Defendants. The only reference to these Defendants in that context is a factual allegation that they and others were "involved with and/or had knowledge of" the exhumation. See Complaint, at ¶ 79; see also id. at ¶ 76-82, 95-104. This factual allegation is not sufficient to allege a violation of Arkansas Code Ann. § 5-60-101, which provides that the felony of abuse of a corpse is committed when a person knowingly disinters, removes, dissects, mutilates, physically mistreats or conceals a corpse. Merely having knowledge of such actions by others is not, according to the plain language of the statute, a violation of Arkansas Code Ann. § 5-60-101. Plaintiffs should not, therefore, be permitted to pursue a claim under Arkansas Code Ann. § 16-118-107 on this basis.

## IX. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED PURSUANT TO ARK. R. CIV. P. 12(b)(8).

Plaintiffs' Complaint should be dismissed pursuant to Ark. R. Civ. P. 12(b)(8) as there is another action pending in the Circuit Court of Jefferson, County, Arkansas, Case No. 35CW-18-

1077, between the same parties to this action arising out of the same transaction or occurrence. Ark. R. Civ. P. 12(b)(8) provides as follows:

> **(b) How Presented.** Every defense, in law or in fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion:…
>
> > (8) pendency of another action between the same parties arising out of the same transaction or occurrence.

The Plaintiffs' case arises from the action still pending in Division 5 of the Circuit Court of Jefferson County, Arkansas in Case No. 35-cv-18-1077. See Exhibit 15 to Plaintiffs' Complaint. Rule 12(b)(8) of the Arkansas Rules of Civil Procedure is clear that, when a lawsuit is commenced while another lawsuit is pending between the same parties concerning the same subject matter, the trial court where the second action is brought has no choice but to dismiss the second lawsuit. See, e.g., Mark Twain Life Ins. Corp. v. Cory, 283 Ark. 55, 670 S.W.2d 809 (1984). Whether the death of Luke Baker was by homicide, accident, or suicide, as well as the issues surrounding the alleged discovery abuses committed by these Defendants in the underlying action, should be litigated in the presently pending Jeff Co Lawsuit under Rule 12(b)(8) of the Arkansas Rules of Civil Procedure.

The second prong of Rule 12(b)(8) of the Arkansas Rules of Civil Procedure requires that both actions involve the same parties. Defendants Luther Sutter, Lucien Gilham and Sutter & Gilham, P.L.L.C. were counsel for Defendant Gena Downey Baker, a named party in both the underlying Jefferson County Lawsuit and the present action brought by the Plaintiffs, who are likewise parties to both the underlying presently pending Jefferson County Lawsuit and the present action. Defendants Luther Sutter, Lucien Gilham and Sutter & Gilham, P.L.L.C.'s status as counsel for Defendant Gena Downey Baker in the Jefferson County Lawsuit is a sufficient

identity of parties under Arkansas law for purposes of Arkansas Rule of Civil Procedure Rule 12(b)(8).

The issue of identity of parties as between an attorney and a client was addressed by the court in the case of Jayel Corporation v. Cochran, 234 S.W.3d 278 (Ark. 2006) wherein the court found that that an attorney-client relationship was sufficient to satisfy the privity requirement for purposes of *res judicata*. In the Cochran case, Cochran was an attorney who had represented a client in an action against defendant Jayel Corporation and had filed a *lis pendens* as to a piece of on Jayel's property on behalf of her clients. In the underlying action, Jayel alleged that the filing of the *lis pendens* was not justified under Arkansas law. During the pendency of the underlying action, it became apparent that Cochran would be called to testify, so he withdrew as the attorney. Subsequent to Cochran's withdrawal, the underlying case was settled and all the underlying claims dismissed with prejudice.

Once the underlying case in which Cochran had served as the attorney was dismissed, Jayel filed a separate tort action against attorney Cochran, alleging that the filing of the *lis pendens* constituted an abuse of process, slander of title, trespass and conversion. On motion filed by attorney Cochran, the trial court dismissed Jayel's claims, finding that those claims were barred under the doctrine of *res judicata* which, like Arkansas Rule of Civil Procedure 12(b)(8), requires as an element the identity of the parties, and that the identity of attorney Cochran and her clients satisfied the requirement, and dismissing the subsequent suit.

Although the situation presented in Jayel was slightly different as it was an action involving the application of the doctrine of *res judicata,* the same rationale applies for dismissal pursuant to Rule 12(b)(8). The issues involved in this case including the cause/manner of death of Luke Baker, deceased and the alleged discovery abuse are the same issues pending

in the Jeff Co Lawsuit, and there is sufficient identity of parties. These issues are or should be properly brought before the court in the Jeff Co. Lawsuit. To allow those issues to be raised before this Court not only can lead to inconsistent results, but also infringes upon the jurisdiction of the Jefferson County Circuit Court in which the original Complaint is pending. As such this matter should be dismissed in accordance with the requirements of Rule 12(b)(8) of the Arkansas Rules of Civil Procedure.

## X. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED PURSUANT TO ARK. R. CIV. P. 12(B)(3) AND 12(B)(7) FOR IMPROPER VENUE.

Plaintiffs' Complaint should be dismissed pursuant to Rules 12(b)(3) and 12(b)(7) of the Arkansas Rules of Civil Procedure for improper venue, as Defendant Chad Kelley, in his official capacity as Jefferson County Coroner ("Kelley"), is an indispensable party to this action, and any action against him must be brought in Jefferson County, Arkansas in accordance with Arkansas Code Ann. § 16-60-103(2). Because he is subject to dismissal for improper venue in this Court, and the case cannot proceed without him as an indispensable party, the case against all Defendants is subject to dismissal on that basis.

Rule 12(b) of the Arkansas Rules of Civil Procedure provides as follows:

> **(b) How Presented.** Every defense, in law or in fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion:…
>
> (3) improper venue… (7) failure to join a party under Rule 19….

Rule 19(a) of the Arkansas Rules of Civil Procedure provides, in pertinent part, as follows:

> **(a) Persons to Be Joined If Feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties….

In their Complaint, Plaintiffs allege that Defendant Chad Kelley is "the publicly elected coroner of Jefferson County, Arkansas." Complaint, at ¶ 17. He is also included in the group of Defendants referred to by the Plaintiffs in the Complaint as "the Abuse of Process Defendants." See id., at ¶ 21. All seven (7) of the Plaintiffs' causes of action are directed toward Defendant Chad Kelley, either in his role as one of the "Abuse of Process Defendants," or individually. Defendant Chad Kelley's conduct forms the sole basis of Plaintiff's Count V, FOIA Violations and Other Torts. See id., at ¶¶ 235-241. Viewing the facts alleged in the Complaint as true and in the light most favorable to the Plaintiffs, therefore, Defendant Chad Kelley is clearly an indispensable party. See Wilmans v. Sears, Roebuck & Co., 355 Ark. 668, 671, 144 S.W.3d 245, 247 (2004).

Pursuant to Arkansas Code Ann. § 16-60-103, venue for any action against Defendant Chad Kelley lies exclusively in Jefferson County, as that is where he served in an official capacity and where his alleged conduct as the Jefferson County Coroner took place. Arkansas Code Ann. § 16-60-103(2) requires "[a] civil action against a public officer for an act done by him or her in virtue or under color of his or her office, or for a neglect of official duty" to be brought in "the county where the cause, or some part of the cause, arose." Plaintiffs' claims against Defendant Chad Kelley, which encompass his individual and official capacity according to the Complaint, must, therefore, be brought in Jefferson County, Arkansas.

This Court is not a proper venue for claims against Defendant Chad Kelley. Because Defendant Chad Kelley is an indispensable party to this action, and because venue is improper for the actions asserted against him in this Court, the matter must be dismissed as to all parties pursuant to Ark. R. Civ. P. 12(b).

**CONCLUSION**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted under Arkansas law as to these Defendants, who are immune from Plaintiffs' allegations pursuant to Arkansas Code Ann. § 16-22-310; it should, therefore, be dismissed on that basis. Pleading in the alternative, Plaintiffs' claims amount to allegations of discovery abuse / spoliation of evidence, which is not a recognized basis for a civil cause of action in Arkansas, and venue is improper; they should, therefore, be dismissed on that basis. Pleading in the alternative yet again, each of Plaintiffs' causes of action contains deficiencies as a matter of law that justify their dismissal pursuant to Rules 8 and 12 of the Arkansas Rules of Civil Procedure.

**WHEREFORE**, Separate Defendants, Luther Sutter, Lucien Gillham and Sutter & Gillham, P.L.L.C., pray for an Order of Dismissal with prejudice, for reasonable attorneys' fees, for costs, and for all other proper relief.

Respectfully submitted,

______________________________________

RICHARD GLASSMAN (#2012009)
EDWIN E. WALLIS III (#2015020)
Glassman, Wyatt, Tuttle & Cox P.C.
26 North Second Street
Memphis, TN 38103
Telephone: (901) 527-4673
Fax: (901) 521-0940
Email: rglassman@gwtclaw.com
Email: ewallis@gwtclaw.com

***Counsel for Defendants Sutter & Gillham, PLLC, Luther Sutter and Lucien Gillham***

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served on this 26th day of May, 2021, via ECF and/or Email and/or U.S. Mail, upon all counsel of record:

| | |
|---|---|
| Teresa Wineland, Esq.<br>Kutak Rock, LLP<br>One Union National Plaza<br>124 West Capitol Avenue, Suite 2200<br>Little Rock, AR 72201<br>***Attorney for Defendants Michael Noble, Allen Noble, and Noble Investigations, Inc.*** | Harrison Kemp, Esq.<br>Mann & Kemp, PLLC<br>221 West Second Street, Suite 408<br>Little Rock, AR 72201<br>***Attorney for Defendants Gena Downey Baker and Savannah Baker Case*** |
| Dylan J. Botteicher, Esq.<br>Cox, Sterling, McClure & Vandiver, PLLC<br>8712 Counts Massie Road<br>North Little Rock, AR 72113<br>***Attorney for Defendants Kerry Baker and Kerry Baker as Administrator of the Estate of James Luke Baker*** | J. Barrett Deacon, Esq.<br>Lauren O. Baber, Esq.<br>Mayer LLP<br>2434 E. Joyce Blvd, Suite 6<br>Fayetteville, AR 72703<br>***Attorneys for Defendant Denver Roller, Inc. d/b/a Roller-McNutt Funeral Home*** |
| Edwin L. Lowther, Jr., Esq.<br>Judy Simmons Henry, Esq.<br>Scott A. Irby, Esq.<br>Jacob P. Fair, Esq.<br>Wright, Lindsey & Jennings LLP<br>200 West Capitol Avenue, Suite 2300<br>Little Rock, Arkansas 72201-3699<br><br>Efrem B. Neely, Sr., Esq.<br>Neely Law Firm<br>1514 South Poplar<br>Pine Bluff, AR 71601<br><br>Thomas G. Williams, Esq.<br>Joseph W. Price, II, Esq.<br>Quattlebaum, Grooms & Tull PLLC<br>111 Center Street, Suite 1900<br>Little Rock, AR 72201<br><br>***Attorneys for Plaintiffs*** | Jason E. Owens, Esq.<br>Brooklyn Parker, Esq.<br>Jason Owens Law Firm, PA<br>P.O. Box 850<br>Conway, AR 72033-0850<br>***Attorneys for Defendant Chad Kelley***<br><br>James L. Bargar, Esq.<br>The Bargar Law Firm, PA<br>243 US-64<br>Conway, AR 72032<br>***Attorney for Defendant Luther Sutter***<br><br>Kenneth Gregory Stephens, Esq.<br>K. Gregory Stephens, PA<br>P.O. Box 1048<br>Conway, AR 72034 |

/s/ Richard Glassman
RICHARD GLASSMAN