IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SUTTER & GILLHAM, PLLC, et al.                                    PLAINTIFFS

v.                                    Case No: 4:23CV-78-BSM

JUDY SIMMONS HENRY, et al.                                    DEFENDANTS

**PLAINTIFFS' SURREPLY**

Plaintiffs, pro se and the through counsel, state as follows:

1.      On *Rooker-Feldman*, Defendants cite to *Shelby Cnty. Health Care Corp. v. Southern Farm Bureau*, but that case stated: "'The *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)."  855 F.3d 836, 840 (8th Cir. 2017).  Defendants have repeatedly made statements like: "The Jefferson County sanctions order speaks for itself, and these defendants do not argue that plaintiffs are parties to that order."  D.E. 49, p. 4; D.E. 50;  D.E. 51.  The question is, if Sutter & Gillham, the Plaintiff in this case is allowed to proceed,, does it undo the Circuit Court Order against the Baker Estate, Kerry Baker,  Savannah Baker, and Gena Baker, and the answer to that question is no.  Thus, Rooker-Feldman does not apply.

2.      On *Younger* abstention, the cases involve situations where a federal court plaintiff attempted to stop a state court criminal action, or a civil action brought in state court, if it implicated important state interests, and amounted to an effort to stop a judicial process, or interfere with the ability of the Courts to apply and interpret their own rules.   Here, the Committee on Professional Conduct has not brought charges against Plaintiffs.  It is conducting an investigation.  There is no pending proceeding.  If this case goes forward, and Plaintiffs win, would that mean the Committee could not investigate, and even bring charges on ethical issues? No.   If this case goes forward and discovery occurs, could the committee use that discovery to further its own investigation? Yes.  Accordingly, because there is no proceeding to

interrupt, and because even if there were, this case could not interfere with it, and might in fact expedite it there is no basis for *Younger* abstention.   Defendant cites *Fieger v. Ferry*, 471 F.3d 637,  644 (6th Cir. 2006), but a review of that case shows that the Plaintiff was attempting to sue Judges for refusing to recuse from cases where he was involved.    That goes directly to administering the Court system, and is nothing like this case.

3.        Defendants arguments as to res judicata and collateral estoppel reveal exactly that the plan was in getting this Order.   They state: "The Jefferson County sanctions order actually litigated the facts that the plaintiffs allegations in that matter were "baseless" and that the conduct of the Jefferson County plaintiffs and their attorneys, including plaintiffs here, were improper."   D.E. 49, p. 15; D.E. 50;   D.E. 51. They state that: "*Res judicata* will not allow plaintiffs to challenge the findings of a prior judgment as false."  D.E. 49, p. 13; D.E. 50; D.E. 51. Clearly, if *Adams v. Sutter* comes back down, they will use the Jefferson County Order to attempt to deprive the Plaintiffs in this case of their right to a jury trial in that case.  That is an abuse of process. Taking a judgment against one party, in order to deprive another person of their right to a jury trial to make false allegations is an improper use of process. But Defendants are precluded by their own conduct, representations and judicial actions from abusing the doctrines of collateral estoppel and res judicata.  Defendants have said:

> . . . the judgment/sanctions order takes no action against plaintiffs; indeed, it does not make any direct reference to plaintiffs or even use their names at any point. (See generally Ex. C to Compl., Sanctions Order.) The judgment/sanctions order simply dismiss plaintiffs' former client's complaint with prejudice.

D.E. 30, p. 12 (Neely). Thus, Neely argues that Plaintiffs in this case have no standing to sue over that Order because "Counsel have standing [related to] orders issued directly against them, *but not from orders applicable only to their clients*." D.E. 30, p.11 (emphasis added). The Adams Defendants argue identically:

> . . . the Jefferson County sanctions order takes no action against the plaintiffs, makes no direct reference to any of the plaintiffs, and does not even use their names at any point. (See generally Ex. C to Compl., Sanctions Order.) The sanctions order simply dismiss plaintiffs' former client's complaint with prejudice. As such, the Jefferson County sanctions order is not an adverse action against these plaintiffs."

2

D.E. 33, p. 28. According to the Adams Defendants, that Order merely dismissed with prejudice the Complaint of Plaintiffs' former client, and did not deprive them of their right to practice law, pursue their profession, or deprive them of any property right. D.E. 39, p. 29. The Adams Defendants state that because Plaintiffs had withdrawn they were not:

> entitled to any notice or opportunity to be heard on a sanctions motion that neither sought nor obtained relief from the attorneys. Again, plaintiffs here are conflating their former client's interests with their own. . . . Plaintiffs had no constitutional right to participate in an action where they no longer represented a party.

D.E. 33, p. 30. The Adams Defendants expressly state who the parties to the Baker case were, and the Plaintiffs in this case are not included in the parties to the Baker case. D.E. 33, p. 2-3 (citing Ex. A to Compl, Jefferson County Compl.; Ex. B to Motion, Jefferson County Am. Compl.). The Adams Defendants, through the WLJ and Neely Defendants opposed this, taking this position:

> To intervene, Mr. Sutter must satisfy the requirement that he "claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest." Ark. R. Civ. P. 24(a). It is a well-recognized general rule that strangers to the record have no standing on which to base an application to vacate a judgment, unless so authorized by statute. *Weill v. Weill*, 226 Ark. 206, 288 S.W.2d 946 (1956).
>
> Here, the property/transaction is a wrongful death case, and Mr. Sutter is neither an heir nor personal representative of the deceased. For this reason, he has no personal interest in this case, and the motion to intervene should be denied.
>
> Mr. Sutter also claims he is seeking to intervene to file a motion to vacate or set aside the final order dismissing this case with prejudice. Because Mr. Sutter was only counsel of record before he voluntarily withdrew as counsel, he has no standing to set aside an order where he was not a party, but rather, an officer of the court.

Ex. C, Rsp. To Mot. Intervene, *Baker v. Adams*, Case No. 35cv-18-1077 (Jeff. Co. Cir. Ct. 7/15/21). They then obtained relief based on that position. Ex. D, Order, *Baker v. Adams*, Case No. 35cv-18-1077 (Jeff. Co. Cir. Ct. 8/2/21).  They take this position even in their Reply when confronted with the issues:

(2) the Jefferson County sanctions order took no action against the plaintiffs, makes no direct reference to them, and does not even use their names; and (3) the Jefferson County sanctions order is not alleged to have caused anything but reputational harms,

D.E. 49, p. 18.

4.      Defendants cannot have their cake and eat it too.  *If* Plaintiffs interests cannot be conflated with the Bakers, *if* Plaintiffs had no interest impinged by the Order in Jefferson County, *if* the Jefferson County sanctions Order takes no action against them and affects Plaintiffs in no way; that is all inconsistent with causing the Plaintiffs claims in this case, defenses in another case, and their right to a jury trial, to cease to exist, and essentially guaranteeing judgment will be granted against them.   Defendants took the position in the *Baker* case that no interest of Plaintiffs was impacted, and obtained relief, denial of intervention.  They must live with it.  They now take that position in this case, and seek relief based  on it, dismissal of these claims. Defendants are therefore judicially estopped from their arguments related to res judicata and collateral estoppel.

5.      On the other hand, even in circumstances where the sanctions Order does not effect Plaintiff, they have been injured, suffering investigation by committee, loss of their financial income in the Baker and Davis cases, having their ability to practice law impaired, and having to pay to defend the frivolous lawsuit in Faulkner County.

WHEREFORE, PLAINTIFFS pray for an Order denying the Motion to Dismiss.

Respectfully submitted,

**SUTTER& GILLHAM, P.L.L.C**.
Attorneys at Law
Post Office Box 2012
Benton, Arkansas 72018
(501) 315-1910 -  Office
(501) 315-1916 – Facsimile
*Counsel for the Plaintiff(s)*

By:     */s/ Luther Oneal Sutter*
              Luther Oneal Sutter, Ark. Bar #95031

4

By:    */s/ Lucien Gillham*
Lucien Gillham, Ark. Bar #99199

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served on 1st day of November, 2022, via ECF, upon **_ALL_** counsel of record:

By:   _/s/ Luther Oneal Sutter_
         Luther Oneal Sutter, Ark. Bar #95031

By:   _/s/ Lucien Gillham_
         Lucien Gillham, Ark. Bar #99199