IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SUTTER & GILLHAM PLLC,** *et al.*                                                                PLAINTIFFS

v.                              CASE NO: 4:23-CV-00078-BSM

**JUDY SIMMONS HENRY,** *et al.*                                                             DEFENDANTS

## ORDER

The motions to dismiss filed by Chris Burks, Brandon Haubert, and WH Law [Doc. No. 16]; Tommy Williams [Doc. No. 26]; Efrem Neely [Doc. No. 29]; Bryan Brandon and Skylar Adams [Doc. No. 31]; Eric Bell [Doc. No. 32]; and by Jacob Fair, Judy Simmons Henry, Scott Irby, and Wright Lindsey Jennings LLP [Doc. No. 38] are granted.

## I.  BACKGROUND

Eight years ago, Luke Baker died by gunshot.  Compl. ¶ 32(a), (d), Doc. No. 1.  Five years ago, Baker's estate and several of his family members sued a number of defendants they alleged were involved in his death in Jefferson County Circuit Court ("Wrongful Death Case").  Compl. Ex. A; *Baker v. Adams*, Case No. 35CV-18-1077.  Sutter and Gillham represented Luke's mother Gena Baker in the Wrongful Death Case.  Three years ago, Sutter and Gillham withdrew from representing Baker.  Two years ago, Bryan, Brandon, and Skylar Adams, who were defendants in the Wrongful Death Case, sued Luther Sutter, Lucien Gillham, Sutter & Gillham, PLLC, the plaintiffs in that case, and several other persons and entities in Faulkner County Circuit Court for misconduct relating to their actions in the Wrongful Death Case ("Faulkner County Case").  *Adams v. Sutter*, Case No. 23CV-21-403.

The Faulkner County Case remains pending.

Later in 2021, the Jefferson County Circuit Court held a hearing on a motion to dismiss the Wrongful Death Case and adopted a proposed order finding that abuse of process, fraud, misrepresentations, spoliation, and other misconduct resulting in a miscarriage of justice had occurred and dismissing the suit with prejudice as sanctions. Compl. Exs. E, J; Jun. 22, 2021 Order Motion Granted, Wrongful Death Case. Neither Sutter nor Gilham were present for this hearing but they subsequently learned of it and filed a motion to intervene and for the presiding judge to recuse himself. Compl. ¶¶ 64, 67, Ex. F. The Jefferson County Circuit Court denied this motion. Aug. 2, 2021 Order Denying Motion, Wrongful Death Case. Sutter and Gillham did not appeal the denial.

Further complicating matters, in 2019, Sutter and Gillham sued their former client David Westbrook in Saline County Circuit Court seeking a declaratory judgment that they did not breach their fiduciary duty to him by representing him in an employment lawsuit against a county official connected to the Wrongful Death Case ("Saline County Case"). *Sutter & Gillham, PLLC v. Westbrook*, Case No. 63CV-19-1060. Westbrook counterclaimed for breach of fiduciary duty, breach of contract, fraud, and unjust enrichment and the litigation continues to this day in Jefferson County Circuit Court. Counterclaim, Saline County Case; *Sutter v. Westbrook*, Case No. 35CV-22-965. Chris Burks and Brandon Haubert of the firm WH Law represented Westbrook in the Saline County Case.

This spring, Sutter and Gillham brought this lawsuit against Bryan, Brandon, and Skylar Adams, the Adamses' counsel in the Faulker County Case, several other lawyers who

2

represented the defendants in the Wrongful Death Case, Burks, Haubert, and WH Law. Sutter and Gillham allege that defendants conspired with the Jefferson County Circuit Court Judge to obtain the order dismissing the Wrongful Death Case and worked to destroy their careers and reputations, including by filing a complaint with the Arkansas Committee on Professional Conduct. *See generally* Compl. Defendants are moving to dismiss for lack of subject-matter jurisdiction and failure to state a claim. Despite its convoluted background, this case turns on a simple question: is federal court the proper place to bring these claims?

## II. LEGAL STANDARD

To prevail on a motion to dismiss for lack of subject-mater jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the defendant must successfully attack the complaint, either on its face or on the truth of its allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When the defendant brings a facial attack, all facts alleged in the complaint are accepted as true. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). Consequently, only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint may be considered.. *Id.* These items include "items subject to judicial notice, matters of public record, [and] orders." *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012). The motions to dismiss for lack of subject-matter jurisdiction are facial challenges to jurisdiction because defendants have not presented evidence other than matters of public record in support and the motions may be decided without weighing the truth of plaintiffs' allegations.

## III. DISCUSSION

The *Rooker-Feldman* abstention doctrine compels dismissal of plaintiffs' case because it appears to be an attack on state judgments that could have been appealed in state court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (federal courts should abstain from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments"). *Rooker-Feldman* clearly bars plaintiffs' claims based on the denial of their motion to intervene because plaintiffs were indisputably parties to that order. Whether plaintiffs' claims based on the sanctions order should be dismissed is a more complicated question but must be answered in the affirmative.

*Rooker-Feldman* only applies "against a party not named in an earlier state proceeding" in "limited" circumstances in which federal court review would constitute a *"de facto* appeal." *Lance v. Dennis*, 546 U.S. 459, 466 n.2 (2006). In deciding whether a federal court challenge constitutes such a *de facto* appeal, "[t]he question is whether a federal claimant seeks to appeal a state court judgment that the claimant could have appealed in state court . . . ." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 748 (10th Cir. 2023). Plaintiffs may not challenge the sanctions order in federal court because, although they were not parties to the Wrongful Death Case, they had available state court remedies to challenge the sanctions order.

Plaintiffs had two avenues to appeal the sanctions order in state court, neither of which they pursued. First, they may have been able to appeal the sanctions order directly given the injuries they attribute to it. *See Grinder v. Campbell*, 661 S.W.3d 675, 677 (Ark. 2023) (holding that a nonparty had "the right to appeal where he or she . . . has been

4

aggrieved by the decision, or where he or she has a right sufficiently affected by the judgment") (citation omitted). Second, even if plaintiffs were initially unable to appeal the sanctions order, they could have done so after successfully appealing the denial of their motion to intervene. *See Duffield v. Benton Cnty. Stone Co.*, 254 S.W.3d 726, 728 (Ark. 2007) (recognizing the "right to appeal a denial of a motion to intervene as a matter of right"). Given their ability to appeal in state court, plaintiffs "must follow the appellate procedure through the state courts[,] . . . not recast those claims under section 1983 and try again." *Prince v. Ark. Bd. of Exam'rs in Psych.*, 380 F.3d 337, 340 (8th Cir. 2004) (applying *Rooker-Feldman* doctrine).

The consequences of granting relief on plaintiffs' federal claims confirm that *Rooker-Feldman* applies. The injuries plaintiffs seek to redress "stem[] directly from the state court judgment itself rather than from some separate injury caused by the defendant." *Skit Int'l Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007); Compl. ¶¶ 85, 87, 115, 117-19. This is the case because, if defendants are subject to 42 U.S.C. section 1983 liability, it can only be for corruptly procuring the Jefferson County Circuit Court rulings. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999) ("Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law."); Pls.' Br. Supp. Resp. Mots. Dismiss 20-21, Doc. No. 43. Granting relief would therefore "effectively reverse the state court decision or void its ruling," an outcome *Rooker-Feldman* was developed to prevent. *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1035 (8th Cir. 1999) (citation omitted).

Finally, plaintiffs' allegation of corruption in the procurement of the sanctions order does not prevent the application of *Rooker-Feldman* because that doctrine contains no fraud or due process exception. *See Fielder*, 188 F.3d at 1035-36; *Johnson v. City of Shorewood, Minn.*, 360 F.3d 810, 819 (8th Cir. 2004) (plaintiffs' remedy for alleged misrepresentations in state court proceedings, "if any, is to return to state court and utilize its procedures for remedying fraud").

## IV.  CONCLUSION

For these reasons, the *Rooker-Feldman* doctrine requires abstention from hearing plaintiffs' federal claims, which are dismissed for lack of subject matter jurisdiction. Supplemental jurisdiction over plaintiffs' state law claims is declined and those claims are also dismissed without prejudice. 28 U.S.C. § 1367(c)(3). Consequently, the motions to dismiss by all defendants are granted and plaintiffs' complaint is dismissed without prejudice.

IT IS SO ORDERED this 15th day of December, 2023.

_____
UNITED STATES DISTRICT JUDGE