IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SUTTER & GILLHAM, P.L.L.C.;
LUTHER SUTTER; and LUCIEN GILLHAM                        PLAINTIFFS

VS.                        NO. 4:23-cv-78-BSM

JUDY SIMMONS HENRY; JACOB FAIR;
SCOTT IRBY; WRIGHT, LINDSEY & JENNINGS LLP;
TOMMY WILLIAMS; BRYAN ADAMS; ERIC BELL;
BRANDON ADAMS; SKYLAR ADAMS; EFREM NEELY;
CHRIS BURKS; BRANDON HAUBERT; WH LAW, PLC; and
JOHN DOES 1–100                        DEFENDANTS

**MOTION TO STAY AMENDED INITIAL SCHEDULING ORDER,
FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING ON
MOTIONS TO DISMISS, AND TO REQUEST SPECIFIC FINDINGS AND
CONCLUSIONS ON ALL GROUNDS FOR DISMISSAL**

Defendants Judy Simmons Henry; Jacob P. Fair; Scott A. Irby; Wright,

Lindsey & Jennings LLP ("WLJ"); Tommy Williams; Bryan Adams; Eric Bell;

Brandon Adams; Skylar Adams; and Efrem Neely, Sr. (collectively "defendants")

move to stay the amended initial scheduling order (Doc. 63) pending a ruling on all

grounds for dismissal in defendants' motions to dismiss (Doc. 26, 29, 31, 32, 38)

which have not been addressed by this Court or the Eighth Circuit Court of

Appeals, for leave to file a supplemental brief in support of those motions, and for

specific findings and conclusions on all grounds raised in their motions to dismiss.

For grounds, defendants state:

1.     On February 6, 2023, plaintiffs Sutter & Gillham, P.L.L.C., Luther

Sutter, and Lucien Gillham (collectively "Sutter & Gillham") filed this action,

3465069-v1

asserting constitutional and state-law claims against some of the defendants to an underlying action pending in state court in Jefferson County, Arkansas (Bryan, Brandon, and Skylar Adams), some defense counsel in the Jefferson County action (WLJ, Henry, Irby, Fair, Williams, and Neely), a family and corporate counsel for the Adamses (Eric Bell), and other attorneys not involved in the Jefferson County action (Chris Burks, Brandon Haubert, and wH Law, PLC, who were dismissed from this case while it was pending on appeal).  Doc. 1, at 25–38.

2.      Defendants moved to dismiss Sutter & Gillham's complaint under Fed. R. Civ. P. 12(b)(1) and (6).  (Doc. 26, 29, 31, 32, 38).  Under Rule 12(b)(1), defendants moved to dismiss due to the absence of federal-question jurisdiction and based on the *Rooker-Feldman* doctrine, Sutter & Gillham's failure to exhaust available judicial remedies in state court, Sutter & Gillham's lack of standing, and the *Younger* abstention doctrine.  Defendants also moved to dismiss under Rule 12(b)(6) because Sutter & Gillham's complaint is barred by res judicata and/or collateral estoppel and because on each of their seven claims, Sutter & Gillham failed to plead sufficient facts to plausibly state a claim for relief.

3.      On December 15, 2023, this Court granted defendants' motions to dismiss as to the claims asserted against them under 42 U.S.C. § 1983 based on the *Rooker-Feldman* doctrine.  The Court declined to exercise supplemental jurisdiction over Sutter & Gillham's state-law claims under 28 U.S.C. § 1367(c)(3).  Doc. 54, at 6. The Court did not rule on any other bases defendants offered for dismissal.  The

Court entered judgment dismissing Sutter & Gillham's complaint as to all defendants on that same date. Doc. 55, at 1.

4. Sutter & Gillham timely appealed the Court's order of dismissal.

5. On July 31, 2025, the Eighth Circuit issued its opinion vacating this Court's order of dismissal and remanding the matter for further proceedings. Doc. 60. The Eighth Circuit simply reversed this Court's finding on *Rooker-Feldman* and, in a footnote, found that Sutter & Gillham have standing to sue. *Id.* at 6, 7 n.2. That Court did "not express any opinion on whether the plaintiffs needed to exhaust their state-court remedies . . . or the applicability of res judicata, collateral estoppel, or any other preclusion-like doctrine[.]" *Id.* at 6. Nor did the Eighth Circuit make any ruling on any of defendants' Rule 12(b)(6) arguments as to each of the claims. As the Eighth Circuit explained, "it is up to the district court to analyze those issues and the merits of the plaintiffs' claims in the first instance." *Id.* at 7.

6. The Eighth Circuit's mandate was issued on August 25, 2025. Doc. 62.

7. On August 29, 2025, this Court entered its amended initial scheduling order, setting a proposed trial date of March 1, 2027; a Rule 26(f) conference deadline of November 6, 2025; and a Rule 26(f) Report deadline of November 19, 2025. Doc. 63.

8. Defendants move to stay the initial scheduling order. The complaint sets the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1) (allowing discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). The parties cannot meaningfully confer

regarding, for example, the "[s]ubjects on which discovery may be needed" (Fed. R. Civ. P. 26(f)(3)(B)) without first knowing what claims, if any, are at issue in this case.

9.    Moreover, the parties' Rule 26(f) conference would lift the automatic stay of discovery. *See* Fed. R. Civ. P. 26(d)(1). Defendants should not be subjected to expensive, time-consuming, and potentially harassing discovery from Sutter & Gillham before any court has decided whether any of Sutter & Gillham's claims can proceed.

10.    For these reasons, defendants request that the Court stay its amended initial scheduling order pending a ruling on defendants' motions to dismiss. (Doc. 26, 29, 31, 32, 38).

11.    Defendants also request leave to file limited supplemental briefing before this Court rules on the motions to dismiss.

12.    Specifically, while the appeal in this matter was pending, the Arkansas Court of Appeals decided the appeal by one plaintiff (Kerry Baker for himself and the estate) in the underlying Jefferson County action. *See Baker v. Adams*, 2024 Ark. App. 577, 703 S.W.3d 171. Solely as to Mr. Baker, the *Baker* court reversed the order at issue in many of the claims Sutter & Gillham have asserted in this matter because Mr. Baker had sought to voluntarily dismiss his complaint before the order was entered, and in Arkansas state court, "a plaintiff has an 'absolute right' to a voluntary nonsuit before a case is submitted." *Id.* at 7, 703 S.W.3d at 175.

13.    The Court of Appeals specifically noted that Sutter & Gillham's plaintiff client in the underlying Jefferson County action (Gena Downey Baker) never moved for a voluntary nonsuit. *Id.* at 3–4, 703 S.W.3d at 173–74. Gena Downey Baker further was not a party to the appeal. As such, the order remains in place as a final judgment against Sutter & Gillham's client in the underlying Jefferson County action.

14.    To ensure a full record, defendants request that both sides be allowed supplemental briefing, not to exceed five pages, solely regarding the effect (or lack thereof) of the *Baker v. Adams* decision on defendants' preclusion defenses. Defendants specifically propose that both sides be given 14 days from any order on this motion to file simultaneous briefs on this single issue.

15.    Last, defendants request specific findings and conclusions on all grounds raised for dismissal in any order on their motions to dismiss. While not required under Rule 52(a)(3), specific findings and conclusions would benefit the parties and serve the interests of judicial economy no matter the outcome of defendants' motions to dismiss.

16.    For example, if defendants' motions are granted in part and denied in part, both sides need a clear understanding of precisely what claims remain in the case and why so that they can identify the issues for discovery.

17.    Further, if defendants' motions are granted in full, a detailed ruling on all alternative arguments for dismissal would ultimately serve the interests of judicial economy by ensuring that no matter the outcome of the appeal, this matter

will not be remanded to this Court for further proceedings on these motions to dismiss.

18.     For these reasons, defendants request specific findings and conclusions addressing all arguments raised for and against dismissal of Sutter & Gillham's complaint.

19.     Due to the strictly procedural nature of the requests made in this motion, defendants are not filing a separate memorandum brief. *See* L.R. 7.2(d).

WHEREFORE, defendants Judy Simmons Henry; Jacob P. Fair; Scott A. Irby; Wright, Lindsey & Jennings LLP; Tommy Williams; Bryan Adams; Eric Bell; Brandon Adams; Skylar Adams; and Efrem Neely, Sr. pray that the Court grant this motion and the relief requested in it, and for all other proper relief.

Respectfully submitted:

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
jhenry@wlj.com; sirby@wlj.com

By: */s/ Judy S. Henry*
      Judy Simmons Henry (84069)
      Scott A. Irby (99192)

      *Attorneys for Judy Simmons Henry,*
      *Jacob P. Fair, Scott A. Irby,*
      *Wright, Lindsey & Jennings LLP,*
      *Bryan Adams, Eric Bell, Brandon Adams,*
      *and Skylar Adams*

WDTC LAW, P.A.
2120 Riverfront Drive, Suite 275
Little Rock, Arkansas 72202
(501) 372-1406
david.donovan@wdtc.law

By: */s/ David M. Donovan*
    David M. Donovan (Bar No. 81184)

    *Attorneys for Defendant*
    *Tommy Williams*


SHULTS LAW FIRM LLP
200 West Capitol Avenue, Suite 1600
Little Rock, Arkansas 72201
(501) 375-2301
pshults@shultslaw.com
sshults@shultslaw.com

By: */s/ Peter Shults*
    Peter Shults (Ark. Bar No. 2019021)
    Steven Shults (Ark. Bar. No. 78139)

    *Attorneys for Defendant*
    *Efrem Neely*