IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION


SUTTER AND GILLHAM, P.L.L.C.;
LUTHER SUTTER; AND LUCIEN GILLHAM                                      PLAINTIFFS


V.                                     No. 4:23-cv-78-BSM


JUDY SIMMONS HENRY; JACOB FAIR;
SCOTT IRBY; WRIGHT, LINDSEY & JENNINGS LLP;
TOMMY WILLIAMS; BRYAN ADAMS; ERIC BELL;
BRANDON ADAMS; SKYLAR ADAMS; EFREM NEELY;
CHRIS BURKS; BRANDON HAUBERT; WH LAW, PLC; AND
JOHN DOES 1-100                                                       DEFENDANTS


PLAINTIFFS' RESPONSE TO
MOTION TO STAY AND IBRIEF IN SUPPORT

COMES Plaintiffs, by and through counsel, SUTTER & GILLHAM, P.L.L.C., for their

Response to the Motion to Stay and Incorporated Brief in Support, state:

INTRODUCTION

Despite filing the Motions to Dismiss, the Court granting the Motions to Dismiss, and then

the Eighth Circuit reversing the grant of the Motions to Dismiss, Defendants argue that the Court

should revisit those Motions. The Eighth Circuit could have affirmed this Court's granting of the

Motions to Dismiss on any basis supported by the record, but it chose not to. *Adam and Eve*

*Jonesboro, LLC v. Perrin*, 933 F.3d 951, 958 (8th Cir. 2019). Instead, the case was reversed and

remanded for further proceedings. Therefore, the issues raised in Defendants' Motion to Dismiss

were undoubtedly considered and rejected by the Eighth Circuit when this case was remanded.

Thus, the relitigation of the merits of the Motions to Dismiss is wholly improper under the law of

the case doctrine. *First Union Nat. Bank v. Pictet Overseas Tr. Corp., Ltd.*, 477 F.3d 616, 620 (8th

1

Cir. 2007). Thus, the Court should reject this attempt to further stall the resolution of Plaintiffs' meritorious claims.

The Motions fare no better on the merits, because Defendants' motion rests on the incorrect premise that "Gina" was required to take a nonsuit. Under Arkansas's wrongful-death statute, "once a personal representative was appointed, the personal representative became the real party in interest" and is the only party authorized to bring the wrongful-death action. Consequently, no nonsuit by any individual heir was required. *Wilson v. Lincare, Inc*., 103 Ark. App. 329, 332, 288 S.W.3d 708, 710 (2008). Consequently, the any preclusive doctrine would not be applicable because Plaintiffs were never in privity with Kerry Baker, the Personal Representative of the Estate of Luke Baker.

<u>**ARGUMENT**</u>

**I.       The Personal Representative is the Only Proper Plaintiff Once Appointed**

Arkansas's wrongful-death statute vests the cause of action in the personal representative of the decedent's estate when one exists; only if no Personal Representative has been appointed may the statutory beneficiaries bring the action. *Id.*  When a wrongful-death suit is brought by heirs when a Personal Representative exists it becomes a nullity, not merely a curable misjoinder. See *Brewer v. Poole*, 362 Ark. 1, 8–11, 207 S.W.3d 458, 463–65 (2005).

Because an heir-filed complaint is a nullity when a Personal Representative exists, there is nothing to nonsuit. A nonsuit presupposes a valid pending action. If the heir's filing was a legal nullity ab initio, it neither commenced a valid action nor required a nonsuit to clear the way for the Personal Representative's properly filed complaint. *Brewer*, 362 Ark. at 11, 207 S.W.3d at 465 Arkansas Rule of Civil Procedure 17(a) confirms that the "real party in interest" must prosecute the action. Once the Personal Representative was appointed, the Personal Representative was the

real party in interest. Any suggestion that an heir had to standing once the PR nonsuited flips Rule 17(a) on its head and contradicts the wrongful-death statute as construed in *Wilson* and *Brewer*.

Here, once the probate court appointed the Personal Representative, the Personal Representative became the exclusive plaintiff authorized to bring the wrongful-death claim. Under *Wilson*, any parallel or prior filing by an individual heir lacked legal effect once the Personal Representative existed. *Wilson v. Lincare, Inc.*, 103 Ark. App. 329, 332, 288 S.W.3d 708, 710 (2008).  Thus, Gina did not need to and could not meaningfully take a nonsuit to "transfer" or "preserve" a claim that, by statute, belonged to the Personal Representative. Defendants' theory would create an extra-statutory procedural hurdle: every time a Personal Representative is appointed, each heir who ever filed anything would have to nonsuit. Despite Arkansas law labeling those heir-filed pleadings a nullity. *Brewer*, 362 Ark. at 11, 207 S.W.3d at 465.

## II.     The Eighth Circuit's Opinion Binds the Court under the Law of the Case Doctrine

Once the Court of Appeals renders a decision on appeal, "[u]nder the law[-]of[-]the[-]case doctrine, a district court must follow our mandate, and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms." *Jaramillo v. Burkhart*, 59 F.3d 78, 80 (8th Cir. 1995). Under the law-of-the-case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Alexander v. Jensen–Carter*, 711 F.3d 905, 909 (8th Cir. 2013) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). "This principle applies to both appellate decisions and [trial] court decisions that have not been appealed." *Id*. However, on remand from an appellate court, a trial court is bound by its own prior rulings only to the extent the appellate court explicitly or implicitly adopted those findings in resolving the appeal. *Usery*, 242 B.R. at 457. "A successor judge steps into the shoes of his or her predecessor, and is thus

bound by the same rulings and given the same freedom, as the first judge. To the extent that a trial judge can alter a previous ruling, so too can a successor judge...." *Exxon Corp. v. United States*, 931 F.2d 874, 878 (Fed. Cir. 1991). To the extent Defendants' motion re-litigates issues decided by the Eighth Circuit, those rulings bind the parties and this Court under the law-of-the-case and mandate rules. *United States v. Bartsh*, 69 F.3d 864, 866-867 (8th Cir. 1995); *Little Earth of the United Tribes, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 807 F.2d 1433, 1440-1441 (8th Cir. 1986) (issues decided by an appellate court "become the law of the case" and "should not be reexamined). Since the Eighth Circuit could have affirmed this Court's dismissal on any basis supported by the record, the Eighth Circuit implicitly rejected these arguments as a basis for dismissal under Rule 12(b)(6). While the opinion did provide that the opinion did not disturb ordinary preclusion law, the opinion notes that this Court should address that at the first instance. Since these preclusion type defenses are affirmative defenses, the Court should reject the attempt to relitigate the Rule 12(b)(6) issue on remand. Under these principles, arguments foreclosed by the Eighth Circuit's mandate cannot supply a basis for the relief Defendants seek. The Court should reject any repackaged iterations of matters already settled on appeal.

### CONCLUSION

Because Arkansas law makes the Personal Representative the exclusive plaintiff once appointed, and because an heir-filed complaint in that circumstance is a nullity, no nonsuit by Gina was required or legally meaningful. Defendants' contrary position conflicts with *Wilson* and controlling Arkansas precedent. Separately, to the extent Defendants revisit determinations already made by the Eighth Circuit, the law-of-the-case and mandate rules foreclose their arguments.

**WHEREFORE**, Plaintiffs respectfully request that the Court deny Defendants' Motion in its entirety; deny the Motions to Dismiss; enter a final scheduling order; and grant all just and proper relief.

Respectfully submitted,

Lucien Gillham ARBN 99199
**SUTTER & GILLHAM, P.L.L.C.**
1501 N. Pierce St. Suite 105
Little Rock, AR 72207
Telephone: 501-315-1910
Facsimile: 501-315-1916
Email: lucien.gillham@gmail.com

By: */s/ Lucien Gillham*
Lucien Gillham, ARBN99199
Lucien.gillham@gmail.com

5