IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SUTTER & GILLHAM, P.L.L.C.;
LUTHER SUTTER; and LUCIEN GILLHAM                                    PLAINTIFFS

VS.                              NO. 4:23-cv-78-BSM

JUDY SIMMONS HENRY; JACOB FAIR;
SCOTT IRBY; WRIGHT, LINDSEY & JENNINGS LLP;
TOMMY WILLIAMS; BRYAN ADAMS; ERIC BELL;
BRANDON ADAMS; SKYLAR ADAMS; EFREM NEELY;
CHRIS BURKS; BRANDON HAUBERT; WH LAW, PLC; and
JOHN DOES 1–100                                                      DEFENDANTS

SUPPLEMENTAL BRIEF IN SUPPORT OF
DEFENDANTS' MOTIONS TO DISMISS

I.       INTRODUCTION

In accordance with this Court's September 17, 2025 Order (Doc. 65),

defendants[1] submit the following supplemental brief in support of their motions to

dismiss (Doc. 26, 29, 31, 32, 38).  Because Gena Downey Baker, the former client of

plaintiffs Sutter & Gillham, P.L.L.C., Luther Sutter, and Lucien Gillham

(collectively "Sutter & Gillham") was not a party to the *Baker v. Adams* appeal and

because the reasoning underlying the decision in that case could not apply to Ms.

Baker, the *Baker v. Adams* decision, 2024 Ark. App. 577, 703 S.W.3d 171, has no

effect on defendants' preclusion defenses.  Further, law-of-the-case doctrine does not

bar this Court from deciding defendants' preclusion defenses or the other

arguments for dismissal on which the Eighth Circuit did not rule.  Sutter &

_____

[1] Judy Simmons Henry; Jacob P. Fair; Scott A. Irby; Wright, Lindsey & Jennings LLP; Tommy
Williams; Bryan Adams; Eric Bell; Brandon Adams; Skylar Adams; and Efrem Neely, Sr.

Gillham's complaint should be dismissed with prejudice under the doctrines of *res judicata* and/or collateral estoppel, in addition to the other remaining bases for dismissal in defendants' motions to dismiss.

## II.    ARGUMENT

The wrongful-death complaint at issue in the *Baker v. Adams* appeal was brought by Kerry Baker (the decedent's father and administrator of his estate), Gena Downey Baker (the decedent's mother and Sutter & Gillham's client), and Savannah Baker Case (the decedent's sister).  Doc. 1, at 40.  The state-court complaint was dismissed with prejudice as to all plaintiffs as a sanction for the baseless nature of the complaint's allegations and the improper conduct (including spoliation, hiding, and fabrication of evidence) committed by the plaintiffs and their attorneys.  Doc. 1, at 158.  Only Kerry Baker appealed the dismissal order.  Sutter & Gillham, Gena Downey Baker (their client), and Savannah Baker Case did not appeal from the sanctions order and, therefore, were not parties to the Arkansas Court of Appeals' decision in that case.  Doc. 26-1, at 1–4; *Baker*, 2024 Ark. App. 577, at 3 n.1, 703 S.W.3d at 173 n.1.  In its previous order granting defendants' motion to dismiss, this Court noted that Sutter & Gillham specifically could have, appealed from the order dismissing with prejudice their client's complaint, either directly or in an appeal of the denial of Sutter & Gillham's motion to intervene in the Jefferson County action but Sutter & Gillham did not do so.  Doc. 54, at 5.  Thus, the decision in the *Baker v. Adams* appeal did not reverse the order of dismissal with prejudice as to Gena Downey Baker or Sutter & Gillham.  Because a final judgment was entered in the underlying Jefferson County action as to Sutter

& Gillham's former client, with whom Sutter & Gillham are in privity, that final judgment bars Sutter & Gillham's complaint in this case under *res judicata* or collateral estoppel. *See Jayel Corp. v. Cochran*, 366 Ark. 175, 182, 234 S.W.3d 278, 284 (2006).

Further, the Arkansas Court of Appeals' decision in *Baker v. Adams* rests on grounds that are wholly inapplicable to Gena Downey Baker and Sutter & Gillham, her attorneys. Specifically, the Arkansas Court of Appeals reversed the sanctions order in that case as to Kerry Baker based solely on a finding that once Kerry Baker filed his motion for voluntary nonsuit, the trial court could only dismiss the complaint as to him without prejudice, notwithstanding the egregious misconduct that the trial court found was committed by the plaintiffs and their attorneys in that case. 2024 Ark. App. 577, at 9, 703 S.W.3d at 176. Importantly, the Arkansas Court of Appeals took pains to note—twice—that Gena Downey Baker never filed a motion for voluntary nonsuit. *Id.* at 3, 703 S.W.3d at 173 ("On February 18, 2020, all plaintiffs except Gena (who was pro se by this point) moved to dismiss the amended complaint without prejudice under Arkansas Rule of Civil Procedure 41(a)."), and at 4, 703 S.W.3d at 174 ("On August 17, all plaintiffs except Gena renewed the motion to dismiss without prejudice under Rule 41(a)."). Because Gena Downey Baker never filed a motion for voluntary dismissal, the trial court had the authority to dismiss her complaint with prejudice as a sanction. The *Baker v. Adams* decision further does not question, at all, the validity of the state trial court's findings of baseless allegations and egregious misconduct warranting the

sanction of a dismissal with prejudice of Ms. Baker's complaint. 2024 Ark. App. 577, at 1, 703 S.W.3d at 172–73 ("Although this case is based on a tragic factual situation, the issue before the court is procedural—whether a plaintiff's right to dismiss a case pursuant to Arkansas Rule of Civil Procedure 41(a) is absolute."). The Arkansas Court of Appeals' decision can have no effect on this matter or defendants' preclusion defenses.

In response to the motion seeking leave to file this supplemental brief (which Sutter & Gillham filed after leave had already been granted), Sutter & Gillham argue that the complaint they filed on behalf of Gena Downey Baker was void[2] because Kerry Baker, as the personal representative of the Estate, was the only party with standing to bring the Jefferson County action. Doc. 66, at 2–3. Regardless of Ms. Baker's standing to sue in the Jefferson County action, the fact remains that she did file the lawsuit. In Arkansas, a plaintiff's lack of standing does not affect the circuit court's subject-matter jurisdiction, and the Arkansas Supreme Court has clarified that a plaintiff's lack of standing to bring a wrongful-death action does not deprive the trial court of jurisdiction to dismiss her complaint. *Henson v. Cradduck*, 2017 Ark. 317, at 6, 530 S.W.3d 847, 850. Ms. Baker voluntarily submitted to the jurisdiction of the Jefferson County court, and she—and her attorneys with whom she is in privity—are bound by that court's judgment.

Finally, Sutter & Gillham also claim in that same response that the law-of-the-case doctrine and the Eighth Circuit's opinion on this Court's original order on

---

[2] Sutter & Gillham now admit they filed Ms. Baker's complaint knowing she had no standing to sue.

the motions to dismiss prevent this Court from addressing defendants' preclusion defenses (or any other arguments raised in their motion to dismiss). Doc. 66, at 3–4. "When an appellate court remands a case to the district court, all issues decided by the appellate court become the law of the case, and the district court on remand must adhere to any limitations imposed on its function by the appellate court." *United States v. Castellanos*, 608 F.3d 1010, 1016 (8th Cir. 2010) (cleaned up). However, "while a mandate is controlling as to matters within its compass, on remand a lower court is free as to other issues." *Id.* (cleaned up). The Eighth Circuit simply reversed this Court's finding on *Rooker-Feldman* and, in a footnote, found that Sutter & Gillham have standing to sue. Doc. 60, at 6, 7 n.2. That Court did "not express any opinion on whether the plaintiffs needed to exhaust their state-court remedies . . . or the applicability of res judicata, collateral estoppel, or any other preclusion-like doctrine[.]" *Id.* at 6. Nor did the Eighth Circuit make any ruling on any of defendants' Rule 12(b)(6) arguments as to each of the claims. As the Eighth Circuit explained, "it is up to the district court to analyze those issues and the merits of the plaintiffs' claims in the first instance." *Id.* at 7. Finally, the Eighth Circuit did not reverse this Court's order of dismissal and direct it on remand to enter an order denying the motions to dismiss. Instead, it "*vacate[d]* the district court's *judgment* and remand[ed] for further proceedings." *Id.* (emphasis added). Vacating the judgment followed from reversal of this Court's ruling that the *Rooker-Feldman* doctrine warranted dismissal. But the other bases in defendants' motions to dismiss were not ruled on by this Court or the Eighth

Circuit. Accordingly, the motions to dismiss must still be ruled upon. The instruction to conduct further proceedings renders the law-of-the-case doctrine inapplicable to issues in the motions to dismiss not addressed by the Eighth Circuit. *See Castellanos*, 608 F.3d at 1016 ("Absent instructions to hold further proceedings, a district court has no authority to re-examine an issue settled by a higher court.") (internal quotation omitted).

### III.    CONCLUSION

For the reasons stated above and in defendants' prior briefing, Sutter & Gillham's complaint in this matter should be dismissed with prejudice.

Respectfully submitted:

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
jhenry@wlj.com; sirby@wlj.com

By: */s/ Judy S. Henry*
    Judy Simmons Henry (84069)
    Scott A. Irby (99192)

    *Attorneys for Judy Simmons Henry,*
    *Jacob P. Fair, Scott A. Irby,*
    *Wright, Lindsey & Jennings LLP,*
    *Bryan Adams, Eric Bell, Brandon Adams,*
    *and Skylar Adams*

3465069-v1                          6

WDTC LAW, P.A.
2120 Riverfront Drive, Suite 275
Little Rock, Arkansas 72202
(501) 372-1406
david.donovan@wdtc.law

By: */s/ David M. Donovan*
    David M. Donovan (Bar No. 81184)

    *Attorneys for Defendant*
    *Tommy Williams*


SHULTS LAW FIRM LLP
200 West Capitol Avenue, Suite 1600
Little Rock, Arkansas 72201
(501) 375-2301
pshults@shultslaw.com
sshults@shultslaw.com

By: */s/ Peter Shults*
    Peter Shults (Ark. Bar No. 2019021)
    Steven Shults (Ark. Bar. No. 78139)

    *Attorneys for Defendant*
    *Efrem Neely*