IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SUTTER & GILLHAM PLLC, *et al.*                                    PLAINTIFFS

v.                          CASE NO: 4:23-CV-00078-BSM

JUDY SIMMONS HENRY, *et al.*                                    DEFENDANTS

<u>ORDER</u>

The motions to dismiss filed by Chris Burks, Brandon Haubert, and WH Law [Doc. No. 16]; Tommy Williams [Doc. No. 26]; Efrem Neely [Doc. No. 29]; Bryan Adams, Brandon Adams, and Skylar Adams [Doc. No. 31]; Eric Bell [Doc. No. 32]; and Jacob Fair, Judy Henry, Scott Irby, and Wright, Lindsey & Jennings LLP [Doc. No. 38] are granted in part and denied in part.

I. BACKGROUND

In 2015, Luke Baker died by gunshot. Compl. ¶ 32(a), (d), Doc. No. 1. In 2018, Baker's estate and several of his family members brought a wrongful death suit in Jefferson County Circuit Court ("Wrongful Death Case"). Compl. Ex. A; *Baker v. Adams*, Case No. 35CV-18-1077. Sutter and Gillham represented Luke's mother, Gena Baker, in the Wrongful Death Case. In 2020, Sutter and Gillham withdrew from representing Baker. On April 13, 2021, Bryan Adams, Brandon Adams, and Skylar Adams ("the Adamses"), who were defendants in the Wrongful Death Case, sued Luther Sutter, Lucien Gillham, Sutter & Gillham, PLLC, and several other persons and entities in Faulkner County Circuit Court for misconduct relating to their actions in the Wrongful Death Case ("Faulkner County Case").

*Adams v. Sutter*, Case No. 23CV-21-403. The Faulkner County Case is still active.

Later in 2021, the Jefferson County Circuit Court held a hearing and then entered a sanctions order dismissing the Wrongful Death Case because an abuse of process, fraud, misrepresentation, spoliation, and other misconduct had resulted in a miscarriage of justice ("sanctions order"). Compl. Exs. E and J. Sutter and Gilham did not attend the hearing but learned of it and filed a motion to intervene and for recusal of the presiding judge. Compl. ¶¶ 64, 67, Ex. F. That motion was denied and Sutter and Gillham did not appeal. Compl. ¶¶ 67–69.

Further complicating matters, Sutter and Gillham sued their former client, David Westbrook, in Saline County Circuit Court to obtain a declaration that they did not breach their fiduciary duty to him by representing him in an employment lawsuit against a county official connected to the Wrongful Death Case. *Sutter & Gillham, PLLC v. Westbrook*, Case No. 63CV-19-1060. Westbrook counterclaimed for breach of fiduciary duty, breach of contract, fraud, and unjust enrichment. *Id.* Westbrook was represented by Chris Burks and Brandon Haubert of the firm WH Law.

Sutter and Gillham are bringing the above captioned case against the Adamses, the Adamses' family lawyer, Eric Bell, the law firm and lawyers who represented some of the defendants in the Wrongful Death Case: Wright, Lindsey & Jennings LLP ("WLJ"), Judy Henry, Scott Irby, Jacob Fair, Tommy Williams, Efrem Neely , Jr. ("Wrongful Death Case lawyers") and Westbrook's lawyers and law firm in the Saline County Case: Chris Burks, Brandon Haubert, and WH Law (collectively "WH Law"). Sutter and Gillham allege that

defendants conspired with Jefferson County Circuit Court Judge Alex Guynn to obtain the sanctions order dismissing the Wrongful Death Case. Plaintiffs also allege defendants worked to destroy their careers and reputations by making defamatory statements and having a defamatory news story published about them. Defendants are moving to dismiss for lack of subject-matter jurisdiction and failure to state a claim.

This case was originally dismissed on defendants' motion. Doc. No. 54. On appeal, in a somewhat snarky opinion, the Eighth Circuit Court of Appeals vacated and remanded, reasoning that the *Rooker-Feldman* doctrine did not apply. *Sutter & Gillham PLLC v. Henry*, 146 F.4th 699 (8th Cir. 2025). In a footnote, the Circuit Court held that plaintiffs have sufficient standing to bring their claims. *Id*. at 704 n.2. For these reasons, defendants' motions to dismiss for lack of standing are denied.

During the time this case was pending before the Eighth Circuit, the Arkansas Court of Appeals reversed the Jefferson County sanctions order that dismissed the *Baker v. Adams* case. *See Baker v. Adams*, 703 S.W.3d 171 (Ark. Ct. App. 2024), reh'g denied (Jan. 15, 2025), review denied (Mar. 20, 2025). The court of appeals reasoned that the trial court was incorrect when it denied plaintiffs' motions to voluntarily dismiss. *Id*. at 175–76 (plaintiff's absolute right to voluntarily dismiss their case over a defendant's motion to dismiss).

## II. LEGAL STANDARD

To prevail on a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the defendants must successfully attack the complaint, either on its face or on the truth of its allegations. *Titus v. Sullivan*, 4 F.3d 590,

593 (8th Cir. 1993). When the defendants brings a facial attack, all facts alleged in the complaint are accepted as true. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). Consequently, only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint may be considered. *Id.* These items include "items subject to judicial notice, matters of public record, [and] orders." *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012). The motions to dismiss for lack of subject-matter jurisdiction are facial challenges to jurisdiction and the motions may be decided without weighing the truth of plaintiffs' allegations.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts that state a plausible claim of relief to which the plaintiff may be entitled. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

## III.  DISCUSSION

A.    Subject Matter Jurisdiction

Defendants' jurisdictional challenges are denied because federal question jurisdiction is properly exercised over plaintiffs' federal claim and supplemental jurisdiction is properly

exercised over the remaining state claims.  *See* 28 U.S.C. § 1367(a).

      B.    <u>Exhaustion</u>

Defendants' exhaustion arguments are denied.  Defendants assert that dismissal is appropriate because plaintiffs failed to exhaust their "state judicial remedies" by appealing the denial of their motion to intervene in the Wrongful Death Case before bringing this case. Although defendants rely on *Wax 'n Works v. City of St. Paul,* that case is distinguished because it involved an appeal of an administrative agency decision and this case does not. 213 F.3d 1016 (8th Cir. 2000).  This case merely involves a claim that defendants conspired with state judicial officers to violate plaintiffs' federal rights.  *See Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 500 (1982) (rejecting claim that section 1983 claim should be dismissed when plaintiff fails to exhaust administrative remedies); *see also Steffel v. Thompson*, 415 U.S. 452, 472–73 (when "premised on [§1983] we have not required exhaustion of state judicial or administrative remedies.").

      C.    <u>Preemption</u>

1. *Younger* Abstention

Defendants' argument that abstention is required under *Younger* is denied.  *Younger* holds that federal courts should abstain from exercising jurisdiction when "(1) there is an ongoing state proceeding (2) implicating important state interests and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010).  Defendants claim the alleged state attorney-disciplinary proceeding satisfies the first element and that, under *Plouffe*, state disciplinary proceedings

5

automatically satisfy the second and third elements.  While plaintiffs state there is an attorney-disciplinary hearing initiated by WLJ and its lawyers, neither side has supplied a case number, status update, the complaint, or facts surrounding the disciplinary allegations and proceeding.  Compl. ¶ 70. Without this information it cannot be determined if the proceeding is still ongoing or if plaintiffs have an adequate opportunity to raise their federal questions.  Thus, abstention is not warranted.

### 2. *Colorado River* Abstention

The WH Law defendants' motion to dismiss based on *Colorado River Water Conservation Dist. v. United States* abstention is denied.  424 U.S. 800, 813 (1976). *Colorado River* held that "'abstention . . . is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."  Generally, "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court.'" *Id*. at 817 (*quoting McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

When a case, such as this one, does not fall within the three general categories for abstention, the court examines several factors to determine if abstention is warranted.  *Id*. at 818.  Relevant factors include (a) whether maintaining separate actions may result in piecemeal litigation (b) which case has priority (c) whether state or federal law controls and (d) the adequacy of the state forum to protect the plaintiff's federal rights.  *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009).

The two active state cases are the Wrongful Death Case and the Faulkner County case. This case is likely to have no piecemeal effect on the Wrongful Death Case because the

6

issues are quite different.  Although some of the parties and claims in this case overlap those in the Faulkner County Case, this case is likely not to have a piecemeal effect on the Faulkner County Case because these cases also involve a number of disparate claims and parties. Although the state cases began prior to this case, the primary claim here is the section 1983 conspiracy claim.  And, since plaintiffs allege the conspiracy involved a state judge, this is an appropriate forum for that claim.

      D.    <u>Preclusion</u>

Defendants' motions to dismiss based on preclusion are denied.  Claim preclusion bars relitigation if (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties are involved in both cases.  *Cardona v. Holder*, 754 F.3d 528, 529–30 (8th Cir. 2014).  Issue preclusion bars relitigating claims when  (1) the party seeking preclusion was a party, or in privity, in the prior lawsuit; (2) the issue to be precluded is the same as the issue involved in the prior suit; (3) the issue sought to be precluded was actually litigated in the prior suit; (4) the issue to be precluded was decided by valid and final judgment; and (5) the determination in the prior suit was essential to the judgment. *Ginters v. Frazier*, 614 F.3d 822, 826 (8th Cir. 2010).

Defendants argue the claims and issues presented herein are precluded by the final judgment dismissing the Wrongful Death Case.  This motion is denied because the claims presented in the two cases are different.  The Jefferson County sanctions order dismissed a wrongful death case brought by Baker, while plaintiffs' present claims are for damages

resulting from an alleged conspiracy in the Wrongful Death Case litigation.  Compl. ¶¶ 33,

147.  Preclusion is not warranted because the claims and parties in the two cases are not the

same.

     E.     <u>Failure to State a Claim</u>

*1. Retaliation (Count I)*

Defendants' motions to dismiss plaintiffs' section 1983 retaliation claim are granted

because plaintiffs did not engage in a protected activity.  To state a claim for retaliation,

plaintiffs must allege that, while defendants acted under color of state law: (1) plaintiffs

engaged in protected activity; (2) defendants took adverse action against plaintiff to retaliate

for the protected activity, and (3) the adverse action would chill a person of ordinary firmness

from engaging in the protected activity.  *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007).

Plaintiffs allege that they engaged in protected activity by exercising their First Amendment

right to free speech.  Compl. ¶ 83.  The problem for plaintiffs is that the Supreme Court has

held that a lawyer's right to freedom of speech is "extremely circumscribed" during judicial

proceedings, and statements made by plaintiffs were made as counsel for Gena Baker during

the Wrongful Death Case.  *See Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1071 (1991).

The Sixth Circuit Court of Appeals has held that lawyers voluntarily relinquish their

rights to free speech in judicial proceedings, filing motions, and advocating for clients.  *See*

*Mezibov v. Allen* 411 F.3d 712, 720 (6th Cir. 2005).  In *Mezibov*, the court held that a

criminal defense lawyer's actions while representing a client were not protected activity

under the First Amendment.  *Id*.  It also noted that "no circuit court has ever actually granted

an attorney relief under the First Amendment for this narrow category of speech." *Id*. at 717.

Plaintiffs reliance on *Legal Services Corporation v. Velazquez* is misguided. 531 U.S. 533, 536 (2001). The lawyers in *Velzquez* were not seeking to vindicate their personal free speech rights, but were addressing their client's First Amendment right to bring specific claims. *Id*. at 547–48 ("In no lawsuit funded by the Government can the LSC attorney, speaking on behalf of a private client, challenge existing welfare laws."). Thus, plaintiffs' retaliation claim is dismissed.

## 2. Conspiracy (Count II)

Defendants' motions to dismiss plaintiffs' section 1983 conspiracy claim are denied. To state a conspiracy claim, plaintiffs must allege that defendants, while acting under color of law, (1) conspired with others to deprive the plaintiff of constitutional rights; (2) engaged in an overt act in furtherance of the conspiracy; and (3) injured the plaintiff by engaging in the overt act. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). Plaintiff also must prove a deprivation of a constitutional right. *Id*. Acting "under color of law" can be shown when the defendant was a willful participant in joint action with the state or its agents. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Plaintiffs allege that defendants conspired with Judge Guynn to ensure a favorable outcome for their clients. That is enough to plead that defendants were acting under "color of law." Plaintiffs also allege that the Wrongful Death Case lawyers, Bell, and the Adamses engaged in secret meetings and communications with Judge Guynn to receive information about judicial decisions. Compl. ¶ 55. Plaintiffs allege the lawyers, on behalf of their

9

clients, orchestrated these meetings and utilized this inside information to shape their legal strategy and influenced Judge Guynn to rule favorably for them. Plaintiffs also allege that WLJ hired Neely specifically to capitalize on his relationship with Judge Guynn, his former law partner. *Id*. ¶¶ 41–49. This ultimately ended in the sanctions order being entered and plaintiffs' motion to intervene being denied. Plaintiffs allege these actions deprived them of their due process rights, expected attorney's fees, and caused significant reputational harm. This is enough to survive dismissal. *Id*. ¶¶ 90–94.

While the WH Law defendants were not parties or lawyers in the Wrongful Death Case, plaintiffs contend they were involved in the conspiracy and filed the Saline County counterclaim solely to create a conflict of interest. *Id*. ¶ 118. The Wrongful Death Case lawyers then used this conflict of interest to force plaintiffs to withdrawal from the Wrongful Death Case. *Id.* ¶ 58. While thin, this is enough to survive dismissal as to WH Law, Burks, and Haubert.

### 3. Defamation (Count III)

Williams, Henry, and WLJ's motions to dismiss the defamation claim against them are denied. The remaining defamation claims are dismissed because there are no factual allegations supporting them. To establish a defamation claim, plaintiffs must show: "(1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages." *Webster v. Webster*, 689 S.W.3d 133, 136 (Ark. Ct. App. 2024). There are insufficient factual allegations supporting

any defamation claim, except those against Williams, Henry, and WLJ. Plaintiffs state Henry falsely alleged that Sutter assaulted her. Compl. ¶ 39. Plaintiffs also allege that Williams, Henry, and WLJ made false allegations of unethical conduct, made public slights against plaintiffs' professional reputations, and had Arkansas Business publish a defamatory story about them. *Id.* ¶¶ 63, 73–75 and 81. Finally, plaintiffs allege they were financially damaged by defendants' conduct. This is enough to survive dismissal as to Williams, WLJ, and Henry.

### 4. Interference with Contract (Count IV)

Williams, Henry, WLJ, and the Adamses' motions to dismiss the intentional interference with a contract claim are denied as to the relationship with Gena Baker and granted as to the remaining contracts. To state a claim for intentional interference with a contract, plaintiffs must allege "(1) the existence of a valid contractual relationship or a business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Mid-S. Beverages, Inc. v. Forrest City Grocery Co.*, 778 S.W.2d 218, 219 (Ark. 1989).

Plaintiffs allege a business contract with their client, Gena Baker. Compl. ¶¶ 81, 130. Williams, Henry, WLJ, and the Adamses were aware of this business relationship because they knew plaintiffs represented Baker in the Wrongful Death Case. Plaintiffs allege defendants intentionally interfered with this contract through their conspiracy related and

defamatory actions, thus causing their withdrawal from the case and the entry of the adverse orders. *See generally* Compl. Plaintiffs allege they were damaged from the loss of attorney's fees. *Id*. ¶ 130. This is enough to survive dismissal as to the business relationship with Baker. While plaintiffs' allege defendants interfered with other current and prospective relationships with clients, this is too speculative to create a plausible claim, and is dismissed. *See Farm Credit Midsouth, PCA v. Bollinger*, 548 S.W.3d 164, 171 (Ark. Ct. App. 2018) ("the [business] expectancy that is obstructed must be precise, and it must be sufficiently concrete in order to qualify").

### 5. Abuse of Process and Malicious Prosecution (Count V)

Defendants' motions to dismiss the abuse of process and malicious prosecution claims are granted.

####     a.    Abuse of Process

Plaintiffs' claim for abuse of process is dismissed. To establish this, there must be "(1) a legal procedure set in motion in proper form, even with probable cause, and even with ultimate success, but (2) perverted to accomplish an ulterior purpose for which it was not designed, and (3) a willful act in the use of process not proper in the regular conduct of the proceeding." *Wynn v. Remet*, 902 S.W.2d 213, 217 (Ark. 1995). Abuse of process claims are a "narrow tort" such that the mere filing of a vexatious action is not sufficient. *Union Nat. Bank of Little Rock v. Kutait*, 846 S.W.2d 652 (Ark. 1993). Following initiation of the suit, there must be an "abusive use of any 'process' like the issuance of summons, serving of an arrest warrant, or improper actions in the process used to obtain discovery." *Id*. at 17.

12

Plaintiffs have pointed to no cognizable abuses of process by defendants during the course of the state litigation.  Plaintiffs merely allege that defendants abused process when they filed the counterclaim in the Saline County case and the complaint in the Faulkner County case.  This not sufficient to allege an abuse of process.

b.    Malicious Prosecution

Plaintiffs' malicious prosecution claim is dismissed.  Although these claims typically involve criminal prosecutions, they can also be based on civil proceedings. *See Carmical v. McAfee*, 7 S.W.3d 350 (Ark. Ct. App. 1999).  To establish this claim, plaintiffs must allege "(1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages."  *S. Arkansas Petroleum Co. v. Schiesser*, 36 S.W.3d 317, 319 (Ark. 2001).  In the context of a civil suit, probable cause is "a state of facts or credible information which would induce an ordinarily cautious person to believe that his lawsuit would be successful." *McWilliams v. Schmidt*, 61 S.W.3d 898, 909 (Ark. Ct. App. 2001).

Plaintiffs largely base their malicious prosecution claim on the counterclaim filed by WH Law, on behalf of non-party Westbrook, in response to the Saline County complaint. Compl. ¶ 58–59, 132.  Plaintiffs sought to obtain a declaration that they did not breach their fiduciary duty to Westbrook while representing him in a different case.  *Sutter & Gillham*, Case No. 63CV-19-1060.  Westbrook counterclaimed for breach of fiduciary duty, breach of contract, fraud, and unjust enrichment.  *Id.*  An ordinarily cautious person would believe

13

this counterclaim would be successful in light of the dispute over plaintiffs' representation of Westbrook. Westbrook filed his counterclaim in response to the action brought by plaintiffs and his claims arose out of the same facts. Further, plaintiffs allege no facts showing that there was an absence of probable cause when the counterclaim was filed. Finally, WH Law did not bring this counterclaim, rather, their client, David Westbrook, did. Thus, plaintiffs are unable to prove that defendants instituted the action. For these reasons, the plaintiffs' malicious prosecution claim is dismissed.

### 6. Civil Conspiracy (Count VI)

Defendants' motions to dismiss plaintiffs' civil conspiracy claim are granted. To establish a civil conspiracy claim, plaintiffs must show the "(1) defendants knowingly entered into a conspiracy; (2) all of the essential elements of an intentional tort as to one of the defendants; (3) at least one of the defendants committed one or more overt acts in furtherance of the alleged conspiracy; and (4) the conspiracy proximately caused damages to plaintiffs." AMI Civil 714; *see also Mason v. Funderburk,* 446 S.W.2d 543, 548 (Ark. 1969). Dismissal is appropriate because plaintiffs' allegations of barratry, champerty, and maintenance are not cognizable under modern Arkansas law and plaintiffs are unable to point to any post-statehood cases recognizing them.

### 7. Felony Tort (Count VII)

Defendants' motions to dismiss plaintiffs' felony tort claim are granted. The Arkansas Crime Victim Statute permits plaintiffs to sue when damaged by another person's felonious acts. Ark. Code. Ann. § 16-118-107(a). Plaintiffs allege the felonious act was defendants

bribery of a state judge. To establish bribery, it must be alleged that defendants "offer[ed], [gave], or promise[d] any money, or thing of value . . . to any . . . judicial officer . . . [and that] judicial officer . . . receive[s] any such consideration . . . to influence his action in the performance . . . of his public or official duty."  Ark. Const. art. V, § 35.

Plaintiffs' allege defendants acted in concert with and bribed at least one state court judge to obtain the sanctions order and harm the plaintiffs.  Yet, plaintiffs have not plausibly pleaded a sufficient claim for bribery.  The complaint does not alleged facts or circumstances regarding any "money or thing of value" offered, who offered it, when it was offered, or whether it was received for the purpose of bribery.  Since the complaint does not plausibly plead a claim for bribery, this claim is dismissed.

IV.  CONCLUSION

For these reasons, the defendants' motions to dismiss are granted in part and denied in part.

IT IS SO ORDERED this 7th day of January, 2026.

UNITED STATES DISTRICT JUDGE