**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SUTTER & GILLHAM, P.L.L.C.;**
**LUTHER SUTTER; and LUCIEN GILLHAM**                     **PLAINTIFFS**

**VS.**                         **NO. 04:23-cv-0078-BSM**

**JUDY SIMMONS HENRY; JACOB FAIR;**
**SCOTT IRBY; WRIGHT, LINDSEY & JENNINGS LLP;**
**TOMMY WILLIAMS; BRYAN ADAMS; ERIC BELL;**
**BRANDON ADAMS; SKYLAR ADAMS; EFREM NEELY;**
**CHRIS BURKS; BRANDON HAUBERT; WH LAW, PLC; and**
**JOHN DOES 1–100**                                       **DEFENDANTS**

**TOMMY WILLIAMS'**
**ANSWER TO THE REMAINING CLAIMS IN THE COMPLAINT**

Separate defendant Tommy Williams ("Williams Defendant"), for his answer to the remaining claims in the Complaint (Doc. 1), states:

1.      Williams Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint and therefore denies them.

2.      Williams Defendant admits he is a resident of the State of Arkansas but denies the remaining allegations of paragraph 2 of the Complaint.

3.      Williams Defendant denies the allegations of paragraph 3 of the Complaint.  Affirmatively pleading, several counts of the Complaint have been dismissed.

4.      Williams Defendant denies the allegations of paragraph 4 of the Complaint.

3541153-v1

5. Williams Defendant admits that venue is proper but denies all allegations that any actionable conduct occurred as alleged in paragraph 5 of the Complaint.

6. Williams Defendant admits the allegations of paragraph 6 of the Complaint.

7. Williams Defendant denies the allegations of paragraph 7 of the Complaint.

8. Williams Defendant admits that Plaintiffs practice law in Arkansas but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 of the Complaint and therefore denies them.

9. Williams Defendant admits the allegations of paragraph 9 of the Complaint but denies that the law firm's name is correctly spelled.

10. Williams Defendant admits the allegations of paragraph 10 of the Complaint.

11. Williams Defendant admits the allegations of paragraph 11 of the Complaint.

12. Based on information and belief, Williams Defendant admits Defendant Eric Bell is an attorney who represents the Adams family and some or all of their business interests but denies the remaining allegations of paragraph 12 of the Complaint.

13. Williams Defendant admits that Efrem Neely ("Neely") is a lawyer licensed to practice law in Arkansas, that Alex Guynn was a former partner of Neely,

that Alex Guynn is now a Circuit Court Judge in Jefferson County, Arkansas, that Judge Guynn presided over the *Baker et al vs Adams, et al* case ("Baker Case") and denies the remaining allegations of paragraph 13 of the Complaint.

14.     Williams Defendant denies the allegations of paragraph 14 of the Complaint.

15.     Williams Defendant denies the allegations of paragraph 15 of the Complaint.

16.     Williams Defendant admits that he is a licensed Arkansas attorney who practices with Quattlebaum, Grooms and Tull PLLC but denies the remaining allegations of paragraph 16 of the Complaint.

17.     Williams Defendant denies the allegations of paragraph 17 of the Complaint.

18.     Williams Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint and therefore denies them.

19.     Williams Defendant denies the allegations of paragraph 19 of the Complaint.

20.     Williams Defendant denies the allegations of paragraph 20 of the Complaint.

21.     Williams Defendant admits the allegations of paragraph 21 of the Complaint that Greg Stephens ("Stephens") was one of the lawyers for plaintiffs in the Baker Case and was one of the lawyers in one of the Luke Baker Estate cases

filed in Faulkner County Circuit Court and denies the allegations as written in paragraph 21 of the Complaint.

22.     Williams Defendant admits that Stephens was sanctioned by the Circuit Court of Faulkner County but denies the remaining allegations in paragraph 22 of the Complaint.

23.     Williams Defendant denies the allegations of paragraph 23 of the Complaint.

24.     Williams Defendant admits that Stephens filed a lawsuit in Jefferson County on behalf of the estate of Luke Baker but denies the remaining allegations in paragraph 24 of the Complaint.

25.     Williams Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint and therefore denies them.

26.     Williams Defendant admits the allegations that some defendants in the Baker Case are identified in paragraph 26 of the Complaint and that some of them reside in Faulkner County and denies the remaining allegations of paragraph 26 of the Complaint.

27.     Williams Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint and therefore denies them.

28.     Based on information and belief, Williams Defendant admits that Prairie Wings South LLC and Prairie Wings Lodge, LLC are Arkansas entities

(collectively, "Prairie Wings"), that they were named defendants in the Baker Case, that Prairie Wings may own or have an interest in personal hunting and recreational real property in Jefferson County and that Luke Baker died there, and denies the remaining allegations of paragraph 28 of the Complaint.

29.     Williams Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint and therefore denies them.

30.     Williams Defendant admits the allegations of paragraph 30 of the Complaint except that Williams Defendant denies that Kerry Baker individually and Kerry Baker as Administrator of the estate of Luke Baker had separate counsel in the Baker Case as alleged in paragraph 30 of the Complaint.

31.     Williams Defendant admits that Plaintiffs represented defendant Gena Baker in the Baker Case but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31 of the Complaint and therefore denies them.

32.     Williams Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint as to what Plaintiffs believe and therefore denies them.   Williams Defendant denies the remaining allegations in paragraph 32 of the Complaint including a. – iii. Affirmatively pleading, the allegations of plaintiffs in the Jefferson County case were untrue.

5

33. Williams Defendant denies the allegations of paragraph 33 of the Complaint.

34. Williams Defendant denies the allegations of paragraph 34 and footnote 2 (sic) of the Complaint. Affirmatively pleading, defendants in Jefferson County did not claim that Luke Baker died by suicide, but rather by an accidental self-inflicted gunshot wound to his head as the coroner and hospital personal determined and stated in the original death certificate.

35. Williams Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint and therefore denies them.

36. Williams Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and therefore denies them.

37. Williams Defendant denies the allegations of paragraph 37 of the Complaint.

38. Williams Defendant denies the allegations of paragraph 38 of the Complaint.

39. Williams Defendant denies the allegations of paragraph 39 of the Complaint.

40. Williams Defendant denies the allegations of paragraph 40 of the Complaint.

41. Williams Defendant denies the allegations of paragraph 41 of the Complaint.

42. Williams Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint and therefore denies them.

43. Williams Defendant denies the allegations of paragraph 43 of the Complaint.

44. Williams Defendant denies the allegations of paragraph 44 of the Complaint.

45. Williams Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint and therefore denies them.

46. Williams Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Complaint and therefore denies them.

47. Williams Defendant denies the allegations of paragraph 47 of the Complaint.

48. Williams Defendant denies the allegations of paragraph 48 of the Complaint.

49. Williams Defendant denies the allegations of paragraph 49 of the Complaint.

50.  Williams Defendant denies the allegations of paragraph 50 of the Complaint.

51.  Williams Defendant denies the allegations of paragraph 51 of the Complaint.

52.  Williams Defendant denies the allegations of paragraph 52 of the Complaint.

53.  Williams Defendant denies the allegations of paragraph 53 of the Complaint.

54.  Williams Defendant denies the allegations of paragraph 54 of the Complaint.

55.  Williams Defendant denies the allegations of paragraph 55 of the Complaint.

56.  Williams Defendant denies the allegations of paragraph 56 of the Complaint.

57.  Williams Defendant denies the allegations of paragraph 57 of the Complaint.

58.  Williams Defendant denies the allegations of paragraph 58 of the Complaint.

59.  Williams Defendant denies the allegations of paragraph 59 of the Complaint.

60.  Williams Defendant denies the allegations of paragraph 60 of the Complaint.

61.    Williams Defendant denies the allegations of paragraph 61 of the Complaint.

62.    Williams Defendant denies the allegations of paragraph 62 of the Complaint.

63.    Williams Defendant denies the allegations of paragraph 63 of the Complaint.

64.    Williams Defendant denies the allegations of paragraph 64 of the Complaint.

65.    Williams Defendant denies the allegations of paragraph 65 of the Complaint.

66.    Williams Defendant admits that Judge Guynn signed an order but denies the remaining allegations of paragraph 66 of the Complaint.

67.    Williams Defendant admits that Plaintiff Sutter sought to intervene in the Baker Case, that a response was filed by defendants and a reply was filed but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 67 of the Complaint and therefore denies them. Affirmatively pleading, no appeal was taken from the order denying the motion to intervene, and the order is final and any attack is barred by res judicata and collateral estoppel.

68.    Williams Defendant denies the allegations of paragraph 68 of the Complaint.

69.    Williams Defendant admits that Judge Guynn denied the motion to intervene and denies the remaining allegations of paragraph 69 of the Complaint.

70.    Williams Defendant admits that they filed a complaint in Faulkner County but denies the remaining allegations of paragraph 70 of the Complaint.

71.    Williams Defendant lacks knowledge or information sufficient to form a belief about what defendants in the Faulkner County case will argue and therefore denies them and denies all remaining allegations of paragraph 71 of the Complaint.

72.    Williams Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 of the Complaint and therefore denies them.

73.    Williams Defendant denies the allegations of paragraph 73 of the Complaint.

74.    Williams Defendant lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 74 of the Complaint and therefore denies them.

75.    Williams Defendant denies the allegations of paragraph 75 of the Complaint.

76.    Williams Defendant denies the allegations of paragraph 76 of the Complaint.

77.    Williams Defendant admits that Jacob Sutter participated with Plaintiffs in Plaintiff Sutter taking a deposition of the coroner and lacks knowledge

3541153-v1                                    10

or information sufficient to form a belief as to the remaining allegations of paragraph 77 of the Complaint and therefore denies them.

78. Williams Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 of the Complaint and therefore denies them.

79. Williams Defendant denies the allegations of paragraph 79 of the Complaint.

80. Williams Defendant denies the allegations of paragraph 80 of the Complaint.

81. Williams Defendant denies the allegations of paragraph 81 of the Complaint.

82. Count dismissed. No response required.

83. Count dismissed. No response required.

84. Count dismissed. No response required.

85. Count dismissed. No response required.

86. Count dismissed. No response required.

87. Count dismissed. No response required.

88. Count dismissed. No response required.

89. Williams Defendant restates all previous responses as if set forth here.

90. Williams Defendant lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 90 of the Complaint and therefore denies them.

91.     Williams Defendant denies the allegations of paragraph 91 of the Complaint.

92.     Williams Defendant denies the allegations of paragraph 92 of the Complaint.

93.     Paragraph 93 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Williams Defendant denies the allegations of paragraph 93 of the Complaint.

94.     Williams Defendant denies the allegations of paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Williams Defendant denies the allegations of paragraph 95 of the Complaint.

96.     Paragraph 96 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Williams Defendant denies the allegations of paragraph 96 of the Complaint.

97.     Williams Defendant denies the allegations of paragraph 97 of the Complaint.

98.     Williams Defendant denies the allegations of paragraph 98 of the Complaint.

99.     Williams Defendant denies the allegations of paragraph 99 of the Complaint.

100.    Williams Defendant denies the allegations of paragraph 100 of the Complaint.

101.    Paragraph 101 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Williams Defendant denies the allegations of paragraph 101 of the Complaint.

102.    Paragraph 102 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Williams Defendant denies the allegations of paragraph 102 of the Complaint.

103.    Paragraph 103 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Williams Defendant lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 103 of the Complaint and therefore denies them.

104.    Williams Defendant denies the allegations of paragraph 104 of the Complaint.

105.    Williams Defendant denies the allegations of paragraph 105 of the Complaint.

106.    Paragraph 106 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Williams Defendant denies the allegations of paragraph 106 of the Complaint.

107.    Williams Defendant denies the allegations of paragraph 107 of the Complaint.

108. Williams Defendant denies the allegations of paragraph 108 of the Complaint,

109. Williams Defendant denies the allegations of paragraph 109 of the Complaint.

110. Williams Defendant denies the allegations of paragraph 110 of the Complaint.

111. Paragraph 111 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Williams Defendant denies the allegations of paragraph 111 of the Complaint.

112. Paragraph 112 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Williams Defendant denies the allegations of paragraph 112 of the Complaint.

113. Paragraph 113 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Williams Defendant denies the allegations of paragraph 113 of the Complaint.

114. Paragraph 114 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Williams Defendant denies the allegations of paragraph 114 of the Complaint.

115. Williams Defendant denies the allegations of paragraph 115 of the Complaint.

116. Williams Defendant denies the allegations of paragraph 116 of the Complaint.

117. Williams Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that plaintiffs cannot practice law in other states as alleged in paragraph 117 of the Complaint and therefore denies this allegation. Williams Defendant admits that Judge Guynn's Order was sent to the OPC.

118. Williams Defendant denies the allegations of paragraph 118 of the Complaint.

119. Williams Defendant denies the allegations of paragraph 119 of the Complaint.

120. Williams Defendant restates all previous responses as if set forth here.

121. Williams Defendant denies the allegations of paragraph 121 of the Complaint.

122. Williams Defendant denies the allegations of paragraph 122 of the Complaint.

123. Williams Defendant denies the allegations of paragraph 123 of the Complaint.

124. Williams Defendant denies the allegations of paragraph 124 of the Complaint.

125. Williams Defendant denies the allegations of paragraph 125 of the Complaint.

126. Williams Defendant denies the allegations of paragraph 126 of the Complaint.

127.    Williams Defendant restates all previous responses as if set forth here.

128.    Williams Defendant denies the allegations of paragraph 128 of the Complaint.

129.    Williams Defendant denies the allegations of paragraph 129 of the Complaint.

130.    Williams Defendant denies the allegations of paragraph 130 of the Complaint.

131.    Williams Defendant denies the allegations of paragraph 131 of the Complaint.

132.    Count dismissed.  No response required.

133.    Count dismissed.  No response required.

134.    Count dismissed.  No response required.

135.    Count dismissed.  No response required.

136.    Count dismissed.  No response required.

137.    Count dismissed.  No response required.

138.    Count dismissed.  No response required.

139.    Count dismissed.  No response required.

140.    Count dismissed.  No response required.

141.    Count dismissed.  No response required.

142.    Count dismissed.  No response required.

143.    Count dismissed.  No response required.

144.    Count dismissed.  No response required.

145.  Count dismissed.  No response required.

146.  Count dismissed.  No response required.

147.  Count dismissed.  No response required.

148.  Count dismissed.  No response required.

149.  Count dismissed.  No response required.

150.  Count dismissed.  No response required.

151.  Count dismissed.  No response required.

152.  Count dismissed.  No response required.

153.  Count dismissed.  No response required.

154.  Count dismissed.  No response required.

155.  Williams Defendant also requests a jury trial.

156.  Williams Defendant denies that Plaintiffs are entitled to the relief sought in the WHEREFORE paragraph of the Complaint.

157.  Williams Defendant denies all allegations not specifically admitted herein.

158.  Affirmatively pleading, all exhibits attached to the Complaint speak for themselves and to the extent Plaintiffs have misstated the exhibits or taken them out of context, Williams Defendant denies those allegations.

159.  Affirmatively pleading, the imposition of punitive damages against Williams Defendant would violate his constitutional rights under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United State, the excessive fines clause in the Eighth Amendment to the Constitution of the

United State, the double jeopardy clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Arkansas constitution and/or the common law and public policies in Arkansas, and/or applicable statutes and court rules, in the circumstances of this litigation, including but not limited to, the following reasons:

    a. Imposition of such punitive or exemplary damages by a jury which (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of such punitive or exemplary damages award, (2) is not adequately and clearly instructed on the limits on punitive or exemplary damages imposed by the principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive or exemplary damages or determining the amount thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive or exemplary damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive and exemplary damages permissible, and (5) is not subject to trial court appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

b.  Imposition of punitive damages and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

c.  Imposition of punitive damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

d.  Imposition of punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability has been found on the merits;

e.  Imposition of punitive damages, and determination of the amount of an award thereof, under state law subject to no predetermined limit, such as a maximum multiple of compensatory damages or maximum amount; and/or

f.  Imposition of punitive damages, and determination of the amount of an award thereof may subject Williams Defendant to impermissible multiple punishment for the same alleged wrong.

160.  Affirmatively pleading, punitive damages are not allowed as against attorneys serving as counsel to any of the defendants in the Baker Case.

161.  Affirmatively pleading, estoppel, fraud, and illegality apply.

162.  Affirmatively pleading, Williams Defendant did not slander Plaintiffs.

3541153-v1

19

WHEREFORE, separate defendant Tommy Williams prays for the entry of an order dismissing the Complaint with prejudice.

Respectfully submitted:

DAVID M. DONOVAN
BAR NO. 81184
WDTC LAW, P.A.
2120 RIVERFRONT DRIVE, SUITE 275
LITTLE ROCK, AR  72202
(501) 372-1406
david.donovan@wdtc.law

*Attorneys for Defendant Tommy Williams*

3541153-v1                        20