## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

SUTTER & GILLHAM, P.L.L.C.;                                                      PLAINTIFFS
LUTHER SUTTER; and LUCIEN GILLHAM

     v.                                              No. 4:23-CV-78 BSM

JUDY SIMMONS HENRY; JACOB FAIR;
SCOTT IRBY; WRIGHT, LINDSEY & JENNINGS LLP;
TOMMY WILLIAMS; BRYAN ADAMS; ERIC BELL;
BRANDON ADAMS; EFREM NEELY; CHRIS BURKS;
BRANDON HAUBERT; WH LAW, PLC; and
JOHN DOES 1–100                                                                 DEFENDANTS

### ANSWER OF DEFENDANT EFREM NEELY, SR.

For his answer to the complaint, separate defendant Efrem Neely, Sr. ("Neely"):

1.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.     Admits that he is a resident of the State of Arkansas. States that he lacks knowledge or information sufficient to form a belief as to the truth of the allegation that all defendants are residents of the State of Arkansas. Denies the remaining allegations in paragraph 2.

3.     Denies the allegations in paragraph 3 of the complaint. States that there is one remaining claim against Neely, for conspiracy to violate plaintiffs' constitutional rights.

4.     Denies the allegations in paragraph 4.

5.     Admits that venue is proper but denies that any actionable conduct occurred, as alleged in paragraph 5.

6.     Admits the allegations in paragraph 6.

7.     Denies the allegations in paragraph 7.

8.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     Admits the allegations in paragraph 10.

11.     Admits that Neely represented clients, including Bryan Adams, Brandon Adams, Skylar Wilson, and other defendants in the case titled *Baker v. Adams*, in the Circuit Court of Jefferson County, Arkansas, Case Number 35CV-18-1077 (the "Baker Case"), with the express permission of those clients. Denies the remaining allegations in paragraph 11.

12.     Admits that defendant Eric Bell is an attorney who represents the Adams family and some or all of their business interests but denies the remaining allegations in paragraph 12.

13.     Admits that Neely is a lawyer licensed to practice law in Arkansas, that Alex Guynn was a former law partner of Neely, that Alex Guynn is now a Circuit Court Judge in Jefferson County, Arkansas, and that Judge Guynn presided over the Baker Case. Denies the remaining allegations in paragraph 13. States that the Baker Case was randomly assigned to Judge Guynn after another circuit judge in Jefferson County recused. States that Judge Guynn made disclosures on the record that he had a prior law firm relationship with Neely, which was already known to plaintiffs. States that plaintiffs had the opportunity to request recusal of Judge Guynn but instead welcomed Neely's participation in the case and advised the court that they did not want Judge Guynn to recuse himself from hearing the Baker Case.

14.     Denies the allegations in paragraph 14.

15.     Admits that Skylar Adams, Bryan Adams, and Brandon Adams are residents of Arkansas. Denies the remaining allegations in paragraph 15.

16.    Admits that defendant Tommy Williams is a licensed Arkansas attorney who practices with Quattlebaum, Grooms & Tull PLLC. Denies the remaining allegations in paragraph 16.

17.    Denies the allegations in paragraph 17.

18.    Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19.    Denies the allegations in paragraph 19.

20.    Denies the allegations in paragraph 20.

21.    Admits that Greg Stephens was one of the lawyers for the plaintiffs in the Baker Case and was one of the lawyers in one of the Luke Baker Estate cases filed in Faulkner County Circuit Court. Denies the remaining allegations in paragraph 21.

22.    Admits that Greg Stephens was sanctioned by the Circuit Court of Faulkner County. Denies the remaining allegations in paragraph 22.

23.    Denies the allegations in paragraph 23.

24.    Admits that his clients and others were sued in Jefferson County Circuit Court. Denies the remaining allegations in paragraph 24.

25.    Lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 25.

26.    Admits that paragraph 26 identifies some of the defendants in the Baker Case. Lacks knowledge or information sufficient to form a belief about the truth of the allegation that these defendants reside in Faulkner County.

27.    Admits that Brandon Adams is an officer of Reliance Health Care, Inc., an Arkansas corporation.  Lacks knowledge or information sufficient to form a belief about the truth of the

3

allegation that Brandon Adams is a director of Reliance Health Care, Inc., an Arkansas corporation. Denies the remaining allegations in paragraph 27.

28.     Admits that Prairie Wings South LLC and Prairie Wings Lodge, LLC, are Arkansas entities, that these entities were named defendants in the Baker Case, and that these entities own or have an interest in hunting and recreational real property in Jefferson County where Luke Baker died. Denies the remaining allegations in paragraph 28.

29.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

30.     Admits the allegations in paragraph 30.

31.     Admits that plaintiffs represented Gena Baker in the Baker Case. Lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 31.

32.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 regarding what plaintiffs believed. Denies the remaining allegations in paragraph 32.

33.     Denies the allegations in paragraph 33.

34.     Denies the allegations in paragraph 34 and footnote 2.

35.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

36.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38.     Denies the allegations in paragraph 38.

39.     Denies the allegations in paragraph 39.

40.     Denies the allegations in paragraph 40.

41.     Admits that Neely, whose name is incorrectly spelled in paragraph 41, was a former law partner of Judge Guynn. Denies the remaining allegations in paragraph 41.

42.     Denies the allegations in paragraph 42.

43.     Denies the allegations in paragraph 43.

44.     Denies the allegations in paragraph 44.

45.     Admits that, although Neely has experience in civil cases, he has not prosecuted a case exactly like the one in Exhibit A to the complaint.  States that he has extensive experience in criminal cases and that his primary role in the case in Exhibit A was dealing with issues of criminal law.

46.     Lacks knowledge or information sufficient for form a belief about the truth of the allegations in paragraph 46.

47.     Denies the allegations in paragraph 47.

48.     Denies the allegations in paragraph 48.

49.     Denies the allegations in paragraph 49.

50.     Objects to the allegations in paragraph 50 on the grounds that requiring an answer would invade the attorney-client privilege and other rights of confidentiality.  To the extent necessary, Neely moves to strike the allegations of paragraph 50.

51.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51.

52.     Denies the allegations in paragraph 52.

53.     Lacks knowledge or information sufficient for form a belief about the truth of the allegations in paragraph 53.

54.     Denies the allegations in paragraph 54.

55.     Denies the allegations in paragraph 55.

56.     Denies the allegations in paragraph 56.

57.     Denies the allegations in paragraph 57.

58.     Denies the allegations in paragraph 58.

59.     Denies the allegations in paragraph 59.

60.     Denies the allegations in paragraph 60.

61.     Denies the allegations in paragraph 61.

62.     Denies the allegations in paragraph 62.

63.     Denies the allegations in paragraph 63.

64.     Denies the allegations in paragraph 64.

65.     Denies the allegations in paragraph 65.

66.     Admits that Judge Guynn signed an order. Denies the remaining allegations in paragraph 66.

67.     Admits that plaintiff Luther Sutter moved to intervene in the Baker Case and that a response and reply to that motion were filed. Lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 67.

68.     Denies the allegations in paragraph 68.

69.     Admits that Judge Guynn denied the motion to intervene. Denies the remaining allegations in paragraph 69.

70. Admits that a complaint was filed in Faulkner County. Denies the remaining allegations in paragraph 70.

71. Lacks knowledge or information sufficient to form a belief about the truth of the allegations about what defendants in the Faulkner County case will argue. Denies the remaining allegations in paragraph 71.

72. Admits that Chris Burks, as attorney for David Westbrook ("Westbrook"), filed a counterclaim against plaintiffs. Denies the remaining allegations in paragraph 72.

73. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73.

74. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74.

75. Denies the allegations in paragraph 75.

76. Denies the allegations in paragraph 76.

77. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77.

78. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78.

79. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79.

80. Denies the allegations in paragraph 80.

81. Denies the allegations in paragraph 81.

82. Claim dismissed. No response required.

83. Claim dismissed. No response required.

84. Claim dismissed. No response required.

85. Claim dismissed. No response required.

86. Claim dismissed. No response required.

87. Claim dismissed. No response required.

88. Claim dismissed. No response required.

89. Neely restates all previous responses as if set forth here.

90. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90.

91. Denies the allegations in paragraph 91.

92. Denies the allegations in paragraph 92.

93. Paragraph 93 is a statement of law to which no response is required. To the extent a response is required, Neely denies the allegations in paragraph 93.

94. Paragraph 94 is a statement of law to which no response is required. To the extent a response is required, Neely denies the allegations in paragraph 94.

95. Paragraph 95 is a conclusion of law to which no response is required. To the extent a response is required, Neely denies the allegations in paragraph 95.

96. Paragraph 96 is a statement of law to which no response is required. To the extent a response is required, Neely denies the allegations in paragraph 96.

97. Denies the allegations in paragraph 97.

98. Denies the allegations in paragraph 98.

99. Denies the allegations in paragraph 99.

100. Denies the allegations in paragraph 100.

101.    Paragraph 101 is a statement of law to which no response is required. To the extent a response is required, Neely denies the allegations in paragraph 101.

102.    Paragraph 102 is a statement of law to which no response is required. To the extent a response is required, Neely denies the allegations in paragraph 102.

103.    Paragraph 103 is a statement of law to which no response is required. To the extent a response is required, Neely lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103.

104.    Denies the allegations in paragraph 104.

105.    Denies the allegations in paragraph 105.

106.    Paragraph 106 is a statement of law to which no response is required. To the extent a response is required, Neely denies the allegations in paragraph 106.

107.    Denies the allegations in paragraph 107.

108.    Denies the allegations in paragraph 108.

109.    Denies the allegations in paragraph 109.

110.    Denies the allegations in paragraph 110.

111.    Paragraph 111 is a statement of law to which no response is required. To the extent a response is required, Neely denies the allegations in paragraph 111.

112.    Paragraph 112 is a statement of law to which no response is required. To the extent a response is required, Neely denies the allegations in paragraph 112.

113.    Paragraph 113 is a statement of law to which no response is required. To the extent a response is required, Neely denies the allegations in paragraph 113.

114.    Paragraph 114 is a statement of law to which no response is required. To the extent a response is required, Neely denies the allegations in paragraph 114.

115.   Denies the allegations in paragraph 115.

116.   Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116.

117.   Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117.

118.   Denies the allegations in paragraph 118.

119.   Denies the allegations in paragraph 119.

120.   Claim dismissed against Neely. No response required.

121.   Claim dismissed against Neely. No response required.

122.   Claim dismissed against Neely. No response required.

123.   Claim dismissed against Neely. No response required.

124.   Claim dismissed against Neely. No response required.

125.   Claim dismissed against Neely. No response required.

126.   Claim dismissed against Neely. No response required.

127.   Claim not made against Neely. No response required.

128.   Claim not made against Neely. No response required.

129.   Claim not made against Neely. No response required.

130.   Claim not made against Neely. No response required.

131.   Claim not made against Neely. No response required.

132.   Claim dismissed. No response required.

133.   Claim dismissed. No response required.

134.   Claim dismissed. No response required.

135.   Claim dismissed. No response required.

136. Claim dismissed. No response required.

137. Claim dismissed. No response required.

138. Claim dismissed. No response required.

139. Claim dismissed. No response required.

140. Claim dismissed. No response required.

141. Claim dismissed. No response required.

142. Claim dismissed. No response required.

143. Claim dismissed. No response required.

144. Claim dismissed. No response required.

145. Claim dismissed. No response required.

146. Claim dismissed. No response required.

147. Claim dismissed. No response required.

148. Claim dismissed. No response required.

149. Claim dismissed. No response required.

150. Claim dismissed. No response required.

151. Claim dismissed. No response required.

152. Claim dismissed. No response required.

153. Claim dismissed. No response required.

154. Claim dismissed. No response required.

155. Denies that the remaining claim against Neely warrants a trial by jury.

156. Denies that plaintiffs are entitled to the relief they seek in the WHEREFORE paragraph.

157. Denies all allegations not specifically admitted in this answer.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

158.    The complaint fails to state facts on which relief can be granted.

159.    Neely reasserts all defenses he has previously raised in this case, including those raised in his motion to dismiss the complaint.

160.    Plaintiffs are estopped to assert the remaining claim against Neely, based on their conduct described in Neely's motion to dismiss.

161.    Plaintiffs' claims are barred by *res judicata*, based on the facts stated in Neely's motion to dismiss.

162.    Plaintiffs' claims are barred by collateral estoppel, based on the facts stated in Neely's motion to dismiss.

163.    Plaintiffs have waived all claims against Neely, based on their conduct described in Neely's motion to dismiss.

164.    Neely adopts all defenses, including affirmative defenses, raised by each other defendant in this case.

## PRAYER FOR RELIEF

WHEREFORE, defendant Efrem Neely, Sr., prays that the Court dismiss the remaining claim against him with prejudice, grant judgment in his favor and against plaintiffs, award him attorneys' fees and costs in this case, and grant him all other appropriate relief.

DATED:  June 1, 2026.

SHULTS LAW FIRM LLP
200 West Capitol Avenue, Suite 1600
Little Rock, AR 72201-3621
(501) 375-2301

By:    Peter Shults
        Ark. Bar No. 2019021
        pshults@shultslaw.com

12

13

Steven Shults
Ark. Bar No. 78139
sshults@shultslaw.com

*Attorneys for Defendant Efrem Neely, Sr.*