## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**SUTTER & GILLHAM, P.L.L.C.;**
**LUTHER SUTTER; and LUCIEN GILLHAM**                    **PLAINTIFFS**

**VS.**                          **NO. 04:23-cv-0078-BSM**

**JUDY SIMMONS HENRY; JACOB FAIR;**
**SCOTT IRBY; WRIGHT, LINDSEY & JENNINGS LLP;**
**TOMMY WILLIAMS; BRYAN ADAMS; ERIC BELL;**
**BRANDON ADAMS; SKYLAR ADAMS; EFREM NEELY;**
**CHRIS BURKS; BRANDON HAUBERT; WH LAW, PLC; and**
**JOHN DOES 1–100**                                **DEFENDANTS**

### BRYAN ADAMS, ERIC BELL, BRANDON ADAMS AND SKYLAR ADAMS' ANSWER TO THE REMAINING CLAIMS IN THE COMPLAINT

Separate Defendants Bryan Adams, Brandon Adams, Eric Bell and Skylar Adams (collectively, "Adams Defendants") for their answer to the remaining claims in the Complaint (ECF #1), state:

1.      Adams Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint and therefore deny them.

2.      Adams Defendants admit they are all residents of the State of Arkansas but deny the remaining allegations of paragraph 2 of the Complaint.

3.      Adams Defendants deny the allegations of paragraph 3 of the Complaint.  Affirmatively pleading, several counts of the Complaint have been dismissed.

3541153-v1

4.     Adams Defendants deny the allegations of paragraph 4 of the Complaint.

5.     Adams Defendants admit that venue is proper but deny that all allegations that any actionable conduct occurred as alleged in paragraph 5 of the Complaint.

6.     Adams Defendants admit the allegations of paragraph 6 of the Complaint.

7.     Adams Defendants deny the allegations of paragraph 7 of the Complaint.

8.     Adams Defendants admit that Plaintiffs practice law in Arkansas but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 of the Complaint and therefore deny them.

9.     Adams Defendants admit the allegations of paragraph 9 of the Complaint but deny that the law firm's name is correctly spelled.

10.    Adams Defendants admit the allegations of paragraph 10 of the Complaint.

11.    Adams Defendants admit the allegations of paragraph 11 of the Complaint.

12.    Adams Defendants admit the allegations of paragraph 12 of the Complaint that Defendant Eric Bell is an attorney who represents the Adams family and some or all of their business interests but deny the remaining allegations of paragraph 12 of the Complaint.  Affirmatively pleading, the

Defendants Chris Burks, Brandon Halbert and WH Law, PLC have resolved their disputes with Plaintiffs.

13.     Adams Defendants admit that Efrem Neely ("Neely") is a lawyer licensed to practice law in Arkansas, that Alex Guynn was a former partner of Neely, that Alex Guynn is now a Circuit Court Judge in Jefferson County, Arkansas, that Judge Guynn presided over the *Baker et al vs Adams, et al* case ("Baker Case") and deny the remaining allegations of paragraph 13 of the Complaint.  Affirmatively pleading, the Baker Case was randomly assigned to Judge Guynn.  Affirmatively pleading, Judge Guynn made disclosures on the record that he had a prior law firm relationship with Neely, which was already known to Plaintiffs.  Transcript Feb. 21, 2019 Jefferson Co. Cir. Ct. hearing, pp. 1-3, 10-35, 257.  Plaintiffs had the opportunity to request recusal of Judge Guynn based on his former relationship with Neely but rather, Plaintiffs welcomed Neely's participation in the case and advised the Court they did not want Judge Guynn to recuse himself from hearing the Baker Case.  *Id.* at pp. 11-12 (Mr. Sutter: "But I just want to make it clear that for the plaintiffs – I think I'm speaking for all the plaintiffs – we think Mr. Neely is a find addition to this case … we welcome Mr. Neely.  I mean, we – when he entered his appearance on Friday, I sent him a text and said, Congratulation.  Let's roll with this.")  Affirmatively pleading, Judge Guynn also disclosed that Marion Humphrey, a former circuit court judge and attorney for plaintiff Savannah Baker Case in the Baker Case, had represented Judge Guynn's sister in a family dispute.  *Id.* After both disclosures by Judge Guynn, the Adams

Defendants in the Baker Case asked Judge Guynn to recuse himself because of an appearance of impropriety based on attorney Humphrey's relationship with and representation of Judge Guynn's sister. *Id.* Believing that he could be fair and impartial, Judge Guynn stated that he denied the motion to recuse. *Id.* Affirmatively pleading, Judge Guynn remained fair and impartial throughout the Baker Case.

14. Adams Defendants deny the allegations of paragraph 14 of the Complaint.

15. Adams Defendants deny the allegations of paragraph 15 of the Complaint. Affirmatively pleading, a lawsuit was filed against Plaintiffs in Faulkner County Circuit Court, and Plaintiffs' motion to dismiss was denied.

16. Adams Defendants admit that Defendant Tommy Williams is a licensed Arkansas attorney who practices with Quattlebaum, Grooms and Tull PLLC but deny the remaining allegations of paragraph 16 of the Complaint.

17. Adams Defendants deny the allegations of paragraph 17 of the Complaint.

18. Adams Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint and therefore deny them.

19. Adams Defendants deny the allegations of paragraph 19 of the Complaint.

20.   Adams Defendants deny the allegations of paragraph 20 of the Complaint.

21.   Adams Defendants admit the allegations of paragraph 21 of the Complaint that Greg Stephens ("Stephens") was one of the lawyers for plaintiffs in the Baker Case and was one of the lawyers in one of the Luke Baker Estate cases filed in Faulkner County Circuit Court and deny the allegations as written in paragraph 21 of the Complaint.

22.   Adams Defendants admit that Stephens was sanctioned by the Circuit Court of Faulkner County but deny the remaining allegations in paragraph 22 of the Complaint.

23.   Adams Defendants deny the allegations of paragraph 23 of the Complaint.

24.   Adams Defendants admit that they and others were sued in Jefferson County Circuit Court but deny the remaining allegations in paragraph 24 of the Complaint.  Affirmatively pleading, Adams Defendants did not allege Luke Baker died by suicide.

25.   Adams Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint and therefore deny them.

26.   Adams Defendants admit the allegations that some defendants in the Baker Case are identified in paragraph 26 of the Complaint and that some of them

reside in Faulkner County and deny the remaining allegations of paragraph 26 of the Complaint.

27.    Adams Defendants deny that Brandon Adams owns the referenced real estate, admit that he is an officer of Reliance Health Care, Inc. and deny the remaining allegations as alleged in paragraph 27 of the Complaint.

28.    Adams Defendants admit that Prairie Wings South LLC and Prairie Wings Lodge, LLC are Arkansas entities (collectively, "Prairie Wings", Prairie Wings) were named defendants in the Baker Case, Prairie Wings own or have an interest in personal hunting and recreational real property in Jefferson County and Luke Baker died there, and deny the remaining allegations of paragraph 28 of the Complaint.

29.    Adams Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint and therefore deny them.  Affirmatively pleading, paragraph 29 is non-sensical.

30.    Adams Defendants admit the allegations of paragraph 30 of the Complaint except that Adams Defendants deny that Kerry Baker individually and Kerry Baker as Administrator of the estate of Luke Baker had separate counsel in the Baker Case as alleged in paragraph 30 of the Complaint.

31.    Adams Defendants admit that Plaintiffs represented defendant Gena Baker in the Baker Case but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31 of the Complaint and therefore deny them.

32.    Adams Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint as to what Plaintiffs believe and therefore deny them.  Adams Defendants deny the remaining allegations in paragraph 32 of the Complaint including a. – iii.  Affirmatively pleading, the allegations of plaintiffs in the Jefferson County case were untrue.

33.    Adams Defendants deny the allegations of paragraph 33 of the Complaint.

34.    Adams Defendants deny the allegations of paragraph 34 and footnote 2 (sic) of the Complaint.  Affirmatively pleading, defendants in Jefferson County did not claim that Luke Baker died by suicide, but rather by an accidental self-inflicted gunshot wound to his head as the coroner and hospital personal determined and stated in the original death certificate.  Original Death Certificate.

35.    Adams Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint and therefore deny them.

36.    Adams Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and therefore deny them.

37.    Adams Defendants deny the allegations of paragraph 37 of the Complaint.

38.    Adams Defendants deny the allegations of paragraph 38 of the Complaint.

39.     Adams Defendants deny the allegations of paragraph 39 of the Complaint.

40.     Adams Defendants deny the allegations of paragraph 40 of the Complaint.

41.     Adams Defendants deny the allegations of paragraph 41 of the Complaint.

42.     Adams Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint and therefore deny them.

43.     Adams Defendants deny the allegations of paragraph 43 of the Complaint.

44.     Adams Defendants deny the allegations of paragraph 44 of the Complaint.

45.     Adams Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint and therefore deny them.

46.     Adams Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Complaint and therefore deny them.  Affirmatively pleading, Plaintiffs have waived any attorney client privilege with Gena Baker.

47.     Adams Defendants deny the allegations of paragraph 47 of the Complaint.

48.    Adams Defendants deny the allegations of paragraph 48 of the Complaint.

49.    Adams Defendants deny the allegations of paragraph 49 of the Complaint.

50.    Adams Defendants deny the allegations of paragraph 50 of the Complaint.

51.    Adams Defendants deny the allegations of paragraph 51 of the Complaint.

52.    Adams Defendants deny the allegations of paragraph 52 of the Complaint.

53.    Adams Defendants deny the allegations of paragraph 53 of the Complaint.

54.    Adams Defendants deny the allegations of paragraph 54 of the Complaint.

55.    Adams Defendants deny the allegations of paragraph 55 of the Complaint.

56.    Adams Defendants deny the allegations of paragraph 56 of the Complaint.

57.    Adams Defendants deny the allegations of paragraph 57 of the Complaint.

58.    Adams Defendants deny the allegations of paragraph 58 of the Complaint.

59. Adams Defendants deny the allegations of paragraph 59 of the Complaint.

60. Adams Defendants deny the allegations of paragraph 60 of the Complaint.

61. Adams Defendants deny the allegations of paragraph 61 of the Complaint.

62. Adams Defendants deny the allegations of paragraph 62 of the Complaint.

63. Adams Defendants deny the allegations of paragraph 63 of the Complaint.

64. Adams Defendants deny the allegations of paragraph 64 of the Complaint.

65. Adams Defendants deny the allegations of paragraph 65 of the Complaint.

66. Adams Defendants admit that Judge Guynn signed an order but deny the remaining allegations of paragraph 66 of the Complaint.

67. Adams Defendants admit that Plaintiff Sutter sought to intervene in the Baker Case, that a response was filed by defendants and a reply was filed but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 67 of the Complaint and therefore deny them. Affirmatively pleading, no appeal was taken from the order denying the motion to

intervene, and the order is final and any attack is barred by res judicata and collateral estoppel.

68.     Adams Defendants deny the allegations of paragraph 68 of the Complaint.

69.     Adams Defendants admit that Judge Guynn denied the motion to intervene and deny the remaining allegations of paragraph 69 of the Complaint.

70.     Adams Defendants admit that they filed a complaint in Faulkner County but deny the remaining allegations of paragraph 70 of the Complaint. Affirmatively pleading, the allegations as to Defendant Neely are taken out of context.

71.     Adams Defendants lack knowledge or information sufficient to form a belief about what defendants in the Faulkner County case will argue and therefore deny them and deny all remaining allegations of paragraph 71 of the Complaint.

72.     Adams Defendant admit that Chris Burks as attorney for David Westbrook ("Westbrook") filed a counterclaim against Plaintiffs but deny the remaining allegations of paragraph 72 of the Complaint.  Affirmatively pleading, a summary judgment was granted in the referenced case on Westbrook's counterclaim because Westbrook did not produce an expert; however, no decision was made on the merits of the complaint against Westbrook.

73.     Adams Defendants deny the allegations of paragraph 73 of the Complaint.

74. Adams Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 74 of the Complaint and therefore denies them.

75. Adams Defendants deny the allegations of paragraph 75 of the Complaint.

76. Adams Defendants deny the allegations of paragraph 76 of the Complaint.

77. Adams Defendants admit that Jacob Sutter participated with Plaintiffs in Plaintiff Sutter taking a deposition of the coroner and lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 77 of the Complaint and therefore deny them.

78. Adams Defendants admit that a FOIA request was served on the University of Arkansas, lack knowledge or information sufficient to form a belief as to the lost allegation and therefore deny it and deny the remaining allegations of paragraph 78 of the Complaint.

79. Adams Defendants deny the allegations of paragraph 79 of the Complaint.

80. Adams Defendants deny the allegations of paragraph 80 of the Complaint.

81. Adams Defendants deny the allegations of paragraph 81 of the Complaint.

82. Count dismissed.  No response required.

83.   Count dismissed.  No response required.

84.   Count dismissed.  No response required.

85.   Count dismissed.  No response required.

86.   Count dismissed.  No response required.

87.   Count dismissed.  No response required.

88.   Count dismissed.  No response required.

89.   Adams Defendants restate all previous responses as if set forth here.

90.   Adams Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 90 of the Complaint and therefore deny them.

91.   Adams Defendants deny the allegations of paragraph 91 of the Complaint.

92.   Adams Defendants deny the allegations of paragraph 92 of the Complaint.

93.   Paragraph 93 of the Complaint is a statement of law to which no response is required.  To the extent a response is required, Adams Defendants deny the allegations of paragraph 93 of the Complaint.

94.   Paragraph 94 of the Complaint is a statement of law to which no response is required.  To the extent a response is required, Adams Defendants deny the allegations of paragraph 94 of the Complaint.

95.    Paragraph 95 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, Adams Defendants deny the allegations of paragraph 95 of the Complaint.

96.    Paragraph 96 of the Complaint is a statement of law to which no response is required.  To the extent a response is required, Adams Defendants deny the allegations of paragraph 96 of the Complaint.

97.    Adams Defendants deny the allegations of paragraph 97 of the Complaint.

98.    Adams Defendants deny the allegations of paragraph 98 of the Complaint.

99.    Adams Defendants deny the allegations of paragraph 99 of the Complaint.

100.    Adams Defendants deny the allegations of paragraph 100 of the Complaint.

101.    Paragraph 101 of the Complaint is a statement of law to which no response is required.  To the extent a response is required, Adams Defendants deny the allegations of paragraph 101 of the Complaint.

102.    Paragraph 102 of the Complaint is a statement of law to which no response is required.  To the extent a response is required, Adams Defendants deny the allegations of paragraph 102 of the Complaint.

103.    Paragraph 103 of the Complaint is a statement of law to which no response is required.  To the extent a response is required, Adams Defendants lack

knowledge or information sufficient to form a belief as to the allegations of paragraph 103 of the Complaint and therefore deny them.

104. Adams Defendants deny the allegations of paragraph 104 of the Complaint.

105. Adams Defendants deny the allegations of paragraph 105 of the Complaint.

106. Paragraph 106 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Adams Defendants deny the allegations of paragraph 106 of the Complaint.

107. Adams Defendants deny the allegations of paragraph 107 of the Complaint.

108. Adams Defendants deny the allegations of paragraph 108 of the Complaint,

109. Adams Defendants deny the allegations of paragraph 109 of the Complaint.

110. Adams Defendants deny the allegations of paragraph 110 of the Complaint.

111. Paragraph 111 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Adams Defendants deny the allegations of paragraph 111 of the Complaint.

112. Paragraph 112 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Adams Defendants deny the allegations of paragraph 112 of the Complaint.

113. Paragraph 113 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Adams Defendants deny the allegations of paragraph 113 of the Complaint.

114. Paragraph 114 of the Complaint is a statement of law to which no response is required. To the extent a response is required, Adams Defendants deny the allegations of paragraph 114 of the Complaint.

115. Adams Defendants deny the allegations of paragraph 115 of the Complaint.

116. Claim dismissed. No response required. If a response is required, Adams Defendants deny the allegations of paragraph 116 of the Complaint.

117. Adams Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that they cannot practice law in other states as alleged in paragraph 117 of the Complaint and therefore deny this allegation and admit that Judge Guynn's Order was sent to the OPC.

118. Adams Defendants deny the allegations of paragraph 118 of the Complaint. Affirmatively pleading, see previously stated defense as to the Westbrook counterclaim.

119. Adams Defendants deny the allegations of paragraph 119 of the Complaint.

120.    Adams Defendants restate all previous responses as if set forth here.

121.    Adams Defendants deny the allegations of paragraph 121 of the Complaint.

122.    Adams Defendants deny the allegations of paragraph 122 of the Complaint.

123.    Adams Defendants deny the allegations of paragraph 123 of the Complaint.

124.    Adams Defendants deny the allegations of paragraph 124 of the Complaint.

125.    Adams Defendants deny the allegations of paragraph 125 of the Complaint.

126.    Adams Defendants deny the allegations of paragraph 126 of the Complaint.

127.    Adams Defendants restate all previous responses as if set forth here.

128.    Adams Defendants deny the allegations of paragraph 128 of the Complaint.

129.    Claim dismissed.  No response required.

130.    Count dismissed except to Gena Baker.  No response required.  Adams Defendants deny the allegations of paragraph 130 of the Complaint as to Gena Baker.

131.    Adams Defendants deny the allegations of paragraph 131 of the Complaint.

132. Count dismissed. No response required.

133. Count dismissed. No response required.

134. Count dismissed. No response required.

135. Count dismissed. No response required.

136. Count dismissed. No response required.

137. Count dismissed. No response required.

138. Count dismissed. No response required.

139. Count dismissed. No response required.

140. Count dismissed. No response required.

141. Count dismissed. No response required.

142. Count dismissed. No response required.

143. Count dismissed. No response required.

144. Count dismissed. No response required.

145. Count dismissed. No response required.

146. Count dismissed. No response required.

147. Count dismissed. No response required.

148. Count dismissed. No response required.

149. Count dismissed. No response required.

150. Count dismissed. No response required.

151. Count dismissed. No response required.

152. Count dismissed. No response required.

153. Count dismissed. No response required.

154. Count dismissed. No response required.

155. Adams Defendants deny that any remaining claim warrants a trial by jury.

156. Adams Defendants deny that Plaintiffs are entitled to the relief sought in the WHEREFORE paragraph of the Complaint.

157. Adams Defendants deny all allegations not specifically admitted.

158. Affirmatively pleading, all exhibits attached to the Complaint speak for themselves and to the extent Plaintiffs have misstated the exhibits or taken them out of context, Adams Defendants deny the allegations.

159. Affirmatively pleading, the imposition of punitive damages against the Adams Defendants would violate its constitutional rights under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United State, the excessive fines clause in the Eighth Amendment to the Constitution of the United State, the double jeopardy clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Arkansas constitution and/or the common law and public policies in Arkansas, and/or applicable statutes and court rules, in the circumstances of this litigation, including but not limited to, the following reasons:

a. Imposition of such punitive or exemplary damages by a jury which (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of such punitive or exemplary damages award, (2) is not

adequately and clearly instructed on the limits on punitive or exemplary damages imposed by the principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive or exemplary damages or determining the amount thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive or exemplary damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive and exemplary damages permissible, and (5) is not subject to trial court appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

b. Imposition of punitive damages and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

c. Imposition of punitive damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

d. Imposition of punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and

> trying all punitive damages issues only if and after the liability has been found on the merits;
>
> e.  Imposition of punitive damages, and determination of the amount of an award thereof, under state law subject to no predetermined limit, such as a maximum multiple of compensatory damages or maximum amount; and/or
>
> f.  Imposition of punitive damages, and determination of the amount of an award thereof may subject the Adams Defendants to impermissible multiple punishment for the same alleged wrong.

160.   Affirmatively pleading, punitive damages are not allowed as against attorneys serving as counsel to the Adams Defendants in the Baker Case.

161.   Affirmatively pleading, estoppel, fraud, and illegality apply.

162.   Affirmatively pleading, on February 21, 2019, at a hearing, Judge Guynn *sua sponte* raised, disclosed and discussed on the record in both open court and in chambers two facts – that Efrem Neely any attorney for the Adams defendants was a former partner of his and that Marion Humphrey an attorney for plaintiff Savannah Baker Case represented Judge Guynn's sister in a matter.  "And so I want to make sure that everything was out in the open. If anybody had any problem with it, this would be the time to address it."  Judge Guynn further disclosed that he had "been knowing Judge Humphrey for some years.  He knows my family."  Further stating, "I do have a duty to make sure I be impartial and fair.

That's why I told everybody. But I don't think that would have any bearings going forward on this trial. But I wanted everybody to know, for y'all to know. You can relay it to your clients. I am not going anywhere. But – but I wanted them to know. But Judge [Humphrey], Luther, Efrem, it's just work to me … But I'll make sure I'll be fair to both sides." Transcript Feb. 21, 2019 Jefferson Co. Cir. Ct. hearing, pp. 1-3, 10-35, 257.

163.    Affirmatively pleading, based on Marion Humphrey's representation of Judge Guynn's sister, the Adams Defendants asked Judge Guynn to recuse from hearing the case. *Id.*

164.    Affirmatively pleading, the plaintiffs in the Baker Case and their attorneys – Sutter, Gillham, Stephens and Humphrey – did not want Judge Guynn to recuse himself. *Id.*

165.    Affirmatively pleading, Judge Guynn declined to recuse himself at the Adams Defendants' request, finding that he could be fair and impartial.

166.    Affirmatively pleading, Judge Guynn was fair and impartial in making decisions in and judging the Baker Case.

167.    Affirmative pleading, Plaintiffs voluntarily withdrew in the Baker Case. Motion to Withdraw Feb. 6, 2020.

168.    Affirmatively pleading, because of their motion to voluntarily withdraw in the Baker Case, Plaintiffs are not entitled to any damages from Adams Defendants.

169.   Affirmatively pleading, Plaintiffs admit and allege in this case that their client in the Baker Case, Gena Baker, "was not the real party in interest" in the Baker Case and no right to any independent recovery separate and apart from whatever right she had as a beneficiary of the Estate.  Response to Defendants' Supplemental Brief in Support of Motion to Dismiss, Doc. 71, Oct 29, 2025, pg. 2.  Further, Plaintiffs admit that their complaint for Gena Baker in the Baker case was "unnecessary." *Id.*

170.   Affirmatively pleading, Adams Defendants did not defame Plaintiffs.

171.   Affirmatively pleading, statements made in pleadings in the context of litigation are privileged and not actionable, and Plaintiffs' quotes taken from pleadings filed for Adams Defendants are not actionable.

172.   Affirmatively pleading, Judge Guynn made rulings on which Adams Defendants were and are entitled to rely.  Order Dismissing Baker Case with Prejudice June 22, 2021; Order Dismissing Baker Case Without Prejudice October 25, 2025.

WHEREFORE, the Adams Defendants pray for the entry of an order dismissing the Complaint with prejudice.

Respectfully submitted:

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
jhenry@Adams.com; sirby@Adams.com


By: */s/ Judy S. Henry*_____
    Judy Simmons Henry (84069)
    Scott A. Irby (99192)

    *Attorneys for Defendants*
    *Bryan Adams, Eric Bell, Brandon Adams*
    *and Skylar Adams*