**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

SUTTER & GILLHAM, P.L.L.C.;
LUTHER SUTTER; and LUCIEN GILLHAM                          **PLAINTIFFS**

VS.                          **NO. 04:23-cv-0078-BSM**

JUDY SIMMONS HENRY; JACOB FAIR;
SCOTT IRBY; WRIGHT, LINDSEY & JENNINGS LLP;
TOMMY WILLIAMS; BRYAN ADAMS; ERIC BELL;
BRANDON ADAMS; SKYLAR ADAMS; EFREM NEELY;
CHRIS BURKS; BRANDON HAUBERT; WH LAW, PLC; and
JOHN DOES 1–100                          **DEFENDANTS**

**JUDY SIMMONS HENRY, JACOB FAIR,**
**SCOTT IRBY AND WRIGHT, LINDSEY & JENNINGS LLP'S**
**ANSWER TO THE REMAINING CLAIMS IN THE COMPLAINT**

Separate Defendants Judy Simmons Henry ("Henry"), Jacob P. Fair ("Fair"), Scott A. Irby

("Irby") and Wright, Lindsey & Jennings LLP ("WLJ") (Henry, Fair, Irby and WLJ collectively,

"WLJ Defendants") for their answer to the remaining claims in the Complaint (ECF #1), state:

1.      WLJ Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 1 of the Complaint and therefore deny them.

2.      WLJ Defendants admit they are all residents of the State of Arkansas but deny

the remaining allegations of paragraph 2 of the Complaint.  Affirmatively pleading WLJ

Defendants did not and could not act under color of law, to deny Plaintiff's Fifth Amendment

rights, and deny the existence of any conspiracy.

3.      WLJ Defendants deny the allegations of paragraph 3 of the Complaint.

Affirmatively pleading, several of the counts of the Complaint have been dismissed.

4.      WLJ Defendants deny the allegations of paragraph 4 of the Complaint.

4898-8400-7601

5.      WLJ Defendants admit venue is proper but deny any actionable conduct occurred as alleged in the Complaint.

6.      WLJ Defendants admit the allegations of paragraph 6 of the Complaint and affirmatively deny any actionable conduct occurred as alleged in the Complaint.

7.      WLJ Defendants deny the allegations of paragraph 7 of the Complaint.

8.      WLJ Defendants admit individual Plaintiffs practice law in Arkansas but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 of the Complaint and therefore deny them.

9.      WLJ Defendants admit the allegations of paragraph 9 of the Complaint except deny the law firm name is correctly alleged.

10.     WLJ Defendants admit the allegations of paragraph 10 of the Complaint and clarify the exception of Burks and Halbert includes WH Law, PLC.

11.     WLJ Defendants admit the allegations of paragraph 11 of the Complaint.

12.     WLJ Defendants admit Defendant Eric Bell is an attorney who represents the Adams family and some or all of their business interests but deny the remaining allegations of paragraph 12 of the Complaint.  Affirmatively pleading, the Defendants Chris Burks, Brandon Halbert and WH Law, PLC have resolved their disputes with Plaintiffs.

13.     WLJ Defendants admit Efrem Neely ("Neely") is a lawyer licensed to practice law in Arkansas, Alex Guynn was a former partner of Neely, Alex Guynn is now a Circuit Court Judge in Jefferson County, Arkansas, Judge Guynn presided over the *Baker et al vs Adams, et al* case ("Baker Case") and denies the remaining allegations of paragraph 13 of the Complaint.  Affirmatively pleading, the Baker Case was randomly assigned to Judge Guynn. Affirmatively pleading, Judge Guynn made disclosures on the record he had a prior law firm

4898-8400-7601

relationship with Neely, which was already known to Plaintiffs.  Transcript of hearing Jefferson County Circuit Court, Feb. 21, 2019 hearing pp. 1-3, 10-35, 257.  Plaintiffs had the opportunity to request recusal of Judge Guynn based on his former relationship with Neely but rather, Plaintiffs welcomed Neely's participation in the case and advised the Court they did not want Judge Guynn to recuse himself from hearing the Baker Case.  *Id.* at pp. 11-12 (Mr. Sutter: "But I just want to make it clear that for the plaintiffs – I think I'm speaking for all the plaintiffs – we think Mr. Neely is a fine addition to this case … we welcome Mr. Neely.  I mean, we – when he entered his appearance on Friday, I sent him a text and said, Congratulation.  Let's roll with this.")

> MR. SUTTER:  But I just want to make it clear that for the plaintiffs - - I think I'm speaking for all the plaintiffs - - we think Mr. Neely is a fine addition to this case, …
>
> I mean, I - - you know, I - - I - - I've been involved in this case a long time, even before it was filed.  You know, I - -  we're just - - we're just ready to - - to get to it and join the issues.
>
> So, Judge, on behalf of the plaintiff's, we waive any - -  any conflict of interest you - -  you may or may not have.
>
> THE COURT:  Okay.
>
> MR. SUTTER:  And so we ask that you move forward this morning.

Transcript of Hearing in the Jefferson County case February 21, 2019.

Affirmatively pleading, Judge Guynn also disclosed Marion Humphrey, a former circuit court judge and attorney for plaintiff Savannah Baker Case in the Baker Case, had represented Judge Guynn's sister in a family dispute.  *Id.* After both disclosures by Judge Guynn, the Adams Defendants in the Baker Case asked Judge Guynn to recuse himself because of an appearance of impropriety based on attorney Humphrey's relationship with and representation of Judge Guynn's sister.  *Id.* Believing he could be fair and impartial, Judge Guynn denied the

4898-8400-7601

motion to recuse. *Id.* Affirmatively pleading, Judge Guynn remained fair and impartial throughout the Baker Case.

14.    WLJ Defendants deny the allegations of paragraph 14 of the Complaint.

15.    WLJ Defendants deny the allegations of paragraph 15 of the Complaint. Affirmatively pleading, a lawsuit was filed against Plaintiffs in Faulkner County Circuit Court, and Plaintiffs' motion to dismiss was denied.

16.    WLJ Defendants admit Defendant Tommy Williams is a licensed Arkansas attorney who practices with Quattlebaum, Grooms and Tull PLLC but denies the remaining allegations of paragraph 16 of the Complaint.

17.    WLJ Defendants deny the allegations of paragraph 17 of the Complaint.

18.    WLJ Defendants did not participate in any ex parte communication and disagree with the term "immoral" (a better term would be "inappropriate" or "unethical"), lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint and therefore deny them.

19.    WLJ Defendants deny the allegations of paragraph 19 of the Complaint. See response infra.

20.    WLJ Defendants deny the allegations of paragraph 20 of the Complaint.

21.    WLJ Defendants admit Greg Stephens ("Stephens") was one of the lawyers for plaintiffs in the Baker Case and was one of the lawyers in one of the Luke Baker Estate cases filed in Faulkner County Circuit Court and denies the remaining allegations as written in paragraph 21 of the Complaint.

22.    WLJ Defendants admit Stephens was sanctioned by the Circuit Court of Faulkner County but deny the remaining allegations in paragraph 22 of the Complaint.

4898-8400-7601

23.     WLJ Defendants deny the allegations of paragraph 23 of the Complaint.

24.     WLJ Defendants admit their clients and others were sued in Jefferson County Circuit Court but deny the remaining allegations in paragraph 24 of the Complaint. Affirmatively pleading, defendants in the Baker Case did not allege Luke Baker died by suicide. Affirmatively pleading, the Baker Case was baseless, and Luke Baker died as a result of a self-inflicted gunshot.

25.     WLJ Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint and therefore deny them.

26.     WLJ Defendants admit the allegations some defendants in the Baker Case are identified in paragraph 26 of the Complaint and some of them reside in Faulkner County and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26 and therefore deny them.

27.     WLJ Defendants deny Brandon Adams personally owns the referenced real estate and lacks knowledge or information as to the remaining allegations in paragraph 27 of the Complaint.

28.     WLJ Defendants admit Prairie Wings South LLC and Prairie Wings Lodge, LLC are Arkansas entities (collectively, "Prairie Wings", Prairie Wings were named defendants in the Baker Case, Prairie Wings owns or has an interest in personal hunting and recreational real property in Jefferson County and Luke Baker died there, and deny the remaining allegations of paragraph 28 of the Complaint.

29.     WLJ Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint and therefore deny them. Affirmatively pleading, paragraph 29 is non-sensical.

4898-8400-7601

30.     WLJ Defendants admit Kerry Baker, surviving father, Savannah Baker Case, surviving sister and Gena Downey Baker, surviving mother are all adults and lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 of the Complaint and therefore deny them.

31.     WLJ Defendants admit Plaintiffs represented defendant Gena Baker in the Baker Case but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31 of the Complaint and therefore deny them.

32.     WLJ Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint as to what Plaintiffs believe and therefore deny them.  WLJ Defendants deny any remaining allegation in paragraph 32 of the Complaint, including with any subpart.

33.     WLJ Defendants deny the allegations of paragraph 33 of the Complaint. Affirmatively pleading, Plaintiffs and their ex-client did not appeal the Order sanctioning Plaintiffs and dismissing the case.  Other parties appealed resulting in the same Sanctions Order and a dismissal without prejudice.

34.     WLJ Defendants deny the allegations of paragraph 34 and footnote 2 (sic) of the Complaint.  Affirmatively pleading, defendants in Jefferson County did not claim Luke Baker died by suicide, but rather by an accidental self-inflicted gunshot wound to his head as the coroner and hospital personal determined and stated in the original death certificate.  Original Death Certificate.

35.     WLJ Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint and therefore deny them.

36.     WLJ Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and therefore deny them.

37.     WLJ Defendants deny the allegations of paragraph 37 of the Complaint.

38.     WLJ Defendants deny the allegations of paragraph 38 of the Complaint.

39.     WLJ Defendants deny the allegations of paragraph 39 of the Complaint. Transcript of hearing in the Jefferson Co. Cir. Ct., September 4, 2019.

40.     WLJ Defendants deny the allegations of paragraph 40 of the Complaint.

41.     WLJ Defendants deny the allegations of paragraph 41 of the Complaint.

42.     WLJ Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint and therefore deny them. Affirmatively pleading *See T*ranscript of hearing Jefferson Co. Cir. Ct., Feb. 21, 2019.  .

43.     WLJ Defendants deny the allegations of paragraph 43 of the Complaint.

44.     WLJ Defendants deny the allegations of paragraph 44 of the Complaint.

45.     WLJ Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint and therefore deny them.

46.     WLJ Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Complaint and therefore deny them. Affirmatively pleading, Plaintiffs waived any attorney client privilege with Gena Baker, and waived all purported conflicts with Judge Guynn.  *See*  Transcript of hearing Jefferson Co. Cir. Ct., Feb. 21, 2019 hearing.

47.     WLJ Defendants deny the allegations of paragraph 47 of the Complaint.

48.     WLJ Defendants deny the allegations of paragraph 48 of the Complaint.

49.     WLJ Defendants deny the allegations of paragraph 49 of the Complaint.

4898-8400-7601

50.    WLJ Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 50 of the Complaint and therefore deny them.

51.    WLJ Defendants deny the allegations of paragraph 51 of the Complaint.

52.    WLJ Defendants deny the allegations of paragraph 52 of the Complaint.

53.    WLJ Defendants deny the allegations of paragraph 53 of the Complaint.

54.    WLJ Defendants deny the allegations of paragraph 54 of the Complaint.

55.    WLJ Defendants deny the allegations of paragraph 55 of the Complaint.

56.    WLJ Defendants deny the allegations of paragraph 56 of the Complaint.

57.    WLJ Defendants deny the allegations of paragraph 57 of the Complaint.

58.    WLJ Defendants deny the allegations of paragraph 58 of the Complaint.

59.    WLJ Defendants deny the allegations of paragraph 59 of the Complaint.

60.    WLJ Defendants deny the allegations of paragraph 60 of the Complaint.

61.    WLJ Defendants deny the allegations of paragraph 61 of the Complaint.

62.    WLJ Defendants deny the allegations of paragraph 62 of the Complaint.

63.    WLJ Defendants deny the allegations of paragraph 63 of the Complaint.

64.    WLJ Defendants admit a hearing was held and Judge Guynn entered an Order with notice (Plaintiffs had withdrawn) for multiple reasons and deny the remaining allegations of paragraph 64 of the Complaint.

65.    WLJ Defendants deny the allegations of paragraph 65 of the Complaint.

66.    WLJ Defendants admit Judge Guynn signed an order but deny the remaining allegations of paragraph 66 of the Complaint.

67.    WLJ Defendants admit Plaintiff Sutter sought to intervene in the Baker Case, a response was filed by defendants and a reply was filed by Plaintiff, but lack knowledge or

4898-8400-7601

information sufficient to form a belief about the truth of the remaining allegations in paragraph 67 of the Complaint and therefore deny them.  Affirmatively pleading, no appeal was taken from the order denying the motion to intervene, and the order is final as to Plaintiffs and their ex-client, and any attack is barred by res judicata and collateral estoppel.

68.     WLJ Defendants deny the allegations of paragraph 68 of the Complaint.

69.     WLJ Defendants admit Judge Guynn denied the motion to intervene and deny the remaining allegations of paragraph 69 of the Complaint.

70.     WLJ Defendants admit they filed a complaint in Faulkner County but deny the remaining allegations of paragraph 70 of the Complaint.  Affirmatively pleading, the allegations as to Defendant Neely are taken out of context.

71.     WLJ Defendants lack knowledge or information sufficient to form a belief about what defendants in the Faulkner County case will argue and therefore deny them and deny all remaining allegations of paragraph 71 of the Complaint.

72.     WLJ Defendants admit Chris Burks as attorney for David Westbrook ("Westbrook") filed a counterclaim against Plaintiffs but deny the remaining allegations of paragraph 72 of the Complaint.  Affirmatively pleading, a summary judgment was granted in the referenced case on Westbrook's counterclaim because Westbrook did not produce an expert; however, no decision was made on the merits of the complaint against Westbrook.

73.     WLJ Defendants deny the allegations of paragraph 73 of the Complaint.

74.     WLJ Defendants admit the law firm places ads in Arkansas Business, lack knowledge or information sufficient to form a belief about what relationships Plaintiffs have and therefore deny them, and deny the remaining allegations of paragraph 74 of the Complaint.

75.     WLJ Defendants deny the allegations of paragraph 75 of the Complaint.

4898-8400-7601

76. WLJ Defendants deny the allegations of paragraph 76 of the Complaint.

77. WLJ Defendants admit Jacob Sutter participated with Plaintiffs in Plaintiff Sutter taking a deposition of the coroner and lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 77 of the Complaint and therefore deny them.

78. WLJ Defendants admit a FOIA request was served on the University of Arkansas, lack knowledge or information sufficient to form a belief as to the lost allegation and therefore deny it and deny the remaining allegations of paragraph 78 of the Complaint.

79. WLJ Defendants deny the allegations of paragraph 79 of the Complaint.

80. WLJ Defendants deny the allegations of paragraph 80 of the Complaint.

81. WLJ Defendants deny the allegations of paragraph 81 of the Complaint.

82. Count dismissed. No response required. For the record denied.

83. Count dismissed. No response required. For the record denied.

84. Count dismissed. No response required. For the record denied.

85. Count dismissed. No response required. For the record denied.

86. Count dismissed. No response required. For the record denied.

87. Count dismissed. No response required. For the record denied.

88. Count dismissed. No response required. For the record denied.

89. WLJ Defendants restate all previous responses as if set forth here.

90. WLJ Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 90 of the Complaint and therefore deny them. Affirmatively pleading, Plaintiffs gave up their contract and property right, swore along with their former client they had a conflict of interest and could not handle the purported contract and withdrew. The Court dismissed Plaintiffs' former client's claims, and the Order is final.

4898-8400-7601

91. WLJ Defendants deny the allegations of paragraph 91 of the Complaint.

92. WLJ Defendants deny the allegations of paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint is a statement of law to which no response is required. To the extent a response is required, WLJ Defendants deny the allegations of paragraph 93 of the Complaint. Affirmatively pleading, WLJ has not acted under color of state law and Plaintiffs have not been deprived of any constitutional rights.

94. WLJ Defendants deny the allegations of paragraph 94 of the Complaint.

95. WLJ Defendants deny the allegations of paragraph 95 of the Complaint.

96. Part of paragraph 96 of the Complaint is a statement of law to which no response is required. To the extent a response is required, WLJ Defendants deny the allegations of paragraph 96 of the Complaint as they relate to Plaintiffs and affirmatively plead WLJ Defendants were not "participants" in any "joint action with the State or its agents."

97. WLJ Defendants deny the allegations of paragraph 97 of the Complaint.

98. WLJ Defendants deny the allegations of paragraph 98 of the Complaint.

99. WLJ Defendants deny the allegations of paragraph 99 of the Complaint.

100. WLJ Defendants deny the allegations of paragraph 100 of the Complaint.

101. Paragraph 101 of the Complaint is a statement of law to which no response is required. To the extent a response is required, WLJ Defendants deny the allegations of paragraph 101 of the Complaint.

102. Paragraph 102 of the Complaint is a statement of law to which no response is required. To the extent a response is required, WLJ Defendants deny the allegations of paragraph 102 of the Complaint.

103.    Part of paragraph 103 of the Complaint is a statement of law to which no response is required.  To the extent a response is required, WLJ Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 103 of the Complaint and therefore deny them.

104.    WLJ Defendants deny the allegations of paragraph 104 of the Complaint.

105.    WLJ Defendants deny the allegations of paragraph 105 of the Complaint.

106.    Paragraph 106 of the Complaint is a statement of law to which no response is required.  To the extent a response is required, WLJ Defendants deny the allegations of paragraph 106 of the Complaint.

107.    WLJ Defendants deny the allegations of paragraph 107 of the Complaint.

108.    WLJ Defendants deny the allegations of paragraph 108 of the Complaint,

109.    WLJ Defendants incorporate by reference their response to the allegations of paragraph 102 of the Complaint here.

110.    WLJ Defendants deny the allegations of paragraph 110 of the Complaint.

111.    Paragraph 111 of the Complaint is a statement of law to which no response is required.  To the extent a response is required, WLJ Defendants deny the allegations of paragraph 111 of the Complaint.

112.    Paragraph 112 of the Complaint is a statement of law to which no response is required.  To the extent a response is required, WLJ Defendants deny the allegations of paragraph 112 of the Complaint.

113.    Parts of paragraph 113 of the Complaint are statements of law to which no response is required.  To the extent a response is required, WLJ Defendants deny the allegations of paragraph 113 of the Complaint.

114.    Paragraph 114 of the Complaint is a statement of law to which no response is required.  To the extent a response is required, WLJ Defendants deny the allegations of paragraph 114 of the Complaint.

115.    WLJ Defendants deny the allegations of paragraph 115 of the Complaint.

116.    Claim dismissed.  No response required.  If a response is required, WLJ Defendants deny the allegations of paragraph 116 of the Complaint.

117.    WLJ Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation Plaintiffs cannot practice law in other states as alleged in paragraph 117 of the Complaint and therefore deny those allegations.  WLJ Defendants deny they "filed a frivolous Complaint against the Plaintiffs with the Committee on Professional Conduct."  WLJ Defendants admit Judge Guynn's Order was sent to the OPC.

118.    WLJ Defendants deny the allegations of paragraph 118 of the Complaint. Affirmatively pleading, see previously stated defense as to the Westbrook counterclaim.

119.    WLJ Defendants deny the allegations of paragraph 119 of the Complaint.

120.    WLJ Defendants restate all previous responses as if set forth here.

121.    WLJ Defendants deny the allegations of paragraph 121 of the Complaint.

122.    WLJ Defendants deny the allegations of paragraph 122 of the Complaint.

123.    WLJ Defendants deny the allegations of paragraph 123 of the Complaint.

124.    WLJ Defendants deny the allegations of paragraph 124 of the Complaint.

125.    WLJ Defendants deny the allegations of paragraph 125 of the Complaint.

126.    WLJ Defendants deny the allegations of paragraph 126 of the Complaint.

127.    WLJ Defendants restate all previous responses as if set forth here.

128.    WLJ Defendants deny the allegations of paragraph 128 of the Complaint.

4898-8400-7601

129.    Claim dismissed.  No response required.  For the record, denied.

130.    Count dismissed except to Gena Baker.  WLJ Defendants deny the allegations of paragraph 130 of the Complaint as to Gena Baker.  Affirmatively pleading, see response to paragraph 90 incorporated herein by reference.

131.    WLJ Defendants deny the allegations of paragraph 131 of the Complaint.

132.    Count dismissed.  No response required.  For the record, denied.

133.    Count dismissed.  No response required.  For the record, denied.

134.    Count dismissed.  No response required.   For the record, denied.

135.    Count dismissed.  No response required.  For the record, denied.

136.    Count dismissed.  No response required.  For the record, denied.

137.    Count dismissed.  No response required.  For the record, denied.

138.    Count dismissed.  No response required.  For the record, denied.

139.    Count dismissed.  No response required.  For the record, denied.

140.    Count dismissed.  No response required.  For the record, denied.

141.    Count dismissed.  No response required.  For the record, denied.

142.    Count dismissed.  No response required.  For the record, denied.

143.    Count dismissed.  No response required.  For the record, denied.

144.    Count dismissed.  No response required.  For the record, denied.

145.    Count dismissed.  No response required.  For the record, denied.

146.    Count dismissed.  No response required.  For the record, denied.

147.    Count dismissed.  No response required.  For the record, denied.

148.    Count dismissed.  No response required.  For the record, denied.

149.    Count dismissed.  No response required.  For the record, denied.

4898-8400-7601

150.    Count dismissed.  No response required.  For the record, denied.

151.    Count dismissed.  No response required.  For the record, denied.

152.    Count dismissed.  No response required.  For the record, denied.

153.    Count dismissed.  No response required.  For the record, denied.

154.    Count dismissed.  No response required.  For the record, denied.

155.    WLJ Defendants deny any remaining claim warrants a trial by jury.

156.    WLJ Defendants deny Plaintiffs are entitled to the relief sought in the WHEREFORE paragraph of the Complaint.

157.    WLJ Defendants deny all allegations not specifically admitted.

158.    Affirmatively pleading, all exhibits attached to the Complaint speak for themselves and to the extent Plaintiffs have misstated the exhibits or taken them out of context, WLJ Defendants deny the allegations.

159.    Affirmatively pleading, the imposition of punitive damages against the WLJ Defendants would violate its constitutional rights under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United State, the excessive fines clause in the Eighth Amendment to the Constitution of the United State, the double jeopardy clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Arkansas constitution and/or the common law and public policies in Arkansas, and/or applicable statutes and court rules, in the circumstances of this litigation, including but not limited to, the following reasons:

   a.    Imposition of such punitive or exemplary damages by a jury which (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of such punitive or exemplary

damages award, (2) is not adequately and clearly instructed on the limits on punitive or exemplary damages imposed by the principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive or exemplary damages or determining the amount thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive or exemplary damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive and exemplary damages permissible, and (5) is not subject to trial court appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

b.  Imposition of punitive damages and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

c.  Imposition of punitive damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

d.  Imposition of punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability has been found on the merits;

4898-8400-7601

e.  Imposition of punitive damages, and determination of the amount of an award thereof, under state law subject to no predetermined limit, such as a maximum multiple of compensatory damages or maximum amount; and/or

f.  Imposition of punitive damages, and determination of the amount of an award thereof may subject the WLJ Defendants to impermissible multiple punishment for the same alleged wrong.

160.  Affirmatively pleading, punitive damages are not allowed as against attorneys serving as counsel to the Adams Defendants in the Baker Case.

161.  Affirmatively pleading, estoppel, fraud, and illegality apply.  *See* Amended Complaint, Faulkner Co. Cir. Ct., case no 23CV-21-403  incorporated herein by reference.

162.  Affirmatively pleading, on February 21, 2019, at a hearing, Judge Guynn *sua sponte* raised, disclosed and discussed on the record in both open court and in chambers two facts – that Efrem Neely any attorney for the Adams defendants was a former partner of his and Marion Humphrey an attorney for plaintiff Savannah Baker Case represented Judge Guynn's sister in a matter.  "And so I want to make sure that everything was out in the open. If anybody had any problem with it, this would be the time to address it."  Judge Guynn further disclosed he had "been knowing Judge Humphrey for some years.  He knows my family."  Further stating, "I do have a duty to make sure I be impartial and fair.  That's why I told everybody. But I don't think that would have any bearings going forward on this trial.  But I wanted everybody to know, for y'all to know.  You can relay it to your clients.  I am not going anywhere.  But – but I wanted them to know.  But Judge, Luther, Efrem, it' just work to me …

But I'll make sure I'll be fair to both sides." *See* Transcript of hearing Jefferson Co. Cir. Ct., Feb. 21, 2019 hearing, pp. 1-3, 10-35, 257.

163. Affirmatively pleading, based on Marion Humphrey's representation of Judge Guynn's sister, the Adams Defendants asked Judge Guynn to recuse from hearing the case. *Id.*

164. Affirmatively pleading, the plaintiffs in the Baker Case and their attorneys – Sutter, Gillham, Stephens and Humphrey – did not want Judge Guynn to recuse himself. *Id.*

165. Affirmatively pleading, Judge Guynn declined to recuse himself at the Adams Defendants' request, finding that he could be fair and impartial.

166. Affirmatively pleading, Judge Guynn was fair and impartial in making decisions in and judging the Baker Case.

167. Affirmative pleading, Plaintiffs failed to mitigate damages

168. Affirmative pleading, any damage suffered by Plaintiffs were caused by their own acts and omissions or the acts or omissions of third parties under the control of Plaintiffs or 3rd parties over whom WLJ Defendants had no control.

169. Affirmative pleading, Plaintiffs have waived all claims based upon their own conduct.

170. Affirmative pleading, WLJ Defendants did not proximately cause any damage to Plaintiffs.

171. Affirmative pleading, Plaintiffs voluntarily withdrew in the Baker Case.   Motion to Withdraw filed Feb. 6, 2020 Jefferson Co. Cir. Ct.

172. Affirmatively pleading, because of their motion to voluntarily withdraw in the Baker Case, Plaintiffs are not entitled to any damages from WLJ Defendants, Plaintiffs themselves voluntarily gave up any rights to their engagement with Gena Baker.

4898-8400-7601

173.    Affirmatively pleading, Plaintiffs filed a Sworn Motion to Withdraw they had a conflict of interest and could not represent Gena Baker.  Plaintiffs are now estopped from claiming damages for tortious interference with that engagement contract.  *See* Motion to Withdraw filed Feb. 6, 2020 Jefferson Co. Cir. Ct.

174.    Affirmatively pleading, Plaintiffs admit and allege in this case their client in the Baker Case, Gena Baker, "was not the real party in interest" in the Baker Case and no right to any independent recovery separate and apart from whatever right she had as a beneficiary of the Estate.  *See* Response to Defendants' Supplemental Brief in Support of Motion to Dismiss, Doc. 71, Oct 29, 2025, pg. 2.  Further, Plaintiffs admit their complaint for Gena Baker in the Baker case was "unnecessary."  *Id.*

175.    Affirmatively pleading, WLJ Defendants did not defame Plaintiffs.

176.    Affirmatively pleading, statements made in pleadings in the context of litigation are not actionable, and Plaintiffs' quotes taken from pleadings filed by WLJ Defendants are not actionable.

177.    Affirmatively pleading, Judge Guynn made rulings on which WLJ Defendants were entitled to rely.  Order Dismissing Baker Case with Prejudice June 22, 2021; Order Dismissing Baker Case Without Prejudice October 25, 2025.

178.     Affirmatively pleading, the litigation privilege or litigation immunity bars all of Plaintiffs claims against the WLJ Defendants.

179.    Affirmatively pleading, Plaintiffs' claim and/or claims of any supposedly similarly situated individual are barred, in whole or in part, because they fail to state a claim upon which relief can be granted; therefore, said claims should be dismissed pursuant to Rule 12(b)(6), Rule 12(c), or both.

4898-8400-7601

180. Affirmatively pleading, Plaintiffs' claims are barred, in whole or in part, because any allegedly defamatory statements made by Defendant are protected by litigation privilege.

181. Affirmatively pleading, Plaintiffs' defamation claims are barred, in whole or in part, because any allegedly defamatory statements were true or substantially true. Truth is an absolute defense to defamation, and Plaintiffs cannot establish falsity, an essential element of their claims. Because the alleged statements accurately reflected the underlying facts or were substantially true in all material respects, Plaintiffs' defamation claims fail as a matter of law and should be dismissed with prejudice.

182. Affirmatively pleading, Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, res judicate, and/or unclean hands.

183. Affirmatively pleading, Plaintiffs' claims under 42 U.S.C. § 1983 are barred, in whole or in part, because the Complaint fails to allege facts sufficient to establish the deprivation of a right secured by the Constitution or laws of the United States. Plaintiffs' allegations are not factual in nature, they are merely conclusory in nature. Specifically, no facts are alleged to support the § 1983 claim against each individual WLJ Defendant.

184. Affirmatively pleading, plaintiffs' § 1983 conspiracy claim is barred, in whole or in part, because the Complaint fails to allege facts establishing the existence of any agreement or concerted action among each of the WLJ Defendants and non-parties to violate Plaintiffs' constitutional rights. Mere parallel conduct, conclusory assertions, or speculation about coordinated activity are insufficient to state or prove a conspiracy under § 1983.

185. Affirmatively pleading, plaintiffs' § 1983 conspiracy claim is barred, in whole or in part, because Plaintiffs fail to allege with particularity such material facts as to show there was a meeting of the minds, an agreement, and a specific goal all established between alleged

4898-8400-7601

conspirators.  Plaintiff failed to allege facts against each WLJ Defendant and non-party alleged conspirators.

186.   Affirmatively pleading, Plaintiffs' § 1983 conspiracy claim is barred, in whole or in part, because WLJ Defendants are protected by qualified immunity.

187.   Affirmatively pleading, Plaintiffs' claim of civil conspiracy fail as Plaintiff did not plead WLJ Defendants had specific intent to accomplish the alleged contemplated wrongs.

188.   Affirmatively pleading, Plaintiffs' claims for tortious interference with contract are barred, in whole or in part, because no legally protectable business relationship existed at the time of the alleged conduct with which WLJ Defendants could have interfered.  Gena Baker's claims were dismissed, no appeal was filed and the Order of Dismissal is final and represents res judicata.

189.   Affirmatively pleading, Plaintiffs' claims for tortious interference with contract are barred, in whole or in part, under the legal justification theory no liability for interference attaches when any alleged interference with a prospective contractual relation resulted from WLJ Defendants providing truthful information.  *See, e.g. David L. Aldridge Co. v. Microsoft Corp.*, 995 F. Supp. 728, 742 (S.D. Tex. 1998) ("The affirmative defense of legal justification protects a defendant who provides truthful information about a plaintiff to third parties.").

190.   Affirmatively pleading, Plaintiffs' claims and/or claims or any supposedly similarly situated individual are barred, in whole or in part, by additional affirmative defenses that may arise during these proceedings.

191.   WLJ Defendants adopt the affirmative defenses of other parties and defenses asserted or maintained by any party at any time in this proceeding.

4898-8400-7601

WHEREFORE, WLJ Defendants pray for the entry of an order dismissing the Complaint with prejudice and granting all further relief, both general and special, as mandated by the premises and as justice requires.

Respectfully submitted, this 1st day of June 2026.

<div style="margin-left:50%;">

*s/ Sam Berry Blair*

**SAM BERRY BLAIR**
Tennessee Bar No. 10375
*Admitted E.D.A.R.*
sblair@bakerdonelson.com

**ZACHARY B. BUSEY**
Arkansas Bar No. 2016223
zbusey@bakerdonelson.com

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

***Attorneys for WLJ Defendants***

</div>

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

So certified, this 1st day of June 2026.

<div style="margin-left:50%;">

*s/ Sam Berry Blair*

**SAM BERRY BLAIR**

</div>

4898-8400-7601